

JUN 1 2 2017

CLERK

## UNITED STATES DISTRICT COURT DISTRICT
## EASTERN DISTRICT COURT OF VIRGINIA
## (ALEXANDRIA DIVISION)

------------------------------------

Andrew Chien: Pro Se Plaintiff
-against-
Defendants:
Commonwealth of VA, Mark R Herring
Chesterfield County, Karl S. Leonard
Frederick G. Rockwell III
Judy L Worthington, Mary E Craze
Wendy S Hughes, Donald W Lemons
Glen A Huff, W. Allan Sharrett

CIVIL ACTION NO:

1:17cv677-LO-TCB

June 6, 2017

Jury-trial required

------------------------------------

# COMPLAINT

## CONTENTS                                                    Pages

Authorities ........................................................................................... 3

I.  Summary of Action................................................................. 9

II. Parties  ................................................................................. 20

III. Jurisdiction and Venue  ..................................................... 22

IV. Brief of The Case ................................................................22

Part A. F-Compl was Racketeering and Conspiracy 11…30 ........................22

Part B. Abused Due Process by Conspiracy and Corruption....................30

Part C. VA Debt Collection was Racketeering and Conspiracy ...... 35

Part D. Chien is Secret Prisoner & None of Grogan Orders
         Qualifies as Court Order ..................................................... 43

Part E. During Chien's Bankruptcy in CT, Grogan Interrupted
        Justice, Tolerated by Judge Rockwell, and Justice Lemons......45

Part F. Grogan Impersonating as a Judge on 5/7/14....................................47

Part G. Conspiracy to Make Various False Documents Including
        Forgery Stock Certificate, Laundering Cash in Connecticut........48

Part H. Mr. Clark Controlled & Ghostwrote Grogan Orders ……….  59

Part I. Corrupted Operation by Sheriff Leonard ...................... 64

Part J. VA Court of Appeals Abused Concept of Civil-Court
    Contempt.................................................................................................................. 65

Part K. Defendant Commonwealth at Mr. Clark's
    Misrepresentation to Sanction at Chien................................................ 71

Part L. Clerks Perjured Chien's Incarceration Records...................... ..79

Part M. VA Supreme Court Infringed Chien's Civil Right..................... 84

V. Standard and Argument................................................................................ 87

Part A. Racketeering under Parallel Jurisdiction Controlled by
    Private Lawyers by Using Excuse of Civil Court Contempt.....87

Part B. Offenses of "18USC §241 & §242" ..................................................93

Part C. Various Felony Offenses Under Chien's False
    Imprisonment .......................................................................................... 95

Part D. More Offenses under "18USC §1961, §1962" .......................................96

Part E. Chien was a Secret Inmate in VA .................................................. 100

Part F. Violated Due Process Under Case Cl. 12-485 ......................... 103

Part G. Violated Due Process During Incarceration ........................... 105

Part H. Civil Right Violation under "42USC §1983" ........................... 108

VI. Causes of Action ...................................................................................... 111

Part A. Counts Against Defendant Karl S. Lenard..............................111

Part B. Counts Against Defendant Judy L Worthington............................112

Part C. Counts Against Defendant Mary E Craze............................................ 114

Part D. Counts Against Defendant Wendy S Hughes....................................... 114

Part E. Counts Against Defendant Frederick G. Rockwell III.........116

Part F. Counts Against Defendant Glen A Huff............................................. 117

Part G. Counts Against Defendant Donald W Lemons................................... 118

Part H. Counts Against Defendant W. Allan Sharrett................................118

Part I. Counts vs Defendant Attorney General Mark R Herring......119

Part J. Counts Against Defendant Commonwealth of VA.............................120

Part K. Counts Against Defendant Chesterfield County......................... 122

    VII. Relief

Part A. Jury Trial Required...........................................................................   123

Part B. Declaratory Relief Against Judges..........................................  123

Part C. Equity Award Against Other Defendants...........................................124

## Authorities

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986))................   72

Baugh,14 VA. App. At 374, 417S.E.2d, p.895. ............................................   91

Bloom v. Illinois, 391 U.S. (1968) .................................................................90,91

Hyland v. Raytheon Tech. Servs. Co., 277 Va.(2009) .............................103

Carter v.Commonwealth, 2 VA.App.392,396; S.E.2d5,7(1986)..............89

Chevron Corporation vs. Steven Donziger et al, 1:11-cv-00691
(LAK/JCF), Hon. Kaplan's "Opinion" of 3/4/14 ............................................ 99

Gompers v. Bucks Stove & Range Co., 221 U.S. 418 (1911)................110

Griffin v. Maryland, 378 U.S. 130 (1964) ............................................... 94

Judith P. v. Superior Court (2002) ............................................................ 105

Kilbourn v. Thompson 103 U.S(1880) ......................................................... 88

Napue v. Illinois, 360 U.S. 264 (1959) ................................................................104

Owen v. City of Independence, 445 US.622(1980) ......................................109

Pulliam v. Allen, 466 U.S. 528-543.............................................. 108,109

Robertson, 181 Va. at 537, 25 S.E.2d at 359..............................................90

Tennessee v. Lane, 541 U.S. 509 (2004) .................................................... 33

United States v. Price, 383 U.S. 787 (1966) ........................................ 94,95

Williams v. Garraghty, 249 Va. 224 (1995) ……………………………………………103

Younger v. Gilmore, 404 US. 15. Pp. 430 U. S. 821-833. …………… 106

## Constitution & US Codes

Article III ……………………………………………………………………………………………………………88

Amendment First ……………………………………………………………………………………………… 104

Amend IV   ……………………………………………………………………………………… 61,87,114,144

Amend V ……………………………………………………………………………………………………………14,36

Amend VI   Right for Attorney ……………42,44,66,71,85,87,110,118,124

Amend XIII   …Cruelty Treatment………………………………………… …………… 17,112

Amend XIV   Due Process Clause   ……………………………33,66,71,85,87,118,124

Rule 42. Fed. R of Criminal Proc. ……………………………………………… …………… 91

Rules 9020 Contempt Proceedings(Notes of Advisory Commit.)46,107

Securities Exchange Act of 1934, Section 13(a), 14(a)(1),
   14(d)(1),14(e),14(i), 14A(b)(1)&(2), 14(B), 16(a)……10,11,40,41

17CFR 240.13d & 14f & 16a   ……………………………………………………………… 39,40

10USC §921-Art.121- Larceny………………………………………………………… 52

11USC §301(b), §302(c) and §362(a) Automatic Stay ………………………… 46

11USC §503(c)(1)(A) Executive compensation …………………………………… 12

11USC §521 Full disclosure under bankruptcy ……………………………… 12

18USC §157 or §1519 False Records in Bankruptcy Fraud ………………10

18USC §241 & §242 Conspiracy, Depriving Right………………………………………
   ……………………………… 94,95,105,112,114-116,118,119,120,123,124

18USC §513 Make, own forged security…………………………………………………48

18USC §1001: False Statement ………………………………………………………………… 12

18USC §1201-Kidnapping………………………………………………………………………………95

18USC §1341 & §1343: Mail& Wire Fraud ……………………………… 58,93

18USC ¶1348 Securities Fraud…………………………………………………………………… 12

18USC §1350 false certificates to SEC…………………………………………… 12

18USC §1509: Interrupt of justice …………………………………………………… 46

18USC §1512 & 1513: Retaliation………………………………… 23,53,57,93,97,98

18USC §1951: Interference of Interstate Commerce…………………50,58,93

18USC § 1952: Interstate Transportation to Racketeering …… 50,58

18USC §1956 & §1957:  Laundering of Money…………………………………………  93

18USC §1959(a)(4): Aid to RICO…………………………………………113,114,115,116

18USC §1961: Definition of Racketeering…… 8,13,23,43,93,96,97,99

18USC §1962:  Prohibited Activities……………………………………………………  8

18USC §1965: Venue and Process……………………………………………………. 22

18USC §2314: Transfer of stolen securities, money………………………… 93

18USC §2315: Sale of receipt of stolen securities ……………………………93

28USC §1331: Jurisdiction for federal question………………………………22

42USC 1981: Equal under law…………………………………………………………… 8,76,80,117

42USC 1982: Right of Property…………………………………………………………………8

42USC 1983: Civil Right   ………………………………8,109,110,112,117,120,122

Virginia Acts of Assembly & Virginia Codes

Chapter 781, Item 70 B  ……………………………………………………………………… 102

§8.01-262.5(a): Collecting venue in property located……………… 14

§8.01-247 Contract by law of another state, barred in VA……… 32

§8.01-428D. Independent Actions……………………………………………………… 77

§8.01-506C: Criminal for False Certif... 14,15,35,36,61,89,92,117

§8.01-506D&E:Commissioner reports; Venue convenient debtor..14,35

§8.01-507& 507.1   Commissioner reports for sale.. 57,58,89,117

Code §8.01-508: Debt Interrogatories .................................................69,70

§8.01-509:  Debtor Property Sale by the Court..... 57,58,64,89,117

§8.01-607: Motion or Referred to Commissioner...................15,61,89,117

§8.01-609: Commissioner follows Rules of Court................. 59,89,117

§8.01-612: Imprison punish solely by the Court...................... 89,117

§8.01-615: The Court Determines Property Sale...... 57,58,64,89,117

§13.1-654.A: Elect Director Annually................................................... 11

§13.1-655.A.1: Chairman directly calls shareholder meeting......... 25

§15.2-836: Department of Enforcement (county attorney) ... 80,117

§16.1-69.40: Clerk power and duty..............................................80,114,116

§17.1-123: Order recorded on the same day of signing.....59,114,116

§17.1-206: Order being produced in the Courthouse...........59, 114,116

§17.1-214: Sheriff took orders from Process Book.........80,81,114,116

§17.1-215: Accuracy of Process Book..............................................80,81,114,116

§17.1-513 - Jurisdiction of circuit courts....................................... 89

§18.2-7. Criminal Act not to merge civil................................... 18,117

§18.2-48 Abduction and Kidnapping.................................. 43,95,96

§18.2-59: Extortion for Money...........................................................43,95,96

§18.2-95: Grand Larceny..........................................................................  24,96

§18.2-111 Embezzlement deemed larceny .................................................24,96

§18.2-174: Impersonating of Law-enforcement Officer ...............48,115

§18.2-186B: At false statement to obtain property................        54

§18.2-434&435: Perjury at Conflicted testimony at same issue… 69

§18.2-441 Receiving Bribes by, commissioners, Felony................        96

§18.2-457 Up to 10 day in jail w/contempt 42,68,72,85,91,101,118

§18.2-460: Obstruction of justice........................................................ 36

§18.2-472: Tampering court records............ 36,84,112,113,114,115,116

§18.2-499 & 500: Triple award to business damage................................24,29

§19.2-11 Court contempt will be served personally..........................64,116

§19.2-120A Accused of Count-contempt will be to bail............................60

§19.2-120F Appeal right will be informed in the order........................ 60

§19.2-237 misdemeanor process issued immediately   ........................        68

§19.2-242,243 discharged from jail if not indicted in Time......... 68

§53.1-20.1 Government can't cover the incarceration costs of
          those over 1 year without sentence...................................... 20,102

§53.1-187  Credit for time spent in confinement....................................        68

§54.1-3934 Revocation of License By Board.......................................................... 83

## Rules of Virginia Supreme Court

Rule 1:1 Final Judgment Recorded on the Issued Day…59,79,114,116

Rule 3:2(a) File a Complaint..................................................................................59

Rule 3:8(a) within 21 days for reply ............................................... 31,32

Rule 3:18(a) Motion should be in writing.................................................59

Rule 3:21(b) Notice for hearing for ten days' gap........................30,105

Rule 5:4(b) Order serves parties promptly ...................................... 60,64,79

## COMPLAINT

Plaintiff Andrew Chien ("Chien"), appearing as pro se, filed the Complaint following the facts and belief to allege acts of Racketeer Influenced and Corrupt Organization ("RICO"), "18USC §§1961-1968", Civil Right Violation "42USC §§1981-1983", and corruption, and conspiracy against Commonwealth of Virginia ("Commonwealth"); Chesterfield County ("Chesterfield"); Karl S. Leonard ("Leonard"); Judy L Worthington ("Worthington"); Mary E Craze ("Craze"); Wendy S Hughes("Hughes"); for the aiding, betting, or directly engaging false arrest, and false and secret imprisonment for ransom, extortion of Chien for 1146 days (near three years and two months), which was instigated, and conspired by private lawyers Andrew K Clark ("Mr. Clark"),and other attorneys of LeClairRyan, and Willian K Grogan ("Grogan"), Commissioner in Chancery of Chesterfield Circuit Court, (note: those private lawyers are in different lawsuits already).

This complaint also is against Judge Frederick G. Rockwell III ("Rockwell"), Attorney General Mark R Herring ("AG Herring"), Chief Justice Donald W Lemons ("Justice Lemons"), Chief Judge Glen A Huff ("Hon. Huff"), Chief Judge W. Allan Sharrett ("Hon. Sharrett") for violation of "42USC §1981-1983" and gross-negligence at the corruption of the judicial system at either their own jobs or the employees' jobs.

8

## I.  **Summary of the Action**

1. Chien is a self-employed financial consultant, Chairman/ Founder of China Bull Management, a public listed company with trading ticker: CHBM. One of Chien's service is for companies to do form filings at website of US Securities and Exchange Commission ("SEC").  The conflict between Chien and Richard J Freer("Freer"), a client of lawyers of LeClairRran, generated from the event that a small VA public company called Commonwealth Biotechnologies Inc.("CBI"), went into bankruptcy of Chapter 11, and fully liquidation between 1/20/11 and 11/12/13 for two years and ten months, under full control of Freer. However, the Chairman and largest shareholder of CBI, was Bill Guo, a Chinese investor living in Beijing China. Bill Guo hired Chien, acting as a SEC form filing agency and shareholder meeting manager of CBI in March 2011, to get rid of Freer as officer because Freer engaged embezzlement. Chien joined CBI Chapter 11, as shareholder, and representative of creditor Fornova, and a bidder of CBI's assets for his other client.

2. On 2/3/11, Freer, under oath of penalty in the Bankruptcy Court, filed "Summary of Schedules", and fabricated his pre-petition unpaid compensation for $211,019, later adjusted to $158,519, in which it included a fabricated unpaid stock option of $52,500, and unpaid cash of $97,582 of total salary of

9

$222,097 of year 2010 (under disguise, Freer didn't identify exact the year with unpaid salary on 2/3/11), which was offended "18USC §157 & §1519", by making false records in the bankruptcy court for unjust enrichment. CBI was a public company, and her financial statements, including Freer's compensation, should be audited, and published. In later submitted CBI's form 10-K for year 2010, and 2011, CBI reported Freer's salary for 2010 was $124,515, fully paid in 2010.  As for the stock options, which were valueless from CBI's stock price collapsed to $0.02 /share from the peak of $20/share, Freer didn't want to exercise these options, because the exercised price in options was higher than that of the market price. Freer's claim on 2/3/11 was false.

3. Freer's compensation in CBI had epic downward until null, due to CBI's deteriorated financial performance. In 2007, CBI had revenue over $7.6 million and shareholder equity nearly $10 million; but in 2011, CBI had zero revenue and negative equity for shareholders. Due to "17CFR 229.402" and Sec.14(i) of Securities Exchange Act of 1934 as Amendment ("Exchange Act"), CBI in annual proxy should disclose

> "the relationship between executive compensation actually paid and the financial performance of the issuer, taking into account any change in the value of the shares of stock…"

In 10-K of CBI for year 2008, CBI reported it already adapted the law to adjust payment to officers tied with

financial performance of CBI. This is the reason that Freer's

salary consistently went down before CBI's chapter 11, which has

no any cause by Chien.

4. There was dispute between Bill Gao and Freer regarding

who controlled the CBI operation. Bill Guo, intended through CBI

2010 shareholder meeting, to remove Freer as director and to

prohibit Freer from embezzling, with his proposal approved by

SEC on 1/14/11. But, Freer rejected to call shareholder meeting.

Then Bill Guo hired Chien as CBI agency for both making Edgar

filing and directly calling shareholder meeting in March of

2011, and disclosed Freer's embezzlement in Chapter 11 process,

which caused Freer's panic. The shareholder meeting was going

very well, with about 1/3 outstanding shares to join the

electronic votes, and over 98% voted shares to elect Bill Guo as

the only director of CBI. But Freer conspired with his counsel

to cancel the meeting by violating both VA Code "§13.1-654.A"

and "Section 14 Proxy" of Exchange Act, in making a news release

on 3/15/11 to illegally dispose Bill Guo as director of CBI,

which was rejected by SEC. Because Freer' act was without any

SEC filing, and violated the rule that director was elected by

shareholder meeting, not disposed by other directors'

preference.  Later, Freer illegally used Bill Guo's name as

director at the signature pages of Form 10-K of CBI for year

11

2010, 2011, and 2012 without permission, committed additional perjury, or offended "18USC § 1001 False Statement to SEC", "18USC §1348(1)&(2)": to defraud persons of securities, and making fraudulent pretenses, representations"; and "18USC §1350 officer willful made false certificate to SEC".

5. During CBI's Chapter 11, Freer's salary was dominated by the Credit Committee of the Bankruptcy Court, following "11USC §503(C)(1)(A)", which has limited allowance of administrative expenses. Freer must fully disclose his all claims in compensation, or income which relative to CBI's activity, either of past, current, or future, from all sources other than CBI, in the Bankruptcy Court, due to "11USC §521". Because Freer's salary was part of liability of the assets of CBI, with lower priority than secured credit for payment. Then, if Freer had future compensation payment from third party due to lawsuit, that payment was CBI's assets too, and Freer should disclosed it to the Bankruptcy Court, but he didn't.

Due to CBI had no operation, and Freer's employment contract expired in December of 2011. **The bankruptcy court changed Freer's employment from full-time to part-time consultant with payment cut to half** beginning from January of 2012. Even the consultant fee, together with his false claimed pre-petition unpaid compensation, was delayed paying on 4/17/13 when CBI was

12

fully liquidation. After April of 2013, **Freer was paid zero** even

the Chapter 11 was officially closed in November of 2013,

because **CBI no longer had any asset left** for any payment. There

was no any cause by Chien.

However, Chien helped CBI in published 8-K dated 3/9/11 and

3/11/11 to disclose Freer's false claim dated 2/3/11, and

periodically attended CBI chapter 11 process to disclose the

additional embezzlements by Freer conspired with LeClairRyan,

which caused the hate and retaliation of Freer, Mr. Clark, and

other lawyers of LeClairRyan.

6. On 2/17/12, Freer at Mr. Clark and other two lawyers of

LeClairRyan, filed defamation lawsuit against Chien in

Chesterfield Circuit Court in the excuse to seek Freer's CBI

employment relative compensation damage from Chien.

Freer's complaint (F-Compl.), and "Final Judgment" issued by

defendant Judge Rockwell on 8/9/12 were racketeering act, due to

> "18USC 1961(1)(D)……. **any offense involving fraud
> connected with a case under title 11 (except a case under
> section 157 of this title…) … punishable under any law of
> the United States**" (emphases added).

Because, the submitted evidence of Freer's high salary was

from Freer's embezzlements. Freer and Mr. Clark engaged perjury

in the lawsuit. Additionally, Freer made consistently perjured

SEC filings during CBI's chapter 11. Details will be later.

7. Despite of the ruling, Chesterfield Circuit Court didn't

13

have jurisdiction over Chien's property, because Chien's property located in Connecticut ("CT"). On 9/26/12, Freer at the lawyers of branch of CT of LeClairRyan, certified "Final Judgment" in CT Superior Court, JD Of New Haven, under Case No. "NNH-12-CV-4053717-S", which was active. However, Chien immediately filed counterclaim against Freer, LeClairRyan and CBI in September of 2012, which was transferred to US District Court under Case 3:1201378(AWT), to create some resistance of Freer's debt collection. But, Freer still on 1/3/13, initiated debt interrogatories successfully in JD of New Haven, CT.

8. On 1/4/13, one day later after initiating CT debt interrogatories, Mr. Clark conspired with Grogan to illegally initiate VA debt collection, which committed subject-matter jurisdiction error (VA Code "§8.01-262.5(a)"), and made Chien in double jeopardy of risk, offense of Amend V.

Further, Mr. Clark deserved criminal punishment due to VA Code "§8.01-506C", by submitting to Chesterfield Circuit Court, the Form of "Summons to Answer Interrogatories-VA Code §8.01-506" with his false certification that no debt interrogatories against Chien in past six months:

> "I certify that I have **not proceeded** against the Judgment Debtor(s) under §8.01-506 within **six(6)** months from this date
>
> **01/04/2013**              **Andrew Clark**
>    Date                Creditor's Attorney" (emphases added)

14

Then on the same day of 01/04/2013, Grogan conspired with Mr. Clark, **without motion procedure, or assigned by the Court,** illegally on behalf of Chesterfield Circuit Court to issue order to VA Secretary for Summons service to Chien, which was later did with mark of private lawyer's summons. The conspiracy of Grogan and Mr. Clark violated VA Code "§8.01-607", and "§8.01-506A&C". Chien didn't attend VA Debt interrogatories arranged by Mr. Clark and Grogan, then Grogan at defendant Leonard abused the police force, issued CAPIAS orders to arrest Chien twice in Bankruptcy Court of Richmond, when Chien attended CBI's chapter 11 hearings. Grogan also violated "§8.01-612", which has requirements that Commissioner in Chancery, only engaging case "been referred" by the Court, and "shall be reported to the court for appropriate contempt proceedings".

9. Grogan first arrested Chien on 2/28/13, then confiscated the cash of Chien's pocket for $383, and released Chien with an order of 3/2/13, which forced Chien:

(a) fully paying the cash his joint bank account, Chien agreed to pay his portion (eventually all cash was paid).

(b) Using the cash of both CHBM and USChina Venture III to pay his personal debt. Chien rejected doing the embezzlement.

(c) Unconditionally submitting stock certificates of CHBM, USChina Venture I, USChina Venture II, and USChina Venture III

15

and others to Grogan, or Mr. Clark or Freer, without money offer.
Due to VA garnishment policy for personal intangible properties,
these stock ownerships (certificates) are not garnished, because
they didn't have liquidating market for sale. Chien objected this
order in both verbal and writing, and objected in various appeals
or counter-suits by declared clearly that most of these companies
have little or no tangible value, but decent intellectual value,
working as means for national private financing or public trading
because these companies have SEC registered shares and timely
submitted financial statements. Chien is willing to pledge the
money value of these shares to Freer as debt payment. But, form
corporation operation side, any **change of control** of the
corporations at share purchase, must sign "Share Purchase
Agreement", to report to SEC follow Exchange Act. Then the new
owner will be responsible to maintain or enlarge the corporation
value. But Mr. Clark and Grogan etc., ignored Exchange Act, and
they wanted to do job secretly, and **they didn't want to report to
SEC, or pay Chien a penny for these shares.** Obviously, the real
purpose is not for debt collection but **for destroy of Chien's
personal life at destroying Chien's business and property first.**

After over three years' incarceration, Chien's existing
property value of USChina Venture I, USChina Venture I, was lost
from revoke of the SEC registration. USChina Venture III was

revoked by Nevada registration. Chien lost contracts, business opportunities, customers, and shareholders, suffered significant reputation damage, and deteriorated health, and mental depress.

10. On 3/1/13, when Chien was escrowed to attend hearing in Grogan office located in a commercial street, Chien was to be shackled and manacled with handcuffs, wearing prison garbs, in a short sleeve shirt under winter weather, then walked on the sidewalk of the commercial street before entering the door of the building which subjected Chien to public disgrace, shame, and embarrassment, which was violation of Amend VIII of the Constitution to treat Chien cruel with unusual punishment.

Despite Chien made complaint, the public embarrassment didn't have any improvement in later arranged hearings. Even sometimes the police car parked in the backyard, Chien was still to suffer the public exposure, because the commercial building has decent size, and the parking lot in the backyard having capacity to hold about 40 cars, always was fully occupied, indicating many visitors pass around the building.

11. After Chien went back to CT, Freer at Mr. Byrne of LeClairRyan at JD of New Haven, confiscated Chien's personal joint account cash for $82,714. Other corporation accounts were not allowed to touch.

12. Chien on 3/5/13, sent his appeal notice to both Judge

17

Rockwell and Grogan. Judge Rockwell first time learned that VA
Debt Collection initiated without his knowledge. Then he planned
the debt interrogatories held by the Court on May 31, 2013 as
shown in the letter of deputy clerk Elizabeth Brown sent to
Chien on March 22, 2013. But despite the court's action, Grogan,
manipulated by Mr. Clark, didn't surrender the authorization to
the Court. On the contrary, they broke peace, violating VA Code
"$18.2-7", and committed crime by abusing using police force,
and false imprisonment of Chien since May 8, 2013. Judge
Rockwell knew the process, but didn't interrupt, by yielding his
authority to private lawyers, and cancelled his plan for debt
interrogatories.

13. Chien on 4/25/13, filed counter suit against Freer and
CBI in the Bankruptcy Court of Richmond to further detail
Freer's embezzlement of $158,519 from CBI. And on a later
hearing dated 5/8/13, Chien discovered and verbally objected the
Motion filed by Mr. Clark and other lawyer of LeClairRyan on
4/26/13 with intention to steal additional about $34,000 from
CBI to pay Freer's legal fee in Chien's CT counter suit:
3:12CV01378(AWT). Judge informed Chien any objection should be
in writing. And the deadline for submission objection was
5/20/13. The allegation of embezzlement of $34,000 would have
direct affected on Chien's counter-suit, because any prove of

18

the crime committed by Freer with Mr. Clark, would support

Chien's claim that the defamation lawsuit of F-Compl was no

merit, which caused the panic and hate of Mr. Clark and Freer.

Then, Mr. Clark and Grogan, made conspiracy with defendant

Leonard by abusing police force to incarcerate Chien

indefinitely, which is for retaliation on Chien's whistle-blower

as a victim, witness or opposite party.

14. Chien was arrested by Grogan CAPIAS order dated 3/19/13,

after attending hearing of 5/8/13 in Richmond. Then Chien was

solitarily incarcerated for three days, in a small cell without

window and without access to yard, not allowing to read and

write, or to access any of his personal belongings, which made

Chien losing memory, suffered chilling and high blood pressure,

and physically impossible to write any objection. Obviously,

this unusual punishment is tampering and retaliating Chien as a

witness and informant against the embezzlement of $34,000 by

defendants, offense of "18USC §1512(a)(2)(B)(i)".

But, after three days' solitary confinement, there was no

end of the illegal incarceration, which was instigated, and

designed by Mr. Clark under veil of Grogan's orders. Despite

that Chien consistently made various motions under Case Cl.12-

485 to Judge Rockwell, made counter suits in Price George

Circuit Court under VA Prisoner Litigation Reform Act,

19

simultaneously made appeals to either VA Supreme Court, or VA Court of Appeals, and sued VA Government or informed Defendant AG Herring, with the allegations of the false imprisonment, but the criminal of abduction and kidnapping act didn't end. In Chien's cases, the Government from Commonwealth, Attorney General Office, Supreme Court, Court of Appeals, to Chesterfield County, Circuit Courts of both Chesterfield and Price George, ignored the kidnapping, extortion, and secret prisoner nature of Chien's confinement, by violating Due Process Clause. Here, the government judicial system is just a tool of private lawyers' racketeering.

15. VA code "§53.1-20.1" specified that Government can't cover the incarceration costs of those over 1 year without sentence. But, Mr. Clark conspired with Grogan, and defendants Leonard, and Clerks Worthington, Craze, and Hughes, who managed "Offender Management System" of the Court including jail, to fabricate Chien's inmate status, to cheat defendant Chesterfield and Commonwealth for costs. Also, on 5/7/14, Grogan, conspired with Mr. Clark, under aid of defendant Craze, impersonated as a judge in Chesterfield Circuit Court to make trial of Chien's case, which is criminal under VA Code "§17.2-174".

## II. Parties

16. Plaintiff:

Andrew Chien ("Chien"), a resident of CT, at 665 Ellsworth Avenue, New Haven, CT 06511.

17. Defendants:

(a) Commonwealth of Virginia, c/o Mark R Herring, Attorney General, 202 North Ninth Street, Richmond, VA 23219; Tel:(804) 786-2071.

(b) Mark R Herring, Attorney General, 202 North Ninth Street, Richmond, VA 23219; Tel:(804)-786-2071.

(c) Chesterfield County, c/o Jeffrey L. Mincks, County Attorney, 9901 Lori Road, 5th Floor, Room 503; Chesterfield, VA 23832-0040. Tel: (804)748-1491.

(d) Karl S. Leonard, Sheriff of Chesterfield County, 9500 Courthouse Road, Chesterfield, VA 23832; Tel: 804-748-1261.

(e) Mary E Craze, deputy clerk of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125; Tel: (804) 748-1241.

(f) Wendy S Hughes, clerk of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125; Tel: (804) 748-1241.

(g) Frederick G. Rockwell III, Judge of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125.

(h) Judy L Worthington, former clerk of Chesterfield Circuit Court, 37 Fenwick Rd, Fort Monroe, Virginia 23651; Tel:

21

(804) 745-0655.

(i) Donald W Lemons, Chief Justice of VA Supreme Court, 100 North Ninth Street, 5th Floor, Richmond, VA 23219-1315; Tel: 804-786-2251.

(j) Glen A Huff, Chief Judge of VA Court of Appeals, 109 North Eighth Street, Richmond, VA 23219-2321, Tel: (804) 371-8428.

(k) Hon. W. Allan Sharrett, Chief Judge, Price George Circuit Court, 6601 Courts Drive Prince George, VA 23875-0098.

### III. Jurisdiction and Venue

18. This Court has subject matter jurisdiction due to "28USC §1331", or "18USC §1965". Defendants are residence of VA. This Court has personal jurisdiction over them. And the venue is proper.

### IV. Brief of this Case

### Part A. F-Compl was Racketeering and Conspiracy

19. On 2/17/2012, Freer with Mr. Clark, and other two attorneys of LeClairRyan went to Chesterfield Circuit Court in the excuse to seek Freer's CBI employment relative compensation damage to file defamation complaint (F-Compl) against Bill Guo, Chien, and USChina Channel LLC (Chien's personal business, and dissolved due to F-Compl), for $3.35 million award under case Cl.12-485. Eventually Freer, conspired with Mr. Clark, and

attorneys of LeClairRyan, through fabricated evidence, false declaration, and abused process, deceiving, obtained on 8/9/12 from Chien for $1.6 million award ("VA Award"). The amount of VA Award is ten times as much as Freer's embezzlement filed on 2/3/11, but the spending time is only about six months, less than a quarter of the time of waiting for the embezzlement. In general, this is more quick and bigger way for unjust enrichment under chapter 11, by engaged fraud out of bankruptcy court, which was racketeering as defined by "18USC §1961(1)(D)". Further, the money award created great financial burden to damage Chien's basic living, in consequence of retaliating of Chien's whistle-blower of Freer's embezzlement, which was Racketeering as defined by "18USC §1961(1)(B)" with offense of "18USC §1513(e) Retaliating…

> (e)Whoever knowingly, with the intent to retaliate, take **any action harmful** to any person, including **interference** with the lawful employment or **livelihood of any person,** for providing to a law enforcement officer any truthful information relating to the commission or possible commission of **any Federal offense**" (emphasis added)

20. F-Compl is relative to Chapter 11, because it mentioned events only under Chapter 11, such as Chien attending CBI §341 meeting on 2/18/11, and Chien helped Bill Guo filing 8-Ks, and managing meeting of shareholder by hiring Broadridge to send shareholders proxy cards in March of 2011, with intention to cause Freer unemployment in CBI. But, Freer didn't disclose that CBI's chapter 11 was in the middle, and his compensation was

fully determined by the Bankruptcy Court, not affected by Chien.

21. As shown in ¶67,76 & 82 of F-Compl. Freer was to seek his salary and compensation damage relative to his employment in CBI:

> "67. As a proximate cause of Guo and Chien's defamation, Dr. Freer has suffered **substantial compensation damages, loss of future wages and compensation,** and other monetary damages, as well as damage to his professional reputation in the biotechnology and pharmaceutical industry."

> "76. The actions of Guo and Chien have **directly** and proximately **caused** damage to Dr. Freer in an amount of at least $1,000,000."

> "82. Furthermore, the actions of Guo and Chien have **directly** and proximately **caused** damage to Dr. Freer in an amount of at least $1,000,000" (emphases added).

The only law cited in F-Compl., was VA Code "§18.2-499 & 500" for triple damage, which is applied only to business, not for employment damage. Freer with his counsels, misused the law, but, Judge Rockwell made gross-negligence by just signed it at their asked order.

22. As above mentioned, Freer's unpaid salary in 2010 was a pending embezzlement in the bankruptcy court, being disclosed in Shareholder Meeting. The embezzlement is serious crime with maximum sentence up to 20 years imprison due to VA code "§18.2-111" and "§18.2-95", therefore, to engage conspiracy, and hide the embezzlements was critical in defamation claim of F-Compl. Freer, at his counsels, in ¶34,44 & 61 of F-Compl., masqueraded his false claim as his loyalty to CBI:

24

"34. Because of his (Freer's) **loyalty** to CBI and its shareholders, Dr. Freer has **not taken a full paycheck** since May of 2010. For June and July 2010, Dr. Freer voluntarily reduced his salary by 50% per cent. From August of 2010 …, Dr. Freer received a salary of 0 ……"

"44.…… As stated above, Dr. Freer received **no salary** from August 2010 through April 2011."

"61. …… Dr. Freer …, did **not** receive a full salary……, did **not** receive a full salary ……" (emphases added).

23. (a) F-Compl was perjury in declaration of Freer suffered compensation loss by Chien, because (1) Freer didn't be removed by the shareholder meeting, and his regular payment was not affected by the meeting, and his eventually lost employment in CBI was due to full liquidation, which diminished all jobs; (2) even the shareholder meeting had purpose to remove Freer, which is legal because it removed all paid positions of CBI officers and directors, due to liquidation, why a business should pay a person, not having any real service wanted.

(b) F-Compl was perjury in declaration of the shareholder meeting was conspiracy because:

(1) the procedure of the shareholder meeting was legal, in compliance with both VA code "§13.1-654.A.1" Chairman directly calls shareholder meeting, and the term of the By-laws of CBI as:

"Article II
Section 3.(a) Directors shall be elected at the annual meeting...",

(2) the proposal of the meeting was previously approved by SEC's letter dated 1/14/11, while it was conspiracy for Freer with counsel to conceal SEC letter from all directors.

(c) F-Compl, as shown in ¶ 7,9,27,38,40-43,45,48-51 of it, was perjury in declaration of Freer being defamed by the allegation of embezzlement in two CBI's 8-K dated 3/9/11 and 3/11/11, which were signed by Bill Guo, but submitted to SEC, and first discovered the embezzlement by Chien.

24. During the shareholder meeting, Freer's fraud of cash embezzlement in Chapter 11 became public. Further, from Chien's contact with stock transfer agency, Freer's 1.6 million shares embezzlement in March of 2011, was disclosed. Freer never made SEC filing, or informed CBI's board of his share acquisition.

25. In ¶8,29-37,62,74(b)&(c) of F-Compl, Chien's true comment in §341 meeting, was widely attacked as defamation, such as Chien made "defamation statements" of "painting Dr. Freer as a CEO who put his personal economic interests above CBI's in breach of his fiduciary duty" (¶29,31,38 of F-Compl) and "Dr. Freer took, and intended to take, scarce CBI cash resources while the company was in bankruptcy" (¶31,43 of F-Compl). These attack words were false statements against Chien.

26. For deceiving the Chesterfield Circuit Court, Freer, and Mr. Clark etc., presented the only evidence of Freer fabricated

26

CBI Compensation Table, which was used in several Courts of VA

to masquerade Freer's embezzlement, increased earning up to

$200,000 per year, as evidence of a "successful businessman".

Following paragraph was cited from "Opposition to Petition's

Motion to Disqualify", filed on December 20, 2013 by Mr. Clark,

and other attorneys of LeClairRyan in VA Supreme Court on

Recording No.: 131044:

> "The evidence clearly was relevant. The table shows
> that Dr. Freer was a ***successful businessman*** earning around
> ***$200,000*** a year (EX.1). Chien defamed Dr. Freer with
> allegations that Dr. Freer breached his fiduciary duties to
> CBI and ***misappropriated its property*** (Comp. ¶38-51)......, the
> table of ***Dr. Freer's compensation was evidence***...... relating
> to Dr. Freer's damages. Dr. Freer ***accurately*** related the
> history of his case" (emphases added).

Due to the false Table in filing, VA Supreme Court denied

Chien's motion for disqualifying LeClairRyan as consultant.

27. On 07/30/12 of the only damage (not merit) hearing of

case Cl.12-485 of Chesterfield Circuit Court, Freer, Mr. Clark

and J. M. Sheldon did presentation of Freer's compensation loss,

by projecting the Table on the big screen with verbally claiming

Freer's business success as evidenced by Freer's high CBI

salary, around $200,000 a year, including year 2000, but

concealed that Freer's high income from embezzlement and CBI

already had no business and revenue, was incapable to pay him.

28. To prove perjury, the standard is VA code "§18.2-435"

giving conflicted testimony on same issue, sufficient evidence.

(a) For Freer, the conflicted testimony is what Freer claimed unpaid compensation in Chapter 11, or the Table submitted to Courts in VA, conflicted with what Freer filed in 10-K of CBI for SEC. On 5/2/11 of 10-K for 2010, and 4/26/12 of 10-K for 2011, Freer certified respectively under penalty, that his payment in 2010 of $124,515 was fully paid.

(b) The confliction made by Freer plus Mr. Clark and LeClairRyan, was among 35 trial-exhibits, which Mr. Clark and J. M. Sheldon delivered to Chesterfield Circuit Court on 7/30/12 as evidence, and among which, there were:

Exh. 16. E-mail of Ms. Beran, CBI's attorney for Chapter 11, sent to Freer and Sears Samuel, Director of CBI on 6/13/12 with one sentence:

> "Here is confirmation of our suspicion that the SEC is monitoring this case."

The e-mail had an attached e-mail of Ms. Sherrill, Senior Trial Counsel/Bankruptcy, SEC, regarding SEC no opinion with changing Freer employment status from full time to part-time consultant.

Exh. 17. Another Freer's CBI compensation table from year 2003 **to 2011** (**not to July 15, 2012**) with record that Freer's compensation in 2010 was $124,515 only, fully paid.

Exh. 20. CBI 10-K for year 2011 which reported Freer in 2010 had compensation of $124,515 fully paid.

Exh. 27. Freer's CBI compensation table for year 2003 to **July 15, 2012** with record that Freer's compensation in 2010 was $222,096.70 with unpaid of $97,581.70, plus **adding more notes** than Exh.17. The Exh. 27 was exact the same as Mr. Clark etc., demonstrated on 7/30/12 hearing, and later sent to VA Supreme Court on 12/20/13; and US District Court for EDVA, on 12/26/13 to oppose Chien's appeals.

Obviously, the Freer's 2010 salary submitted in both of Exh. 17 and 20 conflicted with that in Exh. 27. Freer and Mr. Clark delivered the two conflicted numbers simultaneously on 7/30/12. The false one was projected on the big screen, while the true one hidden inside a big folder, hardly to be found.

Because behind the conflicted numbers, there is the argument whether Chien defamed Freer for embezzlement, therefore the conflicted numbers are material fact, evidence of perjury.

29. As to prove the perjury, the false statements in F-Compl must be adopted by Judge Rockwell in the Final Judgment. Here it was:

> "...Because Chien and USChina had been previously found to be in default and liable for the cause of action of **defamation** and **defamation** *per se,* statutory conspiracy pursuant to Virginia Code Section **18.2-499 & 500,** and common law **conspiracy set forth in the Complaint,** the July 30, 2012 Damages Trial involved the Court hearing evidence on the issue of the damage suffered by Dr. Freer.
> Based on **the documents and testimony introduced at the July 30, 2012 Damage Trial, the Court issued** the decision..." (emphases added)

29

**Part B. Abused Due Process by Conspiracy and Corruption**

30. Mr. Clark and LeClairRyan, at ex-parte communication with defendants Worthington and Judge Rockwell, made court fraud, with ulterior purpose to prejudice Chien, and never give Chien a fair trial, and violate Amend XIV of due process.

31. Defendant Worthington and Judge Rockwell was reckless at the abuse of Mr. Clark and Freer in the service of Summons.

Shareholder meeting of a public company is an issue of the federal question. But after Chien successfully moved F-Compl to District Court of EDVA, Freer, Mr. Clark etc., never sent summons and F-Compl to China to serve Bill Guo, but kept Bill Guo as a false defendant until the case closed, which created prejudice on Chien, and made Chien impossible to let the case staying in the District Court for the judgment on Freer's violation of the Exchange Act.

32. To arrange the standard process of a civil case, is the job of the clerk office. But Defendant Worthington yielded her authority to Mr. Clark and other attorneys of LeClairRyan in conspiracy. After Chien filed Motion to Dismiss, there was a hearing. Due to the local rule, the hearing may be arranged by both parties on their available days; or the Court made decision upon motion of parties. Further, Rule 3:21(b) of VA Supreme

30

Court specified notice served at parties with minimum 10 days ahead of the hearing.

However, Mr. Clark conspired with Worthington to secretly arrange hearing on 6/8/12, and made Chien received the notice in later afternoon of 6/2/12, with intention to make Chien insufficiency for preparation. There was no hearing notice from defendant Worthington's office. And Mr. Clark's notice said, "counsel may be heard", indicating the schedule was uncertainty. Since Chien had other business already scheduled around 6/8/12, Chien was compelled to be absent.

33. Judge Rockwell made gross-negligence to give Chien default judgment on 6/8/12.

From the docket of Cl. 12-485, the Chesterfield Circuit Court received the remand order of the District Court and the returned F-Compl on 5/4/12, and received Chien's Motion to Dismiss on 5/22/12. Therefore, Chien made reply in 18 days including the time of his mail. However, Judge Rockwell made rubber-stamp on the asked order dated 6/8/12 by Mr. Clark, to give Chien the default judgment, because Chien's reply time violated Rule 3:8 of VA Supreme Court for 21 days reply limitation, as alleged by Mr. Clark's Motion on 5/14/12, in which Mr. Clark wrongly claimed that the 21-day limitation should include all days when this case was transferred in the

District Court. By adapting so ridiculous and absurd theory,
Judge Rockwell made gross-negligence in applying Rule 3:8 to
give Chien default judgment for later timely motion.

34. The docket of Cl 12-485 also recorded that on 6/1/12,
Freer, at Mr. Clark, and other two attorneys, filed Motion to
strike Chien's filing, and that Motion was granted on 6/8/12 by
Judge Rockwell. If you consider the time for the mailing, Judge
Rockwell conspired with Mr. Clark, Freer etc., didn't give Chien
time to make reply, which is another Due Process error.

35. Before the "damage (not merit) hearing" on 7/30/12, Chien
submitted three documents including "Motion to Dismiss",
"Counterclaim", and Affidavit, with strong evidence to deny
Freer's defamation lawsuit. In Affidavit, Chien delivered stock
price chart of CBI, to prove CBI's business collapse, also, a
copy of the "Edgar Filing Agency Agreement", signed by Chien and
CBI on 2/22/11, for SEC filing, which has following term:

> "**6. Venue/Governing law: Venues** for all proceedings in
> Connection with this Agreement shall be **New Haven County,
> Connecticut, and all aspect of this Agreement should be
> governed by laws of State of Connecticut." (emphases add)**

Due to VA Code: "§8.01-247 When action on contract governed
by the law of another state or country barred in Virginia", the
lawsuit for Freer's case CL.12-485 in 2012, should be barred in
VA Circuit Court. Chien fairly treated Freer, and at e-mail,
sent copies of his presentation to Mr. Clark two days ahead of

hearing. But, Mr. Clark, and Judge Rockwell prejudiced Chien. Upon their ex parte communication, Judge Rockwell, without oral argument, directly gave Chien an order to grant Freer's "Motion In Limine", including to strike Chien's filling. After Judge Rockwell twice stroke Chien's filings, there was no any of Chien's filing left in the archive of Case Cl.12-485 when the case was closed. Judge Rockwell violated the Due Process Clause of the Amend XIV, of which the Supreme Court interprets this protection to include a litigant's right to present evidence, to examine the evidence of her opponent, and to be represented by an attorney (See Tennessee v. Lane, 541 U.S. 509, 523, 532 (2004)).

36. After Chien illegally incarcerated in VA by Grogan and Mr. Clark etc., Judge Rockwell wrote three letters dated 6/12/14, 6/25/14 (this letter served copies to both Grogan and Mr. Clark), 10/21/15 respectively to announce Chesterfield Circuit Court of VA has no jurisdiction over case 12-485. But, Grogan and Mr. Clark ignored these letters.

37. As a Chief-judge before 2015, to have presided Case Cl. 12-485, Judge Rockwell has duty, not only by sending letters, but also taking action to prohibit the act of non-jurisdiction, false imprisonment, committed by Grogan and Mr. Clark at the expensive incarceration costs of the Government. But, he didn't

33

do that by ignored Chien's several important pleas as shown in the Docket:

(a) "Motion to Rescue $500,000 Property Value of Defendant Chien's & Permit Chien entering Chapter 13 personal Bankruptcy Reorganization Plan to Pay Debt"; writing 5/15/13; Docket 5/20/13.

(b) "Response to Plaintiff's 'Notice of Bankruptcy and Automatic Stay of Proceedings' Dated Aug.20, 2013". Writing 8/22/13; Docket 8/30/13.

(C) "Motion to Release Chien immediately…". Writing 4/18/14; Docket 4/22/14, which was appealed, details later.

(d) "Notice of Disqualification of William K Grogan As Commissioner in Chancery" writing 4/29/15; Docket 5/5/15.

(e) "Motion for Jury-trial" writing 5/6/15; Docket 5/12/15.

(f) "Motion to Vacate the Order by Commissioner Grogan dated March 9, 2015" writing 5/6/15; Docket 5/12/15.

(g) "Motion to Stop the Clerk Office By Escaped Judge then Directly Conspired with Commissioner Grogan to illegally Practice Law" writing on 5/18/15; Docket on 5/22/15.

(h) "Motion to Assign A New Judge", writing 8/4/15; Docket 8/10/15; denied by Judge Rockwell's Order dated 8/14/15.

(i) In October of 2015, Chien filed "Motion to Apply '8.01-428D' Independent Action to Relieve Chien from Judgment Dated

34

Aug. 9, 2012" for 26 pages, which was bounced because the case was closed. Later, Chien paid $29 for reopen this case. But Judge Rockwell rejected on 12/29/15 order, and Chien requested reconsideration, which was rejected on 1/17/16. Chien's filings was returned without in Docket. Judge Rockwell violated Due Process Clause by rejecting reopening Case CL.12-485.

**Part C. VA Debt Collection was Racketeering and Conspiracy**

38. To regulate the proceeding by interrogatories to debtors:

VA Code §8.01-506

"C. Provided, however, that as a condition precedent to proceeding under this section, the execution creditor has furnished to Chesterfield Circuit Court a certificate setting that he has not proceeded against the execution debtor under this section within the six months last preceding the date of such certificate. Except that for good cause shown, Chesterfield Circuit Court may, **on motion of the execution creditor**, **issue an order allowing further proceeding before a commissioner** by interrogatories **during the six month period. Any judgment creditor who knowingly gives false information upon such certificate** made under the article shall be **guilty of a Class 1 misdemeanor.** The issuance of a summons that is not served shall not constitute the act of proceeding against an execution debtor for purposes of making the certificate required by this subsection."

"D..... The Commissioner shall.... enter in his proceedings and ***report to Chesterfield Circuit Court mentioned in 8.01-507.1***(note: sale or conversion of debtor's property), any and all objections taken by such debtor against answering such interrogatories…"

"E. … Chesterfield Circuit Court from which a writ of fieri facias issued, upon motion by the execution debtor and for good cause shown, shall transfer debtor interrogatory proceedings to ***a forum more convenient to the execution debtor.***" (Emphases Added)

39. The code of "§8.01-506C" has clear language that:

(a) the debt interrogatories are *limited to six-month*. The new interrogatories only will be accepted after the pause of the old one for at least another six months. The false certificate on recent status of debt interrogatories, such as Mr. Clark did on 1/4/13, will be guilty of a Class 1 misdemeanor. This term is important to protect the debtor by *Amend V of Constitution* from the risk of the double jeopardy.

(b) The engagement of Commissioner in Chancery must have the approval of Chesterfield Circuit Court upon motion of the execution creditor, here is Freer. The Commissioners in Chancery must report to Chesterfield Circuit Court for the result of debt interrogatories including Chien's objection, maximum delayed at six months.

40. Unfortunately, the two principals of VA Code "§8.01-506C" were violated by conspiracy and criminal. While Mr. Clark made false certificate by concealment of CT debt interrogatories, Grogan sent order to Commonwealth of VA to masquerade his order as Chesterfield Court's order, an offense of "§18.2-472 False entries or destruction of records by officers" of tampering court order in writing. Both of Grogan and Mr. Clark were deserved penalty of Class 1 misdemeanor. Further, when Grogan issued the order, Mr. Clark for Freer,

didn't file any motion to Chesterfield Circuit Court to obtain
permission for Grogan joining this case. Therefore, the issuance
of Grogan order was without authority. Both of Summons filled by
Mr. Clark, and Grogan's order dated 1/4/13, were not in the
Order Book, or Docket of Cl. 12-485 of Chesterfield Circuit
Court. In other words, both of Grogan and Mr. Clark interrupted
the standard process of Chesterfield Circuit Court, and wrongly
appropriated the duty and power of both a judge and a clerk,
offense of "§18.2-460" of obstructed justice, deserve additional
one count of Class 1 of misdemeanor for each of them. In
general, both of Grogan and Mr. Clark deserved two counts of
Class 1 Misdemeanor on 1/4/13.

    41. From 1/4/13 to 6/24/16, Grogan total issued 14 orders,
by misusing civil-court contempt to disguise the unauthorized
felony-penalty. Further, none of orders was reported to
Chesterfield Circuit Court for approval of the judge.
Therefore, all Grogan's orders were unauthorized, private, and
criminal to operate under a parallel jurisdiction for
racketeering.

    42. When Chien traveled to VA to attend CBI Chapter 11
hearings, Chien was falsely arrested twice due to the CAPIAS,
manipulated by Mr. Clark, under the signatures of Grogan of
self-dealing. Grogan first arrested Chien on 2/28/13, then

37

confiscated the cash of Chien's pocket for $383, and released Chien with an order of 3/2/13, which forced Chien:

To use the cash of both CHBM and USChina Venture III (two companies have about 40 shareholders) to pay his personal debt. such as shown 1st order of p.4 of 3/2/13 order:

> "ORDERED that Andrew Chien shall **not dispose of, use,** and/or **dissipate** in any way any funds are in the **various bank accounts** of People's United Bank that are identified above;"

> On P.7, "it listed four banks accounts and their deposited approximate money: (1)USChina LLC $50; (2)Chien's joint account $87,000(following ¶40);(3)USChina Venture III: $7,200;(4)China Bull Management $72,000."

Chien rejected it, because it was to embezzle the cash of non-parties. Later, on 5/7/14, Grogan impersonated as a judge, signed another order ghostwritten by Mr. Clark, with following (on 2nd paragraph of p.2 of 5/7/14 order) to deliver "the specifying the documents and property" of the "March 2, 2013 order" to "Commissioner in Chancery, and/or to the Judgment Creditor's counsel". **It was clear that Grogan or Mr. Clark wanted the cash.** Grogan's order dated 5/7/14 was appealed to VA Court of Appeals under Recording No. 1177-14-2, lasting over one year. In later stage, Chien obtained the evidence of CHBM's cash was stolen by Mr. Freer, under control of Grogan and Mr. Clark. Therefore, the evidence of false imprisonment for ransom or extortion, was beyond reasonable doubt. But, defendant Hon. Huff

made Due Process error, by set-aside of the later evidence, then to avoid a judgment, or order trial court to make trail of the case. Detailed will be later.

43. As mentioned in above ¶9, in additional of cash, Grogan on 3/2/13 ordered Chien unconditionally submitting stock certificates of CHBM etc., to Grogan without any money offer. Chien was willingness to deliver them exchanging for money offer or money pledge only, not for control change. Chien objected the order because it ignored the rules of Exchange Act. Chien consistently declared in both verbal and writings, including later in various appeals or counter-suits by stating clearly that **these companies are non-parties first. There was no complaint filed, and no any judgment existed against them. Especially, CHBM and Venture III have about 40 shareholders each. Their economy interests can't be deprived because Chien has private judgment debt.**

Secondly, any ***change of control*** of the corporations at share purchase, must sign "Share Purchase Agreement", to report to SEC follow Exchange Act, and at least filing of three forms:

(a) "17CFR 240.14f-1 - Change in majority of directors", which required to file report on Form 14f-1 to SEC within 10 days after Freer became only director of either of target companies.

39

(b) "17CFR 240.13d - Filing of Schedules 13D and 13G", because "17CFR 240.13d-1(a)" requires that anyone who acquires beneficial ownership of more than 5% of any class of publicly traded securities in a public company, files Form of Schedule 13D in SEC within 10 days.

(c) "17CFR 240.16a-3- Reporting transactions and holdings", because "17CFR 240.16a-3(g)(1)" requires new owner report his ownership on Form 4 at the second business day after the complete of the transaction due to over 10% share ownership and controlled the operation of target companies.

(d) Further, CHBM cash was obtained from sale of shares to shareholders. Shareholders wanted their money to run a business having revenue and profits to enhance the share value. If Grogan at Freer, wanted to close CHBM business and take cash off. It requires CHBM file proxy to obtain majority of the non-controlled shares, approve due to section 14(a)(1)(unlawful for unauthorized to acquire securities), 14(d)(1)(statement's filing in SEC and distribution among shareholders are required in acquisition of more than 5%), 14(d)(4) (any process of bid shares should follow the rules), 14(e) (deceiving and fraud not permitted), 14(f)(SEC filing required), 14Ab(1)&(2) (to disclose executive compensation after his acquiring huge shares, and shareholders' approval necessary) , 14B(corporation governance to disclose the reason of

40

changing control or director).

(e) The new controlled person has the responsibility to file financial statements of 10-K or 10-Q, following Section 13(a) and 15(b) of Exchange Act to keep the share registration effective. Grogan and Mr. Clark etc., ignored non-parties independent interests, and ignored Exchange Act, and they wanted to do job secretly, and they didn't want to report to SEC or pay Chien a penny for these shares. Obviously, the real purpose is not for debt collection but **_for destroy of Chien's personal life at destroying Chien's business and property first_**.

44. On 5/10/2013, Grogan, Mr. Clark conspired with Defendant Leonard to secretly issue order of indefinitely incarcerating Chien in VA. First, Grogan and Defendant Leonard, abused the standard imprison procedure by escaped the magistrate, who gave Chien notice on 3/2/13 that Chien will be bailed out at bond of $1,000 if Chien missed the Grogan's hearing of 4/2/13. Further, they offended VA Code "§19.2-11 procedure for Court contempt", which requires serving accused personally. But, they never served Chien a copy of the order. The order dated 5/10/13, was made by Mr. Clark, then sent to Grogan; and Grogan, at his employee Eric Dobbs, sent a fax to a sergeant of the jail by conspiracy to escape both Chien and magistrate.

After Chien didn't receive any paper of his incarceration,

he still filed Motion to Judge Rockwell to request interruption of Grogan's imprison procedure, but no answer. Chien also filed appeals VA Court of Appeals with Recording No. 1242-13-2 in June 2013, but failed, because Chien couldn't submit the order dated 5/10/13. VA Court of Appeals violated due process, and Amend VI by not assigning Chien an attorney. When Chien had no attorney, VA Court of Appeals didn't require the Sheriff, or magister responsible for paper to verify the incarceration, which also violated due process, and caused Chien incarceration much longer.

45. In issuance of 5/10/13 order, **Grogan acted beyond his employment scope and authority** as specified in VA Code "§8.01-612", which makes Chesterfield Court, not the commissioner in chancery, solely responsible for the imprison punishment of witnesses summoned by the Commissioner in Chancery. Further, **Grogan is not member of the Department of Law Enforcement** because he is not salary paid employee (VA Code: "§ 15.2-836").

Even Grogan had been assigned (in fact, he hadn't) by the Court for VA Debt Collection, VA Code "§18.2-457" specified that a judge only has power to imprison Chien for maximum ten days if without jury impaneled under accusation of Court-contempt.

46. Grogan didn't file a report to Chesterfield Circuit Court to approve his 5/10/13 order. He even did not try to send copy

42

of his order to the clerk office until October 7, 2013, about five months later. That copy never was recorded in Docket of Case Cl. 12-485.

47. The purpose of incarcerating Chien indefinitely was to force Chien submitting corporation cash, and assets of non-parties. Therefore, it is the extortion for money and property, an act of Racketeering as defined by "18USC §1961(1)(A)", chargeable under the state felony codes such as offended VA code "§18.2-48 or 59" etc. Grogan's later orders dated: 6/19/13, 5/7/14, 6/6/14, 3/9/15, and 8/31/15 had same fraud. Because, despite of that some order in later days, contained different contents and events, it has no change of the nature of offenses such as abduction and kidnapping, extortion, grand larceny, and destroying Chien's business and life for retaliation.

## Part D. Chien is Secret Prisoner & None of Grogan Orders Qualifies as Court Orders

48. After Chien left the jail on 6/27/16 (Monday), Chien went into FBI office of Richmond in the morning of 6/28/16, and two officers of FBI suggested Chien to resolve the civil right complaint at lawsuit. But they told Chien that in Government record, Chien has never been arrested, or imprisoned in VA, even for infraction. Chien also engaged online search by himself, and obtained the same results. Chien was a secret prisoner in VA for 1146 days. Grogan, under manipulation of Mr. Clark, and

aided by Clerks of Chesterfield Circuit Court, deprived of Chien's due process right by avoiding public monitor. In normal criminal procedure, to imprison for near 3 years and 2 months is serious felony punishment, which needs prosecuting, and jury-trial etc., to prove every element of the crime "beyond a reasonable doubt", (in civil case: "preponderance of the evidence"), under public scrutiny for ethics in every step of justice. But, here, Mr. Clark and Grogan abused using the excuse of civil court contempt to hide Chien's criminal treatment under record of civil case to escape any necessary step in crime case under public monitor.

49. Mr. Clark and Grogan engaged abduction and kidnapping at the costs of government. They were afraid of any public scrutiny. Therefore, to keep secret is the priority of to continuing their crime. And they never assigned Chien a lawyer by violating Amend VI. They escaped the jail magistrate, or county's prosecutor to imprison Chien; they rejected to make any report to the Chesterfield Circuit Court, either for incarceration permission, or sale of Chien's property, etc., to avoid any third party of the judicial system involved in. They conspired with defendant sheriff Leonard to directly incarcerate Chien without to report the clerk office first, etc. Basically, due to the corruption of Commonwealth and Chesterfield, Mr.

Clark conspired with Grogan to run a parallel jurisdiction secretly for various Racketeering Acts.

50. Mr. Clark, as a commander of the Racketeering Act, wrote his orders using Grogan's title, further to masquerade his orders as Chesterfield Circuit Court's in the following way:

(a) Used the letter head of Chesterfield Circuit Court;

(b) In the 1st paragraph of Grogan's orders, it frequently used following deceiving language that:

> This matter came original before me "in my capacity as a **duly appointed** Commissioner in Chancery for the Circuit Court of Chesterfield County", and pursuant to a Summon to Answer Interrogatories ("Summons") and a Subpoena Duces Tecum ("Subpoena") **filed with Chesterfield Circuit Court** on January 4, 2013" by the judgment creditor, Richard J Freer, Ph.D., by counsel (emphases added)

The language is deceived, and cheating, by intendedly indicating Grogan was assigned by the Court, but it wasn't.

51. Under Chien's widely disclosure, and multi-counterclaims of the criminal nature of the illegally incarceration, Grogan on 6/24/16, issued order to release Chien, in which Grogan first time used the title "Commissioner's Order" indicating that it is the order of his personal, not Chesterfield Circuit Court's. In the Docket of case Cl.12-485, there was no list of Grogan 6/24/16 order. This order is also evidence that to confine Chien in VA is operation under private lawyer control.

**Part E. During Chien's Bankruptcy in CT, Grogan Interrupted Justice, Tolerated by Judge Rockwell, and Justice Lemons**

52. Between 07/19/2013 and 12/12/2013, Chien applied filed personal bankruptcy and adversary against Freer's claim, under both cases 13-31389 and 13-03037, in US Bankruptcy Court of CT, which assigned trustee Ms. Rescia to administrate Chien's assets for debt payment. The acceptance of Bankruptcy application automatically created "Order for Relief" (11USC §301(b),302(a)), and "the filing of a petition 'operates as a stay', applicable to all entities" (11USC 362(a)). VA debt collection including debt interrogatories should be stopped. **There is no rule or any case law existing for imprisoning someone for court contempt under the bankruptcy proceeding (See. Notes of Advisory Committee on Rules 9020. Contempt Proceedings).** But Grogan, Mr. Clark and Freer didn't release Chien by offending "18USC §1509 Obstruction of Court Order" to continue the Racketeering in VA.

53. During Chien's bankruptcy, Grogan deceived Trustee Ms. Rescia that VA Debt Collection was approval by Judge Rockwell. On 11/6/13's conference call, Hon. Judge Manning detailed: (a) that debt collection is civil act, can't use criminal punishment; she said: "[w]ith Mr. Chien being incarcerated, he does make a valid point that he can't comply with Chesterfield Court's orders if he's in jail, and I agree with that"; and (b) asking Freer's counsel Ilan Markus ("Markus") to draft an order to release Chien, Markus responded he 'will be quick" to do it.

But later, he broke his promise, due to the control of Grogan and Mr. Clark, not to release Chien.

54. During Chien's bankruptcy, Judge Rockwell under Case Cl.12-485 was noticed, plus in VA Supreme Court, Appeal of Recording No. 131044 was pending. But both Judge Rockwell and Justice Lemons halted Chien's complaint, but having no act to address that VA Debt Collection by Freer, Mr. Clark etc., committed subject error, and the allegation of Court Contempt no longer effective after Chien entered personal bankruptcy (Note: In Recording No. 131044, it appealed Judge Rockwell's order dated 5/31/13, which included denial of both Chien's motion for set aside of Final Judgment of 8/9/12, and appealing Grogan's order of 3/2/13).

55. On 12/12/13, Chien withdrew his bankruptcy because he couldn't get the freedom while Chien's appeal and counterclaim became Automatic Stay from Mr. Clark's requests with excuse that Chien was in Bankruptcy.

### Part F. Grogan Impersonating as a Judge on 5/7/14

56. Mr. Clark on 4/30/14 sent a letter to defendant Ms. Craze, then clerk, to arrange a hearing dated 5/7/14, and announced that Judge Rockwell would preside that hearing. But on 5/7/14, Judge Rockwell didn't show up. Instead Grogan took place on the judge's bench in Chesterfield Courtroom, while wearing a

47

judicial robe then to sign the incarcerating order dated 5/7/14, ghostwritten by Mr. Clark without a motion procedure. Grogan impersonating as a Judge, is a misconduct prejudicial to the administration of justice, violating VA code "§18.2-174 impersonating of a law-enforcement officer" deserved punishment of Class 1 Misdemeanant. Impersonating as a Judge is very rare in US. Chien believes that Defendant Craze gave Grogan the judge's rube, and arranged the room of the court, and took record on Docket Cl.12-485.

### Part G. Conspiracy to Make Various False Documents Including Forgery Stock Certificate, Laundering Cash in Connecticut

57. Despite of that Mr. Clark etc., treated Chien cruelty, but Chien didn't compromise to use the cash of corporations to pay his own debt. Then Grogan, Mr. Clark and Freer conspired to make a series of false documents for Freer to use false identity to steal the cash of CHBM and other assets of many non-parties.

58. On 02/18/2014, Mr. Clark using facsimile signature of Grogan, made a secret order to Island Stock Transfer, Florida, with language of not to serve Chien, for the purpose to make five false stock certificates (CHBM, Venture I & II & III, and China Education [International] Inc) for Freer to replace Chien, which is multi offenses of "18USC §513 makes a forged security". Because to issue a new stock certificate is the corporation business which needs the signatures of two officers, and the

seal of the corporation. CHBM isn't party of any lawsuit, and no judgement is against CHBM. CHBM isn't resident of VA. No any judge in VA, can issue any order to force CHBM doing something until to get the consent of CHBM. To illegally use signatures of officers of CHBM is to make perjured stock certificate.

59. There was no motion procedure, and no judge approved that order. But Mr. Clark conspired with defendant Worthington, former clerk, to make a false certificate of Chesterfield Circuit Court to Florida to falsely verify that order was Chesterfield Court's. But that order never was accepted to record by Chesterfield Circuit Court in Docket Cl.12-485.

60. Island didn't do it immediately, but promised to do it just for one stock of CHBM, with condition that Grogan will deliver the original of Chien's (Note: Island is not the agency for other four companies, and Venture I & II, had no stock certificates printed).

61. For the purpose to obtain Chien's original stock certificates and other assets from CT, Grogan, made self-dealing on behalf of Chesterfield Circuit Court, to attend conference calls in CT superior Court dated 6/17/14 and 6/30/14, together with Freer, Byrne and Caldwell, attorneys of LeClairRyan in CT, who filed Motion in CT Superior Court by deceiving that Grogan orders were Chesterfield Circuit Court's, and to ship assets

49

located in Chien's CT Office to Grogan office of VA.

62. On 09/03/14, CT Superior Court issued order to turnover Chine's personal property, personal computer, and "any other non-exempted personal property having a value in excess of $250 for a "camera hearing". But, Mr. Clark, and other Attorneys of LeClairRyan shipped everything without sort and list to VA. Due to filings of Mr. Clark in behalf of Freer, the shipped materials occupied 8 bankers of boxes. After all items arrived at Grogan's office, Chien was never noticed, no way for having a chance of a camera hearing or give some value to every item. Grogan didn't obtain the warranty of Chesterfield Circuit Court to open and seizure the massive papers in the shipped boxes, which violated Amend IV. Further, Grogan with Freer, Mr. Clark and LeClairRyan secretly separated, transferred, and occupied these items, including about 50 stock certificates of shareholders. This is offenses of "18USC §1341 & §1343, mail fraud and wire fraud", "18USC §1951 Interference of interstate commerce by violence" (note: false arrest and false imprisonment are violence), and "18USC §1952 Interstate transportation in aid of Racketeering enterprises".

63. In additional to Chien's stock certificates, the missing property included:

    (a) a laptop computer of CHBM; (b) about 50 stock

certificates of shareholders in CHBM, CBII, USChina Venture III, and USChina Channel Inc; and CHBM's are suitable for trade now; (c) non-parties shareholders' brokerage information; foreigner tax identifications, tax forms of some shareholders (Confidential); (d) nearly a hundred of files to answer SEC comments for about ten companies (Confidential); (e) Various corporation registrations, officers and shareholders' information (Confidential); (f) many business plans of about ten companies, such as China Complant Group, Shaanxi Tianren Organic Food Co.; Sino-American Net Media Corporation etc.; (g) the merger and acquisition information of several companies (Confidential); (h) State licenses of several companies; (i) several lawsuits information, including some informal confidential drafts, not filed in lawsuit, and partial documents in the case Cl 12-485 of F-Compl. Also, the communication documents between Chien and Fornova (CBI unsecured creditor) were fully missed. (j) all bank wire information(Confidential); (k) the bank information of non-parties companies(Confidential); (l) Chien's credit cards monthly statements; (m) any of Chien's writing and records (Confidential); (n) the information of Chien's personal joint account (note: in March of 2011, Freer at Byrne obtained this account information since 2007 (Confidential); (o) the business contracts of Chien's self-

employment; (p) offshore company registrations (Confidential), and offshore contact information of lawyers and governments.

64. Due to VA garnishment law, none of the items of the shipped eight bankers of boxes should be in debt collection because they are either of Chien's, or non-parties intangible properties. Since there were no procedures of seizure of intangible property, Freer, Mr. Clark, and Grogan offended Amend IV, and committed "10USC §921 - Art. 121 - Larceny and Wrongful Appropriation", as well as "42USC § 1982 - Property rights of citizens":

> "42 U.S. Code § 1982 - Property rights of citizens
> All citizens of the United States shall have the same
> right, in every State and Territory, as is enjoyed by white
> citizens thereof to inherit, purchase, lease, sell, hold,
> and convey real and personal property".

65. The two companies of Venture I & II, were to serve for national private financing because those SEC registered shares can be sold nationally without capital cap. But to keep the SEC registration effective, the two companies must file financial statement timely and renew their Nevada registrations and licenses annually. Grogan wanted these shares by issued a series of orders dated 3/2/13, 5/10/13, 6/19/13, 2/18/14, 5/7/14 and 6/6/14 respectively. The incarceration made Chien impossible to keep the intellectual value of the companies. But after Grogan, Mr. Clark and Freer obtained all the original documents such as

communication with SEC, confidential SEC filing access codes, bank information, Nevada registrations and licenses, they did nothing. Eventually, *SEC made order on 03/23/16 to revoke the registration of the two companies*. Therefore, all values of intellectual properties diminished. This is evidence the debt collection just an excuse, and the real purpose is to retaliate Chien by destroying Chien's property, business, and life, offenses of "18USC §1512 & §1513".

66. Grogan obtained Chien's original stock certificate of CHBM, then issued another letter (order) on 9/18/14 to Island asking to make false CHBM stock certificate No.1073 of 1,002,436 shares of Common Stock for Freer, by illegally unauthorize using signatures of both Chien and Mr. Li plus the CHBM seal.

67. After Freer obtaining CHBM stock certificate on 9/26/14, he never informed the corporation of CHBM, and never made any SEC filing to inform the control change of CHBM, and disclose his high percentage ownership of CHBM common stock. But he, under consultant of Mr. Clark, fabricated a CHBM shareholder meeting for the purpose to claim him as an elected President of CHBM to replace Chien (note: CHBM filed 8-K on 7/11/16 to announce that there was a shareholder meeting with 100% voted shares rejected Freer becoming the control shareholder and elected Chien as the only director). Under consultant of Mr.

Clark, Freer mailed meeting notice, agenda, and ballot to some shareholders by himself without SEC filing, or any contact with Secretary Li of CHBM. For the purpose to masquerade his false meeting as true one, Freer falsely used the name of third party of Mr. McNelley as inspector of election, to publish false election report and false meeting minutes, and listed Mr. Clark as his corporation counsel.

68. Freer without notice to any shareholder, claimed to move CHBM from CT to VA at 203 Twin Ridge Lane, Richmond, VA 23235, and opened a bank account in Wells Fargo, 1701 North Parham Road, Richmond, VA 23229, then under false identity of President of CHBM to steal all cash of $73,430 from People's United Bank, 265 Church Street, New Haven, CT 06510 on Nov. 26, 2014, without any notice to Chien who is trustee of that account of CHBM. This is money laundering, and transfer of unlawful money, offenses of "18USC §1956 & 1957", as well as offense of VA Code "§18.2-186B", at false statement to obtain property.

69. (a)Freer wrote a board meeting minutes of CHBM, marked date of Dec. 8, 2014 to announce: (1) closing CHBM business to distribute CHBM cash to all shareholders per their share owner-ship ratio. But none of any shareholders received any notice or distribution. Chien believes CHBM cash was paid to Grogan and Mr. Clark; (2) McNelley as acting secretary of CHBM, which is

another false statement because Freer himself was secretary of CHBM in his 2014 registration.

(b) CHBM was established on Dec.17, 2010 in Nevada by Chien with Secretary of Mr. Li, but Freer in November and December of 2014, in Nevada, twice made registrations by false identity to claim that he had four titles such as President, Director, Treasurer, and Secretary of CHBM. From registration rule of Nevada, Freer's false identity action should deserve punishment of class C felony (NRS 193.130…2(c)) due to Nevada code NRS 239.330. The **false identity registration was corrected now**. Chien as president, and Mr. Li as secretary were recorded in Nevada registration in all annual lists since inception.

70. In the conspiracy of that Grogan and Mr. Clark aided Freer replacing Chien to control CHBM, there was no any SEC filings, which violated securities laws. Grogan aided Freer to offend "18USC §1348"

> "18USC §1348 – Securities …… fraud Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> (1) to **defraud any person** in connection with any …. security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)); or
>
> (2) to obtain, by means of false or **fraudulent pretenses, representations**, or promises, any money or property in connection with the purchase or sale…… any security of an issuer with a class of securities registered

under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d));

**shall be fined under this title, or imprisoned not more than 25 years, or both."(emphases added)**

71. On 12/9/14, there was a hearing in Grogan office, in which Grogan and Mr. Clark based on Freer's false position, to wrongly occupy many assets of non-parties, and make copy of hard drive of CHBM computer, such as in transcript:

"Mr. Clark:… Mr. Chien has previously testified under oath that the **laptop computer** is owned by China Bull Management Inc., so it's not Mr. Chien's property anyway, based on his own testimony. But we believe that the laptop computer should remain here in Virginia. **Dr. Freer is now the sole director and president of China Bull Management Inc., it's asset of the company**, so we believe the laptop computer should remain.

Secondly: All China Bull Management Inc., records that are contained or were contained in the boxes we believe should remain here in Virginia.

……

Five: …. So we would ask, Commissioner Grogan, **that any stock certificates or corporate records related to any entities be retained in Virginia**.

COMMISSIONER **GROGAN**: … The laptop computer is owned by China Bull Management. And **I have seen records indicating Mr. Freer is now the owner of that**. So that may stay.I would ask, though: have you made a copy of what was on the hard drive that could be given to Mr. Chien?

Mr. Clark: There is a **copy** of Mr. Chien's **hard drive…**"

72. After Chien learned CHBM cash stolen, Chien filed motion to disclose the fraud in CT Superior Court, which held a

conference call on April 24, 2015, and Grogan, Mr. Clark and

Chien attended it in VA, while Freer, Byrne and Caldwell of

LeClairRyan attended in CT. Then Byrne, and Caldwell together

filed the objection dated 4/23/15, attached and delivered a set

of the following documents to the Superior Court in CT while Mr.

Clark delivered copies of same set to Chien in VA, which

included a copy of Grogan's order dated 10/31/14, to disclose

that:(1) he (Grogan) ordered to make false stock certificate for

Freer (¶7 of Grogan's 10/31/14 order); (2)he ordered vote right

of Freer's shares ( 1st order on P.5, id);(3)he ordered to

liquidate CHBM(¶ 13-16 & p.6,id);(4)he admitted that he opened

the shipped boxes indicating Chien was not presence (¶ 20,id);

(5) he ordered Freer's CHBM stock certificate in the possession

of Mr. Clark (2nd order on p.5,id) (note: this offended "18USC

§513" possess a forged security", "18USC §2314 transfer of

stolen securities, money", and "18USC §2315 receipt of stolen

securities");(6) Grogan wrongly used VA Code "§8.01-507 & §8.01-

509"(title of the order, id). Because the authority to sell

property of the debtor, was Chesterfield Circuit Court, not

Commissioner in Chancery, as specified in VA Code "§8.01-507.1

reporting" and "§8.01-509"&"§8.01-615" of sale by the Circuit

Court. Grogan didn't make reporting to Chesterfield Court. Freer

didn't have motion for sale. The sale decision was just a mask

for embezzlement. Because CHBM isn't a party, to steal its cash under false identity is grand larceny.

73. Grogan, Mr. Clark and Freer etc., deceived CT Court that Grogan order were the order of Chesterfield Circuit Court, made on 10/31/14. Later, the time-sheet of LeClairRyan showed Grogan order was made by Mr. Clark, and reviewed by Mr. Byrne on April 22, 2015. The date of the order was tampering.

74. In December 15, 2015, Mr. Clark, Freer and Grogan shipped two desktop computers from CT to VA Grogan's office, there was no any notice to Chien, no a penny of debt was paid by the two properties. Chien lost the two computers. The Debt collection is just an excuse for grand larceny and computer fraud of trespass and invasion of privacy. For allegation of Racketeering, it offended "18USC §1341 & 1343", "18USC §1951", and "18USC §1952".

The desktop computer of CHBM included loaded software "Go-filer" (total costs for $4200 in June 2012), and contained about a dozen of confidential SEC access codes for SEC reporting companies, including those tradable companies with tickers: CHBM, RDTK, VICA and SZSN; and a few thousands of social security numbers, or ID numbers of shareholders of CHBM customers. There is no right for Freer or Mr. Clark to obtain or access these. But they made copies of the hardware to access confidential information of both non-parties and Chien's without

permission, which computer trespass not only, but also computer invasion of privacy to illegally access Chien's personal photos and other private documents, which damaged Chien's privacy and fiduciary duty for customers.

**Part H. Mr. Clark Controlled & Ghostwrote Grogan Orders**

75. VA Code:

> "§8.01-609 Duties; procedure generally.
> **Every Commissioner shall examine, and report upon, any matters as may be rebutted to him by any court.** *The proceedings before a commissioner* **in chancery shall be conducted as set** forth in this chapter and **the Rules of Court**" (emphases added).

Followings are the rules to issuing a VA Court order:

(a) Judicial machine must be invoked by filing a complaint (Rule 3:2(a) of VA Supreme Court), or a Motion in writing (Rule 3:18(a), id).

(b) "The date of entry of any final judgments, order, and decrees shall be the day it is signed by the judge" (Rule 1:1, id).

(c) "…Orders that make up each day's proceeding of every circuit court shall be recorded by the clerk" (VA Code "§17.1-123")" … filing …… shall be conducted at Chesterfield Courthouse location…" (VA Code "§ 17.1-206").

(d) Orders are served parties promptly (Rule 5:4(b), id).

(e) Additionally, Chien was confined for Court-contempt,

therefore, Chien should be administrated for bail (VA Code "§19.2-120A") and informed of appeal right (VA Code "§19.2-120F") (Note: Both of which did not exist in each of Grogan orders.)

76. However in the archive of Case Cl.12-485 of Chesterfield Circuit Court, among Grogan issued 14 orders (excluding transportation orders), there were only 4 received, and 2 recorded in Docket, as shown in the letter Chien received from Ms. Goulding, Civil Division Supervisor, dated 3/18/16:

(a) Incarceration order of 5/10/13, received on 10/7/13, nearly five months later, not in Docket.

(b) Incarceration order of 6/19/13, received on 10/7/13, nearly four months later, not in Docket.

(c) Incarceration order of 3/9/15, received on 4/24/15, nearly 45 days later, recorded.

(d) incarceration order of 8/31/15, received on 9/14/15, 214 days later, recorded.

The Docket of Chesterfield Circuit Court, for Case Cl. 12-485, clearly showed what Mr. Clark and Grogan intended to abuse and tamper the Court's records in taking the advantage of the gross negligence of Defendants Worthington, Craze, Hughes, who was Clerk in sequence.

77. Following showed the details of Mr. Clark how to make his

orders using Grogan's name, then masqueraded his orders as
Chesterfield Circuit Court's by violating VA rules:

(a) 1/4/13 Summons and order issued by both Mr. Clark and
Grogan respectively in conspiracy. Both are not in Docker.  No
Motion procedure, and to engage Grogan secretly, violated
"§8.01-506C & 607". Both Grogan and Mr. Clark committed Class 1
Misdemeanor.

(b) CAPIAS order dated 2/25/13. The excuse for this order
was Chien absent from Grogan's scheduled hearing on 2/12/13, but
Grogan's engagement, not approved by Chesterfield Circuit Court.
This order, ghostwritten by Mr. Clark, was not in the Docket.

(c) 3/2/13 order to force Chien submitting cash of CHBM
etc., without giving Chien an opportunity to make objection,
without report to the Court, not in Docket.

(d) CAPIA order issued on 3/19/13, because Chien rejected and
appealed Grogan 3/2/13 order by fax to Grogan on 3/5/13. The
order was Mr. Clark's ghostwriting. The excuse of CAPIAS was
Chien will be absent from 4/2/13 hearing, scheduled by Grogan
and Mr. Clark. The conspiracy of arresting Chien was two weeks
ahead of the date when Chien would be absent. This order isn't
in Docket. Further, the scheduled hearing on 4/2/13 should
surrender to Chesterfield Circuit Court because Chesterfield
Circuit Court had a scheduled hearing on 5/31/13.

(e) 5/10/13 incarceration order. Mr. Clark in his office, ghostwrote this order by using Grogan's facsimile signature. There was no motion procedure, by-passed the Magistrate, no any copy served to Chien, violating "§19.2-11 procedure for Court-contempt", which requires serving Chien personally. Until 10/7/13 with delay of about 5 months, Grogan sent this order to the clerk office by fax, not recorded in Docket.

(f) 6/19/13 incarceration order. Mr. Clark in his office, ghostwrote this order without motion procedure. Judge Rockwell on 5/31/13 hearing, rejected this order as a Court order. Until 10/7/13, this order sent to the clerk office by Grogan's fax, and was not recorded in Docket.

(g) 2/18/14 order. Mr. Clark in his office ghostwrote this order by using Grogan's facsimile signature with term not to serve Chien until it is completed. Mr. Clark conspired with defendant Worthington to make a false certificate to claim this order was Chesterfield Court's order. Mr. Clark on his letter of 4/30/14, requested to lodge it in the Docket of Chesterfield Court, but was rejected.

(h) 5/7/14 incarceration order. Mr. Clark in his office, ghostwrote this order without motion procedure. Mr. Clark helped Grogan impersonating as a judge to sign this order. This order contained straight language to force Chien stealing cash of CHBM

and Venture III, then submitting to either Grogan or Mr. Clark. This order is not in Docket of Chesterfield Court, despite that the order has words to the clerk for lodge. Chien appealed in VA Court of Appeals with Recording No. 1177-14-2, but failed.

(i) 6/6/14 incarceration order. Mr. Clark in his office, ghostwrote this order without motion procedure. This order has term to lodge in the record of Chesterfield Court, but rejected.

(j) 9/18/14 order (letter) to Island for issuance of Stock certificate, written by Grogan himself. This order has no motion procedure, is not in Docket.

(k) 10/31/14 order. Mr. Clark in his office on 4/22/15, ghostwrote this order by using Grogan's facsimile signature. The order date was tampering. It was served both Chien and the CT Superior Court a copy on 4/24/15, about six months later. This order has no motion procedure, is not in Docket of Chesterfield Circuit Court despite it has ordered to lodge it in. This order contained the contents of changing control of CHBM and liquidating the assets of CHBM, offense of subject-matter jurisdiction, because CHBM is non-party, and no any judgment against CHBM. This order interrupted the operation of Chesterfield Circuit Court because the sale authority of the property of Debtor was at Chesterfield Circuit Court (VA Code "§8.01-509 & 615"), not Grogan.

(l) 3/9/15 incarceration order, which didn't have motion procedure and was requested by Mr. Clark, and made by Grogan around 4/23/15. Grogan send copy to Chesterfield Circuit Court on 4/24/15, and Chien was received on 5/2/15. The order date was tampering as 3/9/15. The service violated both Rule 5:4(b) of VA Supreme Court, for prompt, and VA Code "§19.2-11" for personal.

(m) 8/31/15 incarceration order. Mr. Clark in his office made this order by using Grogan's facsimile signature, but sent out by first-class mail on 9/7/15, one week later after the order was made, to both Chesterfield Circuit Court and Chien, which received on 9/14/15. Mr. Clark took the job of both Judge and Clerk of this order. It didn't have motion procedure. The service violated both Rule 5:4(b) for prompt, and "§19.2-11" to serve Chien personally.

## Part I. Corrupted Operation by Sheriff Leonard

78. From the fact that none of Grogan's orders was reported to the Court timely, or obtained approval, it concluded that Mr. Clark, Grogan with sheriff Leonard made conspiracy together, by excuse of "Civil Contempt" to illegally incarcerate Chien indefinitely. Defendant Leonard joined the conspiracy, because he violated VA Code "§ 17.1-214. Clerk to deliver or send process to sheriff". Leonard didn't get the process from the clerk office, before he administrated Chien in jail.

## Part J.  VA Court of Appeals Abused Concept of Civil-Court Contempt

79. After Chien was arrested on 5/8/13, and suffered Solitary Confinement in the jail of Chesterfield County, Chien was transferred to Riverside Regional Jail on 5/13/13. But, Chien didn't know how long he will be confined, because no one served Chien a copy of 5/10/13 order, except the police gave Chien CAPIAS order dated on 3/19/13. Then he wrote, and hand copied, a Motion by pen on blank back side of a printed paper, because jail has no paper to supply inmates to write, and inmates must buy a pad at canteen which Chien must wait about two weeks to pass the first procedure. The Motion was under Case Cl.12-485, to ask Judge to halt the incarceration, and allow Chien back to CT filing bankruptcy, but without response.

80. Also, Chien wrote letter to VA Supreme Court regarding the incarceration, and was informed to contact the Court of Appeals. Then Chien applied appeal with the CAPIAS order dated 3/19/13, which he possessed only. VA Court of Appeals assigned the Recording No. 1242-13-2. On 7/12/13, VA Court of Appeals prejudiced Chien by issuing following order:

> "Andrew Chien Appellant against Richard J Freer Appellee
> Record No. 1242-13-2
> Circuit Court No. CL.12-485
> (Appeal of the March 19, 2013 order)
>
> It Appears that this Court does not have jurisdiction over this case. See Code §§17.1-405 and 17.1-406. However,

as the notice was not timely filed in the trial court, the case cannot be transferred to the Supreme Court of Virginia pursuant to Code §8.01-677.1. Accordingly, the case hereby is dismissed. This order shall be certified to the trial Court" signed by Cynthia L. MaCoy, Clerk.

Although this order cited the reason of denial from the existing documents which Chien submitted, but, it violated both Amend VI and XIV in dealing with the issue underlying the Appeal Letter. The appeal is for the basic constitution right of Chien's liberty. After one lost liberty, he lost the capability to make a qualified appeal process due to enforcement. VA Court of Appeals, did same mistake of Chesterfield Circuit Court, to violate Amend VI, by not assigning Chien an attorney, despite of Chien's request after arrest.

81. VA Court of Appeals also violated Due Process Clause of Amend XIV by asked Chien, not the enforcement authority, being responsible for all papers for Chien's incarceration. Because, after Chien lost liberty, Chien lost much capability to defend his right under freedom, especially Chien was the victim of the corruption of private lawyers and some state actors, who didn't perform the standard procedure. The Appeal process is disagreement from the lower court's results, which may have court fraud. VA Court of Appeals should identify that it is the duty of the enforcement authority to deliver all legal documents relative to incarcerate the inmates. Any deficiency of the

66

paper of the enforcement department should create the
possibility to release Chien. Therefore, VA Court of Appeals
would have continued Chien's Appeal by informing Chesterfield
Circuit Court that there was no document to show the legality
after Chien was incarcerated for over two months. Remember, in
VA, Police must release the lock-up person after 72 hours if
without any charge. Why this rule isn't suitable here.

82. On April 18, 2014, Chien in Chesterfield Circuit Court,
with Memorandum, filed "Motion (i) Release Chien Immediately;
(ii) Remove William K Grogan as Commissioner in Chancery; (iii)
Order William G Grogan, LeClairRyan and Richard J freer to
Reimburse the Government Costs of Incarcerating Chien".

As above ¶53 mentioned, Grogan conspired with Mr. Clark,
aided by defendant Craze, impersonated as Judge to deny Chien's
motion dated 4/18/14, and to make Order dated 5/7/14. Chien
filed another appeal for the order dated 5/7/14 in VA Supreme
Court with Recording No.140842, which gave instruction:

"Finding that this Court does not have jurisdiction over
the appeal in this case, Code "'§ 19.2-318'"

then transferred the Appeal to VA Court of Appeals on 06/26/14
with Recording No.1177-14-2.

83. "§ 19.2-318" is "Appeal on writ of error to judgment for
contempt". Therefore, Court of Appeals should have clear subject
issue of this case. In Chien's Brief, Chien cited several VA

codes regarding limitation of the incarceration time:

> "§18.2-457 No court shall, without a jury, for any such contempt as is mentioned in the first class embraced in § 18.2-456, impose a fine exceeding $250 or *imprison more than ten days*".

> "§19.2-237…On any indictment or presentment for a misdemeanor process shall be issued *immediately.*"

> "§19.2-242. *Accused discharged from jail if not indicted in time.* A person in jail on a criminal charge shall be discharged from imprisonment if a presentment, indictment or information be not found or filed against him before the end of *the second term of the court at which he is held to answer*…." (Note: it is about two months for a term of Court)

> "§19.2-243…… there is probable cause to believe that an adult has committed a felony, the accused, *if he is held continuously in custody thereafter, shall be forever discharged* from prosecution for *such offense if no trial* is commenced in the circuit court *within five months* from the date such probable cause was found by the district court…"

> "§53.1-187. *Credit for time spent in confinement* while awaiting trial. Any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person in …… local correctional facility awaiting trial or pending an appeal," (emphases added).

Additionally, Chien listed detail to claim that the purpose of incarcerating in VA, was for cash of CHBM, a non-party. Alternatively, it is false imprisonment for cash.

84. Mr. Clark was the counsel of Freer, he filed several motions with conflicted statements of whether Grogan's orders were Chesterfield Circuit Court's.

Mr. Clark, and other Attorneys of LeClairRyan on 7/25/14, 9/25/14 and 1/9/15 respectively, made filings to argue that

Grogan order is not the order of Chesterfield Circuit Court, therefore VA Court of Appeals didn't have subject matter of jurisdiction over Chien's appeal for illegal incarceration.

Mr. Clark, and other Attorneys of LeClairRyan, on 12/22/14, for the purpose to oppose Chien's grand larceny allegation of CHBM, filed Memorandum to claim that "Dr. **Freer is the lawful majority shareholders of CHBM** and no criminal activity has taken place with respect to the entity or any of the actions that have been taken pursuant to CHBM's bylaws and **Court orders**" (emphases added). In additional to conceal Freer's grand larceny, Mr. Clark etc., here claimed **Grogan orders were the orders of the Court**, to argue Chien's allegation that Grogan's orders wasn't authorized by the Court.

These Motions were evidence of perjury from VA Codes: "§18.2-434 perjury", and "§18.2-435 Giving conflicting testimony on separate occasions as to same matter; indictment; sufficiency of evidence".

85. Mr. Clark filed Brief of Appellee on 1/6/15. In which, Mr. Clark disputed that the indefinitely incarceration was from VA "Code §8.01-508 likewise authorizes the judgment debtor to be held until he answers the judgment creditor's inquiries". In later hearing, Mr. Clark abused again to claim "VA Code §8.01-508" allowing incarceration indefinitely.

86. Chien filed 'Reply Brief' on 1/20/15, by cited "§ 19.2-318 Appeal on writ of error to judgment for contempt", and attached multi-evidence of Freer to make false stock certificate, and to steal cash of CHBM under false identity (above ¶68-69) etc.

87. Defendant Chief Judge Huff, Hon. Decker, and Hon, Clements made a hearing, in which Chief Judge Huff noticed that Grogan never made report to the Court, but he didn't take act to ask Grogan making report, or treated Grogan order of 5/4/14 as a report. On June 30, 2015, Chief Judge Huff made an order, after Chien had been imprisoned for over 25 months.

In that order, Chief-judge Huff by-passed merits dispute, and didn't make comments of the abuse interpretation of VA Code "§8.01-508" by Mr. Clark. But, he used technical reason of the document format, to deny Chien's claim, such as Chien's Brief was not in compliance with Rule 5A:18, Rule 5A:20, by citing

> "An appellant's opening brief "shall" contain a "statement of the assignment of error with a clear and exact reference to the page(s) of the transcript, written statements, record, or appendix where each assignment of error was preserved" Rule 5A:20(c) …blame that Chien's document format such as Appendix etc., not match the requirement of Appeal especially Chien alleged 58 Assign Errors.(Last paragraph of P.2 of the order)

As for Chien submitted grand-larceny evidence, which Mr. Clark didn't have any dispute, the order said:

> "Additionally, an appellate court may not receive new

evidence…. It also 'cannot base its decision upon [an] appellant's…. brief or [unsworn] statement … in open court." (Second Paragraph of P.3 of the order).

88. Chien didn't want to dispute that Chief-judge Huff wants the documents of every case perfect, and the evidence needs jury trial to verify. But again, Chief-judge Huff violated Amend VI & XIV, by not recognizing that it is the trial court without following standard procedure to cause the deficiency, while Chien's evidence was preponderance, suitable to enter trial. Especially, when he wrote that order, Chien had been incarcerated too long. It would have been no problem for him to make his own decision, or return the case back to trial court to determine the procedure of punishment of the "civil-contempt", with no necessary to make decisions of all issues of 58 Assign Errors. But, he selected to by-pass this case, tolerate the crime, and making Chien continuous as victim of racketeering.

### Part K. Defendant Commonwealth at Mr. Clark's Misrepresentation to Sanction at Chien

89. In summer of 2014, Chien based on VA Prisoner Litigation Reform Act, in the Circuit Court of the County for Prince George ("Prince George Circuit Court"), where the Riverside Regional Jail locates, filed two companion lawsuits. One is Chien v Freer, Mr. Clark and LeClairRyan under Case: Cl.14000491. Mr. Clark etc., represented the defendants. Another is Chien V. Commonwealth of Virginia, Grogan, and Grogan Associates, under

case: Cl.14000549. One month earlier before the case initiated, Chien wrote letter to Defendant AG Herring to inform the potential lawsuit regarding Civil Right violation. Although, Assistant Attorney General, J. D. McChesney ("AAG Machesney") wrote pleadings, but Defendant AG Herring's name listed on the filing as counsel for defendants, and Defendant AG Herring approved what AAG Machesney did.

90. In Case Cl. 14000549, Chien on 8/20/14, mailed motion to allege civil right violation, and ask release immediately, by citing VA Code "§8.01-612", and "§18.2-457 No court shall, without a jury, for……contempt ……imprison more than ten days".

But, Commonwealth at AAG Machesney, ignored the Motion. Prince George Circuit Court originally arranged a hearing dated 9/8/14, for Chien's pleadings, but Commonwealth, and Mr. Clark wanted Summary judgment without a hearing to make a general denial of Chien's pleadings, which violated Due Process Clause. Because the Summary Judgment can't be granted before carefully examining the evidence:

> "At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. ……… In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law (Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986))

Of Course, Chien's existing incarceration records were clear and

convincing evidence of the false imprisonment. Then Commonwealth at his counsel, took excuse of Government refusing to cover the costs of transportation of the hearing for civil case to cancel the hearing. On the letter dated 08/15/14, to Bishop Knott, Clerk of the Court, AAG Machesney etc., conspired together with Mr. Clark for objection, wrote: "Neither one of us believes that our clients should have to bear the cost of the plaintiff's attendance at court in this civil action." (Note: the cost of transportation, which served inmates collectively, is small faction of the cost of everyday incarceration). Prince George Circuit Court, upon requests, cancelled the hearing, and signed Commonwealth asked order to use conclusion and label without evidence, to deny Chien's complaint.

91. In another case of Cl.14000491, the conspiracy between Mr. Clark and Commonwealth for discrimination Chien, was in development. With copy being sent to non-party Commonwealth's two counsels in conspiracy, Mr. Clark filed Motion to Sanction Chien on August 29, 2014 in his case, which has 3 defendants only. However, in that Motion, he claimed to represent Commonwealth and others also, as shown in sanction term of the draft order ("Clark Asked Order"):

> "ORDERED that Defendants' Motion for Sanction is GRANTED and the following ***pre-filing injunction is hereby instituted and shall remain in effect unless otherwise modified by Chesterfield Court:***

...

(ii) Andrew Chien is hereafter **prohibited from commencing a new lawsuit in any state court** in the Commonwealth of Virginia against following persons, entities, and/counsel who have involved a prior *pro se* litigation commenced by Andrew Chien:(a) Richard J. Freer; (b) Andrew K. Clark; (c) LeClairRyan P.C. (**including any attorneys employed by LeClairRyan, P.C**); (d) **Commonwealth Biotechnologies, Inc.**; (e) **William K. Grogan, Commissioner in Chancery**; (f) **William K. Grogan & Associates;** and (g) the **Commonwealth of Virginia** (collectively the "Named Defendants";

(iii) Should Andrew Chien desire to **file a new lawsuit** against any of the foregoing Named Defendants, he is required to do the following: (a) **inform Chesterfield Circuit Court in which he seeks to file** of the pertinent facts concerning the action he intends to bring, including the existence of the pre-filing injunction imposed by this Order and of any outstanding litigation against the Named Defendants; and (b) obtain leave of that court to file the action;" (emphases added).

92. Mr. Clark claimed to represent every attorney of

LeClairRyan, which has about 390 attorneys nationally. In total,

Mr. Clark represented 396 persons/entities (not counting Clark

himself), including non-party Commonwealth, in his asked order.

Such misrepresentation is a serious discrimination at Chien. On

today or future, Chien can't file directly lawsuit against

defendant Commonwealth in any state court of VA without

in compliance of the requirement of pre-injection filing, which

damaged Chien's reputation, and creates extra-burden on Chien,

and violated Due Process Clause for equal under law.

93. Commonwealth of Virginia has 120 Circuit Courts and

District Courts respectively, in which Prince George Circuit

Court didn't have jurisdiction for other 119 Circuit Courts and District Courts respectively. Therefore, the sanction order contained 393 misrepresentations, and 94,248 (=396*119*2) jurisdiction errors, which **created serious and widely legal unfair of due process on Chien**, with 94,248 persons/places in combination. Further the pre-injection filing is not limited to the issue argued in Case Cl 14-000491, but for any new lawsuit, such as a car accident, or any tort, including the Racketeering and Civil right claim here. This is a forever legal unjust privilege over Chien by the 396 parties including Commonwealth, misrepresented by Mr. Clark. Although this legal unfair has been enforced in VA, but it makes Chien to suffer legal unfair of due process anywhere in this nation, including CT, where any employees of Virginia Commonwealth, attorneys of LeClairRyan and Grogan and Grogan Associates work on. For example, currently Chien has countersuit in CT against LeClaiaRyan and Grogan. But the properties of the two parties locate in VA. If Chien will get award over any of them in CT, Chien will file the award in a state court of VA for execution, then the pre-filing injection order in Prince George Circuit Court will create unfair due process over Chien. This isn't just perspective. There was a real case relative to Grogan, to approve it. Details later.

94. Upon this effective sanction order, defendant

Commonwealth, including every employee of Commonwealth, and

Grogan, Mr. Clark, and others, invaded Chien's equally right of

"sue" under "42USC § 1981".

"42USC § 1981 - Equal rights under the law

(a) Statement of equal rights
All persons within the jurisdiction of the United
States shall have the **same right** in every State and
Territory to make and enforce contracts, **to sue, be
parties, give evidence**, and to the full and equal benefit
of all laws and proceedings for the security of persons and
property as is enjoyed by white citizens, and shall be
subject to like punishment, pains, penalties, taxes,
licenses, and exactions of every kind, and to no other."
.........
(c) Protection against impairment
The rights protected by this section are protected
against impairment by nongovernmental discrimination and
impairment under color of State law."(Emphases added)

95. On 9/08/14, Hon. Nathan Curtis Lee signed both asked

orders without presence of Chien, which violated Due Process

Clause of Amend XIV. The sanction order must be corrected.

Unfortunately, Hon. Nathan Curtis Lee passed away. This is why

here to list Hon. Sharrett, Chief-judge of Price George Circuit

Court, as defendant to take care of the necessary remedy.

96. After Chien failed in Case Cl. 14000549, Price George

Circuit Court, Chien applied Appeal in VA Circuit Court with

Recoding No.151219, which was failed due to not timely filed

Appeal. Traditionally, such failure was Appellant's failure by

not taking act timely. But, here is different. Chien's failure

was due to Clerk Bishop Knott's deficiency operation in

certifying and delivery of the Court's order to Chien.

Due to the operation procedure, the clerk will certify the order which judge signed, then send to parties. However, the 21-day's limitation for Appeal was to count the day when the judge signed the order. Therefore, either missing signature, or later time certifying will cause the delay of filing appeal. It is important to follow the Rule 1:1 of VA Supreme Court that

> "The date of entry of any final judgments, order, and decrees shall be the day it is signed by the judge"

But, Clerk Bishop Knott didn't exactly follow it, which caused Chien's appeal failure due to the reason either of filing improper Court's order format, or not timely filed.

97. In both cases of Price George Circuit Court, Chien filed motion for reconsideration of the orders dated 9/8/14, then waiting for answer. But there was no ruling of the Court. Therefore, Chien made Appeals for both, but both failed due to not timely making appeal filings.

In order to reopen the cases in Prince George Circuit Court, Chien tried two different ways. One was to apply for reopen by paying certain fee, which was rejected, and the fee returned. Another was that Chien filed "Motion of Applying § 8.01-428D Independent Actions to Relief Chien from Judgment Dated Sept. 8, 2014" on 2/17/15. But, in Case Cl. 14000549, defendant Commonwealth didn't give any answer. Then Chien filed "Motion

for Default Judgment". There was still no answer, but the court

didn't grant Chien's Motion. Then, Chien continued to file

Second, and "Third Motion for Default Judgment". On 6/23/15,

Bishop Knott wrote Chien a letter to mention that:

> "Dear Mr. Chien: Your Third Motion for Default Judgment has
> been denied…."

But, there was no signature of any judge. As an inmate, Chien

didn't have physical capability to make communication with

Bishop Knott to correct the mistake within 21 days, because (a)

Chien received that letter about one week later; (b) Jail

processed the request of inmates to send out check only once

every week, and inmates must apply one business day earlier.

Therefore, it always waited for one week to mail out a check for

payment of appeal fee; (c) no telephone call between the court

staff and inmate allowed; (d) The fourth of July is holiday, no

mail service, but counting into 21 days limitation; (e) Chien

had waited four months to get that denying letter for possible

appeal. Then, Chien used that letter to make Appeal to VA

Supreme Court with Recording No. 151104.

98. On 09/29/15, Clerk of Ms. Harrington of VA Supreme Court

wrote letter to inform Chien that the letter of 6/23/15 of

Bishop Knott was not the order of the Circuit Court. Chien send

that letter to Bishop Knott. But Bishop Knott didn't ask the

judge to make order at Chien's Motion. On 11/4/15, he put his

certification for Court's order, but without mention what the
order was, on the bottom of the letter of Ms. Harrington of VA
Supreme Court. Then he mailed back that letter to Chien. Chien
can't use that letter to continue the appeal because of no order
of the Circuit Court attached. Then in December of 2015, Chien
wrote a detailed letter to Chief-judge Sharrett to explain the
Appeal procedure, asked the court to reissue the updated order
of denial of the motion with updated Clerk's certification.
Chief Judge Sharrett signed a new order on December 30, 2015,
but Bishop Knott held that order for over 70 days, and until
3/11/16, he certified that order, then mailed to Chien. Chien
can't use that certification with 70 days delay behind of the
order to make appeal. Chien was compelled to abandon the appeal.
Chien suffered violation of Due Process Clause, because Bishop
Knott didn't follow Rule 1:1 and 5:4(b) of VA Supreme Court, to
certify and delivery the order promptly.

### Part L. Clerks Perjured Chien's Incarceration Records

99. In Summer of 2015, Chien in Chesterfield Circuit Court
filed new lawsuit against Grogan and two Clerks: Defendants
Hughes, and Worthington for illegal incarceration, and extortion
of money, and grand-larceny etc. under case: Cl.15-1569.
Defendant Worthington was retired in early of 2014, and Chien
can't find her address to serve the Summons timely due to the

incarceration, which is evidence that the illegal incarceration invaded Chien's equal right under the law, violation of "42USC §1981(a)".

100. During Chien's incarceration, Chien sued Grogan for several times, but this was the first time to allege Clerks of Chesterfield Circuit Court. Why? Because Chien realized that without Clerks joined the process of creating and keeping Chien's false inmate records, Grogan with Mr. Clark had no way to confined Chien for so long time.

Grogan isn't salary paid county attorney, not a member of the department of enforcement (VA Code "§15.2-836"), with no power to incarcerate Chien without the approval of the Circuit Court (VA Code "§8.01-612"), while Clerks are different:

> "§16.1-69.40 Powers and duties of clerks… The clerk and deputy clerks … may … issue warrants, detention orders, and other process…, subject to the limitations set forth by law".

101. The clerks of defendants Worthington (serving before March of 2014), Craze (April to Nov. 2014), and Hughes (after Nov. 2014), were gross-negligence at the conspiracy between Grogan and Defendant Leonard to abuse police force without procedure from the Process Book, which violated VA Code "§17.1-214 Clerk to deliver or send process to sheriff", and "§17.1-215":

> "§17.1-215 The clerk of a circuit court shall keep a

process book or file or, in lieu thereof, an automated system, in which the **clerk shall enter every such process, order or decree, showing its nature, date, return day and the person to whom, and the time when, it was delivered,** or, if it was mailed, the time thereof and the person to whom it was addressed. From any officer, to whom there is such delivery, the clerk shall take a receipt in the process book or file or enter the receipt on the automated system" (emphases added).

If Clerks had performed "§17.1- 214 & 215", it would have been the Court, not Grogan to make decision of why and how Chien was incarcerated.

102. Further, it is Clerk, not Commissioner in Chancery, to be responsible to process the payment of inmates from the local government, and Commonwealth. Therefore, it was Clerks who deceived Chesterfield County to get the payment from tax-payers to aid Grogan's false imprisonment of Chien. (Note: Due to Government report, the operating costs in Riverside Regional Jail per inmate, was over $25,000 in 2015).

103. In this case Cl.15-1569, AAG McChesney represented Grogan, with AG Herring's name printed as first Counsel of Grogan. Therefore, it should interpret that AG Herring approved what AAG McChesney did.

104. AAG McChesney representing Grogan, mailed motion on 7/24/15 (docket of Cl. 15-1569) to dismiss the case by wrongly applying the pre-filing injection requirement as shown in the sanction order of the case Cl.14000491, which was held in a

different jurisdiction and Grogan was not a party. But, Hon. T.L. Hauter, after receiving the Motion from the mail on 7/28/2015, immediately approved that Motion, without arranging a hearing, or waiting Chien's response to give Chien any chance to argue for misrepresentation, or jurisdiction error. Later, Chien filed Motion to Sanction Grogan for Applying Misrepresentation Order, but was denied by Judge on 8/12/15. Chien's motion for suspending Grogan's incarceration also was denied on 8/12/15. AAG McChesney representing Grogan, by taking the privilege of the unfair due process on Chien, avoided to dispute any merit and evidence of Chien's about 40 allegations against Grogan. This is another violation of Due Process Clause.

AAG McChesney aided Grogan to incarcerate Chien longer.

105. Chien appealed this case to VA Supreme Court with Record No.151316, which has order for dismiss "without prejudice" on 1/28/16. Then Chien made several new pleadings in Chesterfield Circuit Court under Case Cl. 15-1569:

(a) First Amendment of Complaint dated May 20, 2016, which hasn't been made any ruling.

(b) "Motion to Commerce Procedure of Removing the Attorney License of Defendant William K. Grogan", which was under VA Code "§54.1-3934 Revocation of License By Board", with publicly notarized attachment of four pages to allege Grogan committed

multi-counts of both misdemeanor and felony in the illegal VA
Debt Collection. The process of applying VA Code "§54.1-3934" is
to allow private victim to use criminal code to sue the crime of
attorneys. There was no hearing or ruling of this Motion.

106. In additional to these pleadings, Chien also sent
letters to allege the criminal nature to incarcerate Chien.
There were two important letters to send to: (a)Attorney General
Mark H Herring; (b)Commonwealth Attorney of Chesterfield County:
W. W. Daveport; (c)Grand Jury of Chesterfield County; (d)Six
judges of Chesterfield Circuit Court, including Judge Rockwell,
and Chief Judge Steven McCallum; Hon. T J. Hauler;(e) Court
Administrator of Chesterfield Circuit Court;(8) Clerk Wendy S
Hughes.

The first letter dated 5/6/16, with subject:

"White-criminal investigation imminent for (1) Chien's
illegal incarceration by private crime in perjury and grand
larceny; (2)Clerk office tampering Order Book offending §18.2-
472 in Case CL.12-485".

The Second letter dated 5/20/16 with attachment of Chien's
affidavit with subject:

"Allegation of over a dozen of counts of both felony and
misdemeanor offended by William K Grogan ("Grogan") against US
Court and US Government under shield of Chesterfield County

83

Circuit Court".

107. Defendant AG Herring and his employees have well been informed of the Civil Right violation consistently.

Chien first wrote complaint of the illegally incarceration to the office of Commonwealth Attorney of Chesterfield County in November of 2013.

In February and April of 2017, Chien used e-mail and certified first-class mail respectively, sent detailed documents to Attorney General Mark K Herring to allege that Grogan etc., engaged the false imprisonment for ransom.

**Part M. VA Supreme Court Infringed Chien's Civil Right**

108. Chien also applied "Writ of Habeas Corpus" for freedom in VA Supreme Court, but failed.

Writ of Habeas Corpus was with Record No. 152307, based on Case of Recording No. 151219, Chien V. Commonwealth & Grogan, which appealed from Case Cl.14-549 Price George Circuit Court. On 12/15/15, Supreme Court made such order without hearing, or further examining and collecting evidence, violated Due Process:

> "Upon consideration of the petition for a writ of habeas corpus filed on August 5, 2015, the Court is of the opinion that Petitioner's claims assert conclusions or opinions without providing factual support and, therefore, do not support the issuance of a writ of habeas corpus……."

When the order issued, Chien had been in jail for 952 days under allegation of civil contempt which allowed for maximum 10 days

imprisonment (§18.2-457). If to affirm on the VA code "§18.2-457", there will not have documents error. But, the Supreme Court took the excuse that it couldn't find the fact that Chien should be freedom. Remember Chien's suit dependent on "Prisoner Litigant Reform Act", where the Prince George Circuit Court has full authorization to release Chien by sending notice to Chesterfield Circuit Court only. Supreme Court violated Amend VI & XIV. If there was document error, Supreme Court should recognize that it is the trial court without following standard procedure to cause the deficiency of documents.

109. Chien also applied Petition for Writs of Mandamus and Prohibition in VA Supreme Court on 2/17/2016 with Record no. 1523207, to ask halting Grogan's incarceration order dated 8/31/15 with Recording No. 160254, but denied.

Although the Supreme Court separated Chien's petition from the appeal case of Recording No. 151316, which was appealed from Chesterfield Circuit Court with Chien v. Grogan and Hughes Cl 15-1569. But, the two are companion cases. In that case, the Supreme Court didn't deny any evidence which Chien presented for alleging Grogan's illegal incarceration for so long time. Also, Chien asked the process of En Banc for that Appeal. Therefore, every judge of the Supreme Court was aware the fundamental allegation that Chien's incarceration indefinitely was private

action, unauthorized, and criminal. But, the Supreme Court
avoided to address the unauthorized, and criminal operation of
Grogan. Instead, the Supreme Court used the excuse that the
incarceration was private, then, it lacks jurisdiction to stop
the private (criminal) act. The order issued on 6/13/16, was:

> "Upon consideration of the petition for writs of mandamus
> and prohibition filed February 17, 2016, the Court is of the
> opinion that the writ should not issue. Mandamus does not
> lie in this case as **petitioner does not seek to compel a**
> **public official** to perform a purely ministerial duty. In
> addition, mandamus and prohibition are not substitute for an
> appeal. Grif v. Kregley, 115 Va. 552, 557, 79S.E. 1062,
> 1064(1913). It is therefore ordered that the petition be
> dismissed." (Emphases added)

110. In the process of Appeal of Recording No. 151316, Chien
asked VA Supreme Court to assign Chien an attorney. The court
mailed Chien a form of Affidavit to verify Chien having no money
to hire the private lawyer. Chien, at that time had about
negative equity of $1.9 million (judgment debt of $1.6 million
plus 6% of annul interests). But, Chien had problem to get
service of public notary for the Affidavit for weeks from the
case manager of the jail. The Supreme Court gave Chien a remind
letter dated Dec. 21, 2015, and informed Chien that if Chien
couldn't send back the Affidavit on 1/6/16, the Application for
assign an attorney will be denied. Then, Chien filed grievance
in the jail, and sent Sheriff Leonard, a complaint letter for
lacking service of copy and public notary in the jail.

Fortunately, the jail resolved the public notary, and via fax to send a copy of Affidavit to the VA Supreme court on December 31, 2015. But VA Supreme Court still denied assigning Chien an attorney by Violating Amend VI & XIV, then denied Chien's Appeal on 1/28/16.

111. Chien also filed "Writ for Habeas Corpus" in Chesterfield Circuit Court on 4/21/16, with Case CL.16HC1123-0. Judge Rockwell issued order to treat Superintendent of jail, not Grogan, as defendant on 5/27/16, and asked the superintendent contacting Chesterfield County Attorney to verify Chien's legality of incarceration under civil contempt. In that period, Chien wrote letter to Commonwealth Attorney W. W. Daveport with complaint and attached order of judge Rockwell. Then, Chien was released on 6/27/16(Monday), under Grogan's order issued in evening of 6/24/16 (Friday).

### V. Standard and Argument

### Part A. Racketeering under Parallel Jurisdiction Controlled by Private Lawyers by Using Excuse of Civil Court Contempt

112. That Chien was incarcerated in VA for 1146 days, perjured by Grogan and Mr. Clark as a case of "Civil Contempt", was accepted by all of defendants, which is wrong, because:

(a) the power to imprison is a core judicial function, that should be reserved to judges, as Article III of US Constitution, Section 1 Specified:

"The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."

As early as over one century ago, "Kilbourn v. Thompson 103 U.S. 168 (1880), the US Supreme Court determined that the House of Representatives of the Congress of the United States was making false imprisonment, in issuing order to imprison, for 45 days in the common jail of the District of Columbia, a member of a real estate partnership for contempt to reject as a witness to answer certain questions. Because:

"6. The Constitution divides the power of the government which it establishes into the three departments -- the executive, the legislative, and the judicial -- and unlimited power is conferred on no department or officer of the government. It is essential to the successful working of the system that the lines which separate those departments shall be clearly defined and closely followed, and that neither of them shall be permitted to encroach upon the powers exclusively confided to the others. Kilbourn v. Thompson 103 U.S(1880) p.170

(b) VA Code "§ 17.1-513- Jurisdiction of circuit courts" also specified the Court's authority. That Grogan is Commissioner in Chancery under referred cases as specified in VA Code "§8.01-506C&D&E", "§8.01-607", "§8.01-612", is not a contract to hire Grogan as a replaced Judge. Grogan's power is limited as specified by "§8.01-507, 507.1, 509, 609 ,612, 615" as detailed in above, not repeated here.

(c) Court "Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the

administration of justice, or tends to bring the court into disrepute." Carter v. Commonwealth, 2 VA.App.392,396,345 S.E.2d5,7(1986). Court Contempt offends the dignity of the court, not the dignity of the judge, or any private lawyer. Therefore, to apply Court Contempt under Civil Case Cl 12-485, the private debt collection first must be in the system of Chesterfield Circuit Court, being considering Chien's act against public interests. But, none of Grogan orders had motion procedure to obtain the approval of any judge. Judge Rockwell didn't recognize them.

(d) Chien's case can't apply Court contempt because to execute Grogan order dated 3/2/13 in Chien's incarceration was legal impossible. As mentioned above ¶11, Chien's personal cash already paid the debt in March of 2013. The other items have interests of non-parties, Chien didn't have right to use them to pay Chien's personal debt. Further, Chien's property locates in CT, VA court doesn't have jurisdiction on it. Especially, among July to December of 2013, the Bankruptcy Court of CT managed Chien's assets, which made VA no jurisdiction in Grogan's orders not only in general, but also in court's administrative procedure. There is no rule, statute, or any case law existing for imprisoning someone for court contempt under the bankruptcy proceeding. Therefore, even assuming Grogan's orders were the

orders of the Court, they were erroneous or voidable, no count
contempt can be applied.

> "Of Course a party cannot be guilty of contempt of court
> for Disobeying an order which the court had no authority of
> law to make, but if a court has jurisdiction of the parties
> and legal authority to render the order, then it must be
> obeyed even though it was erroneous or improvidently
> entered." Robertson, 181 Va. at 537, 25 S.E.2d at 359.

113. The 1146 days of imprisonment was a severe felony
punishment, which perjured under a civil court contempt case by
Grogan and Mr. Clark, for cheating government of the corruption
of abduction, kidnapping, and extortion.

(a) Grogan's order is to incarcerate Chien indefinitely by
significantly violated maximum of ten days in jail, VA Code
"§18.2-457". Then, it is reasonable to use real time of
imprisonment to determine the seriousness of offense. As early
as 1968, Bloom v. Illinois, 391 U.S., the US Supreme Court
considered two years imprisonment for criminal contempt is
serious penalty, and the offended deserved a jury trial, because
our judicial system needs to provide the defendant charged with
a serious criminal contempt with all the procedural protections
deemed fundamental:

> "3. To the extent that summary punishment for criminal
> contempts preserves the dignity, effectiveness and
> efficiency of the judicial process, those interests are
> outweighed by the need **to provide the defendant charged
> with a serious criminal contempt with all the procedural
> protections deemed fundamental to our judicial system...**

"4. When the legislature has not expressed a judgment as to the seriousness of an offense by fixing a maximum penalty, *the best evidence as to the seriousness of the offense is the penalty actually imposed.* Accordingly, petitioner, sentenced to a two-year prison term, was constitutionally entitled to a jury trial. (Bloom v. Illinois, 391 U.S. (1968) at 195) (emphases added).

(b) Rule 42 of Fed. R of Cri. Proc., detailed the procedure

for trial, and the trial judge will change:

"Rule 42. Criminal Contempt
  (a). (1) Notice…
       (2) Appointing a Prosecutor…
       (3) Trial and Disposition. A person being prosecuted for criminal contempt is *entitled to a jury trial in any case* in which federal law so provides and must be released or detained as Rule 46 provides. *If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents.* Upon a finding or verdict of guilty, the court must impose the punishment." (emphases added)

If Chien's case had followed such procedure, Grogan would

have stepped aside for his judgment.

(c) In VA, for criminal contempt, the accused is entitled to

counsel and may elect to have a jury trial if the punishment

exceeds six months.(Baugh,14 VA. App. At 374, 417S.E.2d, p.895.)

(d) In certain debt collection cases, Civil Court Contempt

might be used as coerce for enforce payment. But, there is no

case to hold debtor in civil contempt after the debtor

successfully applied personal bankruptcy. From these facts,

Chien was held for criminal punishment by private lawyers. But,

there is no any criminal procedure existing. Chien's inmate

status information was not in the criminal data base of the government. The truth is Chien was held for extortion, abduction, and kidnapping, under the parallel jurisdiction controlled by private lawyers, operated under cover of the government system.

(e) As mentioned in above, VA Debt collection from day one is criminal, based on both Mr. Clark's false certificate in Interrogatories Form "$8.01-506", and Grogan's self-dealing. Then, Chien suffered illegal arrest. While the false arrest and false imprisonment were takes at the time during CBI was in Chapter 11, and to serve collecting Freer's judgment credit of falsified claimed of the loss of CBI paid salary, a fraud out of CBI Chapter 11 process, therefore they initiated from offenses of "18USC §1961(1)(D)", then expanded to offenses of "18USC §1961(1)(A)&(B)":

> "18USC §1961(1) 'racketeering activity' means **(A)** any act or threat involving...**kidnapping**, robbery, … **extortion**, which is **chargeable under State law and punishable by imprisonment for than one year**";

> "18USC §1961(1) 'racketeering activity' means ……(B) any act which is indictable under any of the following provisions of title 18, United States Code:…… section **1341**(relating to mail fraud), section **1343**(relating to wire fraud),…, section 1503 (relating to obstruction of justice)……, section **1512** (relating to tamping with a witness, victim, or an informant), section **1513**(**relating to retaliating against a witness, victim, or an informant**),…, section **1951**(relating to **interference with commerce, robbery, or extortion**), section **1952**(relating to racketeering),…section **1956**(relating to the **laundering of**

**monetary** instruments), section 1957( relating to engaging in monetary transactions in property derived from specified unlawful activity),…,sections **2314** and **2315**(relating to interstate transportation of stolen property)……".

(f)Mr. Clark manipulated every step of racketeering. Mr. Clark secretly wrote Grogan's orders in his office of LeClairRyan, then passed to the Sheriff and Clerks for execution. There was no resistance. Mr. Clark ignored the authority of Judge Rockwell, and Hon. Hamming of US Bankruptcy Court of CT. Chien's inmate status was secret. He can escape Prosecutors, and Department of Correction to incarcerate Chien as long as he wishes. Defendant AG Herring knew it, but protected it in lawsuit. And both VA Court of Appeals and VA Supreme Court knew this, but took excuse not to interrupt it.

### Part B. Offenses of "18USC §241 & §242"

114. Chien's false arrest and imprisonment were abused police force with Offenses of "18USC §241" (conspiracy against rights) and "18USC §242" (deprivation of rights under color of law). "18USC §241" provides, in relevant part:

> "If two or more persons **conspire** to injure, oppress, threaten, or intimidate any person in any…, Commonwealth, … the free exercise of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having exercised the same…"(emphasis added).

"18USC §242" provides, in relevant part:

> "Whoever, under **color of any law**, statute, ordinance, regulation, or custom, willfully subjects any person in any…. Commonwealth,. . . to the deprivation of rights,

privileges, or immunities secured or protected by the
Constitution or laws of the United States, or to different
punishments, pains, or penalties, on account of such
person being an alien, or by reason of his color, or race,
than are prescribed for the punishment of citizens, shall
be fined under this title or imprisoned not more than one
year, or both………" (emphasis added).

While "18USC §242" contains an express requirement that the
deprivation be "under color of law," "18USC §241" does not.
However, "18USC §241" construed to require State action.

115. In Griffin v. Maryland, 378 U.S. 130 (1964), the
Supreme Court further explained that:

"[i]f an individual is possessed of state authority and
purports to act under that authority, his action is state
action. It is irrelevant that he might have taken the same
action had he acted in a purely private capacity."

It is no doubt that Chien's false arrest and imprisonment
was either State act, or under color of Law, offenses of "18USC
§241 & §242", for defendant Leonard, because he is sheriff.

116. In Chien's arrest and incarceration, defendant Leonard
conspired with Grogan, manipulated by Mr. Clark, and Freer,
private persons. Did Grogan, Mr. Clark, and Freer offend
"18USC §241 & §242"? Yes, it is, as in United States v. Price,
383 U.S. 787 (1966):

"Appellees are three Mississippi law enforcement officials
and 15 private individuals who are alleged to have
conspired to deprive three individuals of their rights
under the Fourteenth Amendment. The alleged conspiracy
involved releasing the victims from jail at night;
intercepting, assaulting and killing them, and disposing of
their bodies. Its purpose was to "punish" the victims

94

summarily. Two indictments were returned. One charged all appellees with a conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 242, which makes it a misdemeanor willfully and under color of law to subject any person to the deprivation of any rights secured or protected by the Constitution. The indictment also charged all appellees with substantive violations of § 242. **The District Court** sustained the conspiracy count against a motion to dismiss, and sustained the substantive counts as to the three official defendants. It **dismissed the substantive counts as to the 15 private defendants on the ground that, although the indictment alleged that they had acted "under color" of law, it did not allege that they were acting as officers of the State…….**

…….

1. The District Court **erred in dismissing** the indictment … (a) **"To act under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents."** (Pp. 794-795 id) (emphases added).

**Part C. Various Felony Offenses Under Chien's False Imprisonment**

117. As mentioned above ¶68, Freer, Mr. Clark and Grogan together conspired to fabricate Freer's stock certificate of CHBM. Then Freer used the false identity to steal cash of CHBM, and paid  Grogan, Mr. Clark and LeClairRyan. This offense of "18USC §1956 & §1957 Money Laundering" was under Chien's incarceration, also was offenses under "18USC §1961(1)(A), kidnapping". Because it was to deprive other person's liberty for ransom. Here, to apply "18USC §1201-Kidnapping" or VA Code "§18.2-48 Abduction with intent to extort money or for immoral purpose", will be more suitable than applying VA Code "§18.2-59 Extortion" only.

118. Alternatively, Grogan and Mr. Clark engaged grand

larceny because they together with Freer to engage every step to steal cash of CHBM, VA Code "§18.2-95 & 111".

119. Even assuming Grogan had acted on his job (in fact he wasn't), Grogan, by taking cash of CHBM from Freer, committed corruption, the Class 4 felony due to VA Code "§18.2-441".

> "18.2-441. Giving bribes to, or receiving bribes by, commissioners, jurors, etc.
>
> If any person give, offer or promise to give any money or other thing of value to a commissioner appointed by a court, auditor, arbitrator, umpire or juror (although not impaneled), with intent to bias his opinion or influence his decision in relation to any matter in which he is acting or is to act, or if any such commissioner, auditor, arbitrator, umpire or juror corruptly take or receive such money or other thing, he shall be guilty of a Class 4 felony."

### Part D. More Offenses under "18USC §1961, §1962"

120. As mentioned in above ¶62, Freer, Mr. Clark and Grogan Offended "18USC §1341 & §1343, mail fraud and wire fraud", and "18USC §1951 Interference of interstate commerce by violence", etc., which did under false imprisonment.

121. To incarcerate Chien in VA so long, was not only for money laundering which completed in November of 2014. Most important, it is for to prevent Chien from whistle-blower, counterclaim, and appeal. It is serious retaliation to jail the person knowing their guilty, by offending "18USC§ 1512 & §1513". The details as follows:

(a) As mentioned in above ¶14, Chien suffered 3 days

solitary incarceration after Chien on 5/8/13, disclosed Freer

conspired with Mr. Clark and LeClairRyan to engage embezzling

for $34,000 legal fee from CBI, which was offense of "18USC

§1512(a)(2)(B)(i)"

> (b) Further, the law of 18USC§1512(f) applying generally

> "§1512 (f) For the purposes of this section—
>   (1)an official proceeding need not be pending or about
> to be instituted at the time of the offense; and
>   (2)the testimony, or the record, document, or other
> object need not be admissible in evidence or free of a claim
> of privilege";

and, based on the fact that Chien's counterclaims against Freer,

Mr. Clark, LeClairRyan, Grogan etc., was consistently going on

for several cases in either of the US Bankruptcy Court, or

District Court, including both VA and CT, therefore, allegation

of racketeering act in this case should include offenses of

"18USC §1512(a)(2)(A), 18USC §1512(a)(2)(B)(i)&(ii)":

> "§1512(a)(2) Whoever uses physical force or the threat of
> physical force against any person, or attempts to do so,
> with intent to—
>   (A) influence, delay, or prevent the testimony of any
> person in an official proceeding;
>   (B)cause or induce any person to—
>   (i)withhold testimony, or withhold a record, document,
> or other object, from an official proceeding;
>   (ii)alter, destroy, mutilate, or conceal an object with
> intent to impair the integrity or availability of the object
> for use in an official proceeding"

122. If assuming Grogan's act were official (in fact it is

not), therefore it is corruption to tamper with a witness,

victim, or an informant, with offenses of "§1512(b)(1)&(2)", or

97

"§1512(c)(1)&(2)".

123.Chien also suffered offenses of "18USC §1513(b)(1)&(2)" and "18USC §1513(e)", under:

"§1513
(b)Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for—
    (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
    (2) any information relating to the commission or possible commission of a Federal offense ………;
    …
(e)Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

124. From the above mentioned Racketeering causes, Chien suffered offenses in "18USC §1962 (d)conspiracy", and "18USC §1962(a),(b),(c)". To cite "18USC §1962 Prohibited activities", the alleged engaged racketeering pattern, "18USC §1961(5)", i.e., at least two acts in past ten years, which will be addressed in multi-counts later; and worked with racketeering enterprises, "18USC §1961(4)", which defined the enterprises may be individual. However, in complicated RICO case, Chevron vs. Steven Donziger et al., 1:11-cv-00691 (LAK/JCF), Hon. Lewis Kaplan gave more general definition of RICO enterprises in his

opinion of 497 pages on March 4, 2014. Following is cited from

P.350-351 of that ruling regarding RICO enterprises.

> A RICO enterprises "is an entity separate and apart
> from the pattern of activity in which it engages" and must
> be proved separately. Importantly, an enterprise need not
> be illegitimate or illegal, and the enterprises itself (or
> the members of an associated-in-fact enterprise) need not
> commit any of the racketeering activity acts at all.
> Indeed, the enterprise frequently is itself a victim of the
> racketeering activity perpetrated by its participants.

> In this case, the LAP team and its affiliated were **a
> group of persons associates in fact for the common purpose
> of pursuing the recovery of money from Chevron via the Lago
> Agrio Litigation, whether by settlement or by enforceable
> judgment, coupled with exertion of pressure on Chevron to
> pay.** The group included (1) Donziger, (2) the U.S. and
> Ecuadorian lawyers, including Kolm, Pattern Boggs, and
> others. (3)Yanza, the ADF, and Selva Viva. (4) the
> investors who gave money to finance the operation, usually
> in exchange for shares of any recovery, (5) the LAPs'
> public relations, media, and lobbying arms, (6) the LAPs'
> technical people, including Stratus, Beltman, Maest,
> Russell, Calmbacher, Champ, Quarles, E-Tech, UBR, and 3TM,
> and (7) others. In accordance with the authorities just
> cited, the Court emphasized that it does not imply that
> each and every member of the enterprise committed acts of
> racketeering activity or, for that matter, acted improperly
> in any respect, although some did. The findings are all
> that all of these persons and entities were associated in
> fact for the purpose stated and that they constituted an
> enterprise within the meaning of the RICO statute."
> (emphases added)

This case law showed Freer, all counsels of Freer, and others

who helped Freer engaged VA litigation under case CL 12-485, and

others aided to incarcerate Chien in VA, to enforce Chien making

payment are members of racketeering enterprises.

In this case, Defendants Leonard, Worthington, Craze, and

Hughes are members of racketeering enterprises.

### Part E. Chien was a Secret Inmate in VA

125. As above ¶8 mentioned, VA debt interrogatory from day one of 1/4/13 was criminal. Mr. Clark conspired Grogan, using perjured certificate, wrongly using authorization of Chesterfield Circuit Court, without record in Docket, to initiate the interrogatory, later hold under the false arrest and imprisonment. But, the private act of illegally using police force, and the jail facility, must be disguised to deceive, cheating other departments of the government, then embezzling the tax-payer money to cover their abduction costs.

126. As previous ¶48 mentioned, Chien's arrest and imprisonment didn't record in the data system of both US Justice Department, and VA Police Department. In nationally public view, Chien was a "disappeared citizen". Then, Grogan corrupted with Mr. Clark to replace, or impersonate as a judge to issue the orders of Chesterfield Circuit Court: not only for imprisoning Chien, but also for stealing assets of non-parties.

Grogan with Mr. Clark withheld Chien deserved legal process, such as making interrogatory report to the court, or giving Chien a camera hearing when Grogan received eight bankers of boxes documents from CT etc. or asking the court making decision to seizure or sale of assets etc.

127. As above ¶49 mentioned, despite that Chien was incarcerated for 1146 days, which was a felony punishment, but Grogan used excuse of Civil Count Contempt to avoid the procedure of conviction and trial, by-passed the prosecutors and jury-trial. And he didn't serve Chien a copy of his order dated 5/10/13 to make Chien appeal failure. He violated "§18.2-457", which has limitation of maximum ten days imprisonment for court contempt.

128. Defendants Clerk Worthington, Craze, and Hughes conspired with Grogan to make false inmate records to deceive defendants Chesterfield and Commonwealth to pay Chien's incarcerating costs. Clerk office is responsible to process the costs of the jail, which was calculated on the population of inmates, and paid above 40% by Chesterfield, about 50% by Commonwealth, others by Federal Government at running several inmate programs. Clerk office is responsible to get funding from Chesterfield and Commonwealth. The costs include officers, transportation, programs, and inmate per diem payment etc.

129. The Department of Correction managed all inmates, even those, likewise Chien, are arrested by local police. As above ¶15 mentioned: VA code "§53.1-20.1" specified that Government can't cover the incarceration costs of those over 1 year without sentence. But, Chien was incarcerated for over three years

101

without sentence, still under payment by Chesterfield and Commonwealth together.

130. In Chapter 781, Virginia Acts of Assembly, Item 70 listed the standard between inmates of local or state responsible:

"Item 70. B.
    2.Local responsible inmate-(a)any inmate arrested on a state warrant and incarcerated in a local corrected facility, as defined by § 53.1-1, Code of Virginia, prior to trial;(b)any person convicted of a misdemeanor offense and sentenced to a term in a local correctional facility; or (c) any person convicted of a felony offense and given an affective sentence of (i)twelve months or less or (ii) less than one year.

    3. State responsible inmate- any person convicted of one or more felony offense and (a) the sum of consecutive effective sentence for felonies, committed on or after January 1, 1995, is (i) more than 12 month or (ii)one year or more,…"

131. From the above ¶130, Item 70.B.3, and the time length of the incarceration, Chien should be the inmate of State responsible. But, Chien was not, and Chien's incarceration was secret, escaped from the supervising, and monitor of the Department of Correction. From the standard of Item 70.B.2, Chien was not qualified for local responsible inmate, because there was no arraignment for trial, no judge involved, and no conviction or sentence. It is obvious from the payment standard, Chien was not a population of any classified status of inmates. Chien was secret, and his incarcerating records, treating as

102

Item 70.B.2, were abused by the perjured paper work to get payment from the Government.

### Part F. Violated Due Process Under Case Cl. 12-485

132. As above ¶32&35 mentioned, Judge Rockwell stroke Chien's filings twice, including rejected to administrate Chien's innocent evidence in trial by granting Freer's Motion in Limine, which made no Chien's filings left in the court, when the case of CL 12-485 closed. Judge Rockwell violated Amend XIV of Due Process Clause without fair trial.

133. To hold shareholder meeting, print proxy, ballot, and managing vote for competence director candidate, are protected by the First Amendment to the U.S. Constitution, and by associated VA statutes. In defamation lawsuit, truth is absolutely privileged. A plaintiff must demonstrate "that the defendant knew that the statement was false or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based." Hyland v. Raytheon Tech. Servs. Co., 277 Va. 40, 46, 670 S.E.2d 746, 750 (2009). The key question to determining whether a statement constitutes fact or opinion is "whether it is capable of being proved true or false." Williams v. Garraghty, 249 Va. 224 (1995) at 482, 737 S.E.2d at 893.

In CL. 12-485, Freer's embezzlement in CBI Chapter 11 process, was truth. To disqualify Freer as a director of CBI was the right of shareholders. Shareholders making their opinions, protected by Amend I, and vote right protected by Amend XV. Therefore, to strike Chien's filing was to deny Chien to present the clear and convinced evidence, violating Due Process Clause.

In 2015, Judge Rockwell rejected Chien to reopen the case for merit trial, which violated Due Process Clause.

134. As above ¶27-28 mentioned, Judge Rockwell allowed Mr. Clark on 7/30/12 hearing to presented false evidence, which also, violating due process of Amend XIV.

In Napue v. Illinois,

> The failure of the prosecutor to correct the testimony of the witness which he knew to be false denied petitioner due process of law in violation of the Fourteenth Amendment. Napue v. Illinois, 360 U.S. 264 (1959) 265-272.

135. As above ¶32 mentioned, Mr. Clark conspired with defendant Worthington by violating Rule 3:21(b) of VA Supreme Court to give Chien notice of hearing, at the time significant shorter than the minimum 10 days ahead requirement, which also, was violated fair trial, and due process clause.

In Judith P. v. Superior Court,

> This is contrary to the express mandate of section 366.21, which requires that the status report be served "at least 10 days" prior to the hearing date. We hold that the failure to provide timely service of such report constituted a denial of due process that compels reversal and remand of the trial

court's order. Judith P. v. Superior Court (2002) 102 Cal. App.4th 535, 126 Cal.Rptr.2d 14.

### Part G. Violated Due Process During Incarceration

136. As above ¶114-116 mentioned, Chien's arrest and incarceration offended "18USC §241 & §242" to deprive Chien's liberty "under color of law," and by conspiracy, which was violation of Amend. XIV.

137. As above ¶80 mentioned, Chien couldn't submit the proper appeal information for his illegal incarceration under case 1242-13-2 of VA Court of Appeals, which was violation of due process of Amend.VI and XIV by:

(a) VA Court of Appeals which didn't ask Chester field Circuit Court, or Sheriff, or Magistrate of the jail to submit the relative information, or to assign Chien a lawyer.; and by

(b) Commonwealth which failed to make the necessary rule for the procedure of VA Court of Appeals for those persons appealing for illegal imprisonment, being lock-up for over 10 days, but no charge, and no arraignment; and by

(c) Sheriff Leonard and Chesterfield County, because the jail facility didn't supply Chien's the necessity legal service, as required by equal protection of Law of Amend XIV, as:

In "Younger v. Gilmore"

The fundamental constitutional right of access to the courts held to require prison authorities to assist inmates in the preparation and filing of meaningful legal papers by

providing prisoners with adequate law libraries or adequate
assistance from persons trained in the law. *Younger v.
Gilmore,* 404 US. 15. Pp. 430 U. S. 821-833.

Chien's failure in countersuits and appeals for multi-times
was due to reasons of deficiency of document format, or no
timely pleading etc., which would have been corrected if Chien
had been assigned the necessary legal service.

138. During Chien's personal bankruptcy application in CT, to
hold Chien in VA was violating Due Process Clause. In fact,
there is no rule, statute, or any case law existing for
imprisoning someone for court contempt under the bankruptcy
proceeding (See. Notes of Advisory Committee on Rules 9020
Contempt Proceedings). VA Supreme Court, under pending case
131144, didn't hold hearing to argue merit and jurisdiction, and
didn't assign Chien an attorney, and only issued order to stay
Chien's appeal, but not to stay Freer's debt interrogatories,
was violating Due Process Clause.

139. During Chien's counter suits in Price George County
Circuit Court with Cases CL. 14000419 and CL. 14000549 (above
¶89-93), there was no attorney assigned, no hearing. The Order
asked by Mr. Clark, dated 9/8/14, contained misrepresentations
of 393, and 94,248 jurisdictional errors, which was prejudice at
Chien, and violating Due Process Clause. Commonwealth conspired
with Mr. Clark, made such fraud sanction order.

140. That the Price George County Circuit Court in 2015, rejected Chien to reopen the two cases, and Clerk Bishop Knott didn't deliver Chien the court's order timely, was violating Due Process Clause.

141. That VA Court of Appeals in Recoding No. 1177-14-2, rejected (ordering the trial court) to verify the evidence of Grogan's money laundering and authorization in confined Chien, violated Due Process Clause, because VA Code "§ 19.2-318" of Civil Contempt was the major issue of that Appeal.

142. That VA Supreme Court in Recoding No. 151219, denied Chien's writ of Habeas Corpus without hearing, or any letter to Chien to inquire more information, and verifying the incarceration records, or returning the case back to Prince George Circuit Court for trial, violated Due Process Clause (above ¶108).

143. VA Supreme Court in Recoding No. 151316 (above ¶109), rejected to assign Chien an attorney by violating both Amen VI and XIV Due Process Clause.

144. That VA Supreme Court in Recoding No. 1523207, denied "Petition for Writs of Mandamus" aimed at Grogan incarcerating order dated 8/31/15 (above ¶109), without hearing, or returning back the case to Chesterfield Circuit Court for trial, violated Due Process Clause. The ruling wrongly considered that Chien's

petition had the subject error because Grogan is not a public officer. Since Grogan made self-dealing to claim his order was the court's, then the Court should consider it was the official order (4th Cir having an order dated 4/21/14 under Recording No.13-8017 to affirm that) but at Mandamus process to verify the genuine of the authorization. If it was unauthorized, then Chien should be released. VA Supreme Court violated Due Process Clause by escaping its own subject, then failed to recover Chien's liberty.

### Part H. Civil Right Violation under "42USC §1983"

146. To approve any defendant violating "42USC §1983", it must approve he (she) violated Amend XIV in depriving Chien's constitution rights, especially rights for liberty and property, which are addressed in above combined all paragraphs. Several defendants are sued based on Racketeering act, with criminal nature, no immunity. Here, partial defendants are judges who have judicial immunity. However,

> **"judicial immunity is not a bar to prospective relief against a judicial officer acting in her judicial capacity."** Pulliam v. Allen, 466 U.S. 528-543.

> "......While there is a need for restraint by federal courts called upon to enjoin actions of state judicial officers, there is no support for a conclusion that Congress intended to limit the injunctive relief available under § 1983 in a way that would prevent federal injunctive relief against a state judge. Rather, **Congress intended § 1983 to be an independent protection for federal rights, and there is nothing to suggest that Congress intended to expand the**

**common law doctrine of judicial immunity to insulate state judges completely from federal collateral review" (id.p.536) (emphases added)**

147. In applying "42USC §1983", although defendants Commonwealth and Chesterfield have sovereign immunity, but they are liable for municipality responsible in violation of its "proprietary" functions with nature of "ministerial":

> "(c) The application and rationale underlying both the doctrine whereby a municipality was held immune from tort liability with respect to its "governmental" functions but not for its "proprietary" functions, and the doctrine whereby a municipality was immunized for its "discretionary" or "legislative" activities but not for those which were "ministerial" in nature, demonstrate that neither of these common law doctrines could have been intended to limit a municipality's liability under § 1983. The principle of sovereign immunity from which a municipality's immunity for "governmental" functions derives cannot serve as the basis for the qualified privilege respondent city claims under § 1983.…" Owen v. City of Independence, 445 US.622(1980),644.

148. (a)Commonwealth is liable under "42USC §1983", because it engaged, and currently owns a prejudice sanction order against Chien (above ¶94), and its judicial system from General Attorney Office, VA Supreme Court, VA Court of Appeals, and two Circuit Courts engaged widely violation of Due Process Clause against Chien. It is corruption to have paid about 50% of Chien's illegally incarceration costs to aid racketeering.

(b) Chesterfield is liable under "42USC §1983", because it hires Sheriff and Clerks involving Racketeering acts against Chien for so long time. It kept Chien as a secret prison. And it

violated Due Process Clause and Amend VI by not assigning Chien
an attorney. It used tax-payers' money to aid the private
abduction and kidnapping Chien for so long time, very fewer to
see in a democracy countries.

149.   Both Commonwealth and Chesterfield have the
responsibility to protect Chien from the acts of the
Racketeering Enterprises, controlled by private lawyers within
the judicial system:

> "The Court's protective powers extend to every device
> whereby property is irreparably damaged or interstate
> commerce restrained; otherwise the Anti-Trust Act would be
> rendered impotent.
>
> Society itself is an organization, and does not object to
> organizations for social, religious, business, and all
> other legal, purposes.
>
> On appeal against **unlawfully exercising power of
> organizations, it is the duty of government to protect the
> one against the many, as well as the many against the one.**"
> (Gompers v. Bucks Stove & Range Co., 221 U.S. 418 (1911)
> p.419)" (Emphases added).

The private lawyers are part of the judicial system, with
interwoven work or economy interests with government
organization or employees. But, in this case, it well showed
that the system inside lacks the measure to monitor, supervise
or monitor the corruption between government employees and
private lawyers. Mr. Clark at Grogan, replaced judge to issue
many orders of the Chesterfield Circuit court. There was no
resistance for execution. All Chien's appeals failed in high

level Courts. On 12/8/14, Mr. Clark with Freer arrived at the

jail, and told Chien that they could keep Chien in the jail for

life-time if Chien rejected to sign consent.  Even Chien

rejected it, but still waited, and continues to sue until June

of 2016, to get out, which further approved the corruption of

the judicial system of both Commonwealth and Chesterfield is

serious.

### VI. Causes of Action

150. In following Counts against every defendant, the

contents of all paragraphs in above or below are combined.

### Part A. Counts Against Defendant Karl S. Lenard

151. Allegation Against Defendant Leonard.

(a) 8 counts of offenses for each of "18USC §241 & §242".

Defendant Leonard conspired with Mr. Clark, and Grogan to

arrest Chien twice, and executed 6 indefinitely incarcerating

orders dated 5/10/13, 6/19/13, 5/7/14, 6/6/14, and 3/9/15, and

8/31/15 respectively, without notice from the clerk office (VA

Code §17.1-214), and without any approval of Judge.

(b) 2 counts of violating Due Process Clause by: (1) not

serving Chien the Grogan order of 5/10/13, and (2) assigning

Chien an attorney after Chien applied after arrest of 5/8/13.

(c) 1 count of violating "§18.2-472" tampering inmate record

by not inputting Chien's data into VA Police Department records.

(d) 1 count of violating "42USC §1983" due process clause in imprisoning Chien, and giving significant insufficient service of paper copy, legal consultant etc., in jail.

(e) 4 counts of violating Amend VIII by publicly embarrassing Chien to use the facilities of Grogan's office as trial without approval by the court.

(f) 1 Count of offense "18USC §1959(a)(4)" to aid, and conceal or join the Racketeering Act, as mentioned in above ¶113(e).

**Part B. Counts Against Defendant Judy L Worthington**

152. Allegation Against Defendant Worthington.

(a) 1 count of violated Due Process Clause by arranging hearing dated 6/8/12, at conspiracy and ex parte communication with Mr. Clark, without notice to Chien, and without to adapt a day when Chien was available.

(b) 1 count of violating "§18.2-472" to tamper Chien's inmate records in "Offender Management System" before April 2014, which was without approval of any judge, unauthorized, and conspired with Mr. Clark or Grogan.

(c) 1 count of perjury to deceive both Commonwealth and Chesterfield, to pay the costs include officers, transportation, programs, and inmate per diem etc., for incarcerating Chien under criminal case, disguised by civil.

(d) 1 count of violating "§18.2-472" to perjure court document. On 2/18/14, conspired with Mr. Clark, Grogan to make a perjured certificate of Chesterfield Circuit Court for Gorgan's order dated 2/18/14 to order Island to making a perjured stock certificated for Freer to replace Chien. Grogan's order wasn't approved by the judge, without procedure of Motion.

(e) 1 count violated Due Process Clause because Gorgan's order dated 2/18/14 containing term not to serve Chien until the order was completed, operation in conspiracy.

(f) 2 counts of violating "§18.2-472" to tamper the court records in dealing with Grogan's orders dated 5/10/13, and 6/19/13. Defendant Worthington violated Rule 1:1 of VA Supreme Court, VA Code "§17.1-123 & 206" (see. Previous ¶75), "§17.1-214 & 215(above ¶101), and abused "§16.1-69.40", (above ¶100), when she received Grogan's orders dated 5/10/13 and 6/19/13 on 10/7/13, and knew the orders not approved by Judge, not recorded in Cl 12-485. But she still using the two orders to process "Offender Management System" for purpose to process Chien's incarceration costs from the government.

(g) 1 count of offense of "18USC §1959(a)(4)" to aid, and conceal or join the Racketeering Act, as mentioned in above ¶113(e) within time before April 2014.

(h) 1 counts of offenses for each of "18USC §241 & §242" by

illegally incarcerating Chien together with Grogan, Leonard.

### Part C. Counts Against Defendant Mary E Craze

153. Allegations against Defendant Craze:

(a) 1 count of violating "§18.2-472" during April to November of 2014, to tamper Chien's inmate records in "Offender Management System", which was without approval of any judge, unauthorized, and conspired with Mr. Clark or Grogan.

(b) 1 count of offended "§18.2-174", to conspire with, and aid Grogan to impersonate as a judge on 5/7/14 to make trial, by conspiracy with Mr. Clark.

(c) 1 count of violating "§18.2-472" to tamper the Docket of Cl. 12-485 by recording Grogan's impersonating Judge event of 5/7/14, as the Court's event.

(d) 1 count of offense of "18USC §1959(a)(4)" to aid, and conceal or join the Racketeering Act, as mentioned in above ¶113(e) within time, among April to November of 2014.

(e) 1 counts of offenses for each of "18USC §241 & §242" by illegally incarcerating Chien together with Grogan, Leonard.

### Part D. Counts Against Defendant Wendy S Hughes

154. Allegation against Defendant Hughes.

(a)1 count of violating "§18.2-472" to tamper Chien's inmate records in "Offender Management System", among November 2014 to

114

June of 2016, which was without approval of any judge, unauthorized, and conspired with Mr. Clark or Grogan.

(b) 1 count of perjury to deceive both Commonwealth and Chesterfield, to pay the costs include officers, transportation, programs, and inmate per diem etc., for incarcerating Chien under criminal case, disguised by civil.

(c) 2 counts of violating "§18.2-472" to tamper the court records in dealing with Grogan's two orders dated 3/9/15, and 8/31/13. Defendant Hughes violated Rule 1:1 of VA Supreme Court, VA Code "§17.1-123 & 206" (see. Previous ¶75), "§17.1-214 & 215(above ¶101), and abused "§16.1-69.40", (above ¶100), when she delayed receiving Grogan's 3/9/15 order on 4/29/15, and delayed receiving Grogan's 8/31/15 order on 9/14/15, and knew the orders not approved by Judge, but she recorded the two orders in Cl 12-485, and using the two orders to process "Offender Management System" for purpose to process Chien's incarceration costs from the government.

(d) 1 Count of violated Due Process Clause She served Grogan order of 3/9/15, on 4/29/15 by mail not by personal (VA Code "19.2-11").

(e) 1 count of offense of "18USC §1959(a)(4)" to aid, and conceal or join the Racketeering Act, as mentioned in above ¶113(e) within time after November 2014.

(f) 1 counts of offenses for each of "18USC §241 & §242" by illegally incarcerating Chien together with Grogan, Leonard.

**Part E. Counts Against Defendant Frederick G. Rockwell III**

155. Allegation against Judge Rockwell:

(a) 2 count of Due Process Clause error by signing 6/8/12 order to give Chien default judgment, and striking Chien's filing (above ¶33-34,132).

(b) 3 counts of Due Process Clause error on 7/30/12 hearing by: (a)signing order to grant Freer's Motion in Limine; (b) striking Chien's filing; (c)accepted Mr. Clark's perjured evidence (above ¶35, 132-134).

(c) 1 count of Due Process Clause error by rejecting to reopen Cl.12-485 to dispute the merit (above ¶37(i), 133).

(d) 1 count of gross-negligence at the corruption of judicial system of abused by Commissioner in Chancery Grogan conspired with Mr. Clark, Freer, to falsely imprison Chien for 1146 days with purpose for ransom. Judge Rockwell ignored the VA Codes of "§8.01-506A&C, 507, 507.1, 509, 607, 609 ,612, 615", and "§18.2-7", and the fact that Grogan is not a member of the department of enforcement (VA Code "§15.2-836").

(e) 1 count of Due Process Clause error during Chien's personal bankruptcy in CT among July-December of 2013, by not ordering Grogan to release Chien.

(f) 1 count of gross-negligence of tempering, abuse, false entries of Docket of Cl.12-485 by Clerks of Chesterfield Circuit Court. Especially, he was chief-judge before 2015.

(g) 1 count each of offenses of "42USC §1981 &1983" on Chien.

### Part F. Counts Against Defendant Glen A Huff

155. Allegation against Defendant Hon. Huff.

(a) 1 count of Due Process Clause error and violating Amend VI & XIV, by not assign attorney to long-time incarcerated under fabricated "civil case" for Chien's Appeals, ignored the principle of to use real time of imprisonment to determine the seriousness of offense (above 113(a)), and VA Code "§ 53.1-187". He ignored VA Codes "§19.2-318", and "§18.2-457" (above ¶83), and the fact that Grogan offended "18USC §241 & &242".

(b) Offense of "42USC §1983" by having Gross-Negligence on the responsibility of the accuracy of incarcerate documents, which should be the enforcement side, not Chien, as in handling of Recording No. 1242-13-2 (above ¶79). This is Due Process Clause Error.

(c) 1 count of Due Process Clause error in Recoding No. 1711-14-2 where having clear and convincing evidence that false imprisonment for ransom (above ¶83-88). But, Defendant Hon. Huff intended to mishandle that appeal by avoiding making trial, or order the trial court to make trial of Chien's evidence (above

¶141).

## Part G. Counts Against Defendant Donald W Lemons

156. Allegations against Defendant Justice Lemons.

(a) 1 count of Due Process Clause error, and violating Amend VI & XIV, by not assign attorney to long-time incarcerated under fabricated "civil case" for Chien's Appeals (above ¶108-110), violated to use real time of imprisonment to determine the seriousness of offense (above ¶113(a)).

(b) Gross-Negligence in Recoding No. 1523207 by denying Petition for Writs of Mandamus (above ¶109) without hearing or verifying evidence to take excuse by tolerating private lawyer's offenses of "18USC §241 & 242" in false-imprisonment of Chien for near 3 years, Due Process Clause error.

## Part H. Counts Against Defendant W. Allan Sharrett

157. Allegations Against Defendant Hon. Sharrett

(a) negligence at the supervising job of Hon. Nathan Curtis Lee to sign order of 9/8/14 of Cl.14000491, which contained 393 misrepresentations and 94,248 jurisdiction errors (above ¶93-95);

(b) negligence at the supervising the issue that Chien's request to reopen the order of 9/8/14 of Cl.14000491, was rejected;

(c) negligence at supervising the job of Clerk Bishop Knott

118

to following Rule 1:1 and 5:4(b) of VA Supreme Court, to
Certify and delivery the Court's order promptly (above ¶96-98).

## Part I. Counts Against Defendant Attorney General Mark R Herring

158. Allegations Against Defendant AG Herring

(a) 1 count of gross-negligence at the corruption, and
abused of judicial system by Commissioner in Chancery Grogan
conspired with Mr. Clark, Freer, and Defendant Leonard, to
offend "18USC §241 & 242", then to falsely imprison Chien for
1146 days with purpose for ransom.

(b) 1 count of gross-negligence at the fact that Chien was
secret prisoner for 1146 days, no records in VA Police
Department; concealed from Department of Correction, was held
service from all necessary imprison procedures.

(c) 1 count of gross-negligence at the fact that
Commonwealth paid 50% of Chien's incarceration costs from the
budge of criminal expenses.

(d) 1 count of gross-negligence at the fact Chien was victim
of racketeering enterprises. In fact, in Case Cl.14000549 of
Price George Circuit Court, AAG Machesney and AAG Mcneill,
conspired with Mr. Clark, to violate Due Process Clause to
cancel the scheduled hearing of 9/8/14. Then let Mr. Clark
making misrepresentation for Commonwealth to sanction Chien. AAG
Machesney and AAG Mcneill directly joined the activity of

racketeering enterprises, to help Mr. Clark to continue making offenses of "18USC §241 & 242" in incarceration of Chien for private interests fully.

(e) 1 count of gross-negligence at the fact that AAG Machesney at Cl. 15-1569 of Chesterfield Circuit Court committed Due Process Clause error by applying the misrepresentation order asked by Mr. Clark in Cl.14000491, sanctioned Chien, which also was act of racketeering enterprises.

(f) 1 Count of offense of "42USC §1983", which was initiated from the summer of 2014 for about 2 years. AG Herring was well known that here private lawyers replaced judge to imprison innocent Chien for retaliation and unjust enrichment, which was significantly criminal. But he tolerated it.

**Part J. Counts Against Defendant Commonwealth of Virginia**

159. Allegations Against Defendant Commonwealth.

(a) Commonwealth offended "42USC §1983" by prejudicing Chien's right of equal protection under law, by holding an effective sanction order against Chien (above ¶93-95).

(b) Commonwealth directly used tax-payer money to help racketeering enterprises to engage abduction and kidnapping.

(c) Commonwealth offended "42USC §1983" by tolerated a parallel jurisdiction controlled by private lawyers, who has power to imprison Chien indefinitely without any procedure, and

seize properties of innocents without any interference by Government.

(d) Commonwealth possessed a poorly managed judicial system. In Chien's cases, Private lawyers had special privilege over Chien. In Civil trial, the lawyer replaced the clerk to arrange hearing at one party's favor, and the judge is just a rubber stamp of their asked order. The evidence was perjured, but accepted by both the Chesterfield Circuit Court and VA Supreme Court.

(e) Commonwealth possessed a poorly managed judicial system in Chien's incarceration, as follows:

(1) The private lawyers replaced judge, to freely use the service of Sheriff and Clerk, for purpose to imprison Chien indefinitely under identity of the Circuit Court.

(2) The private lawyer sat in his office of law firm, by using facsimile signature of Commissioner in Chancery to write orders of imprisoning Chien at will. This ghost-writing can replace all procedures of the trial and sentence for imprison of 1146 days, and tampering orders always (see above ¶75-77).

(3) Chien's inmate status was secret, which can escape the monitor of State, and Federal, including Chien's home state of CT, but no problem for the payment from both State and local.

(4) AG Hearing and his officers knew racketeering acts,

but tolerating and aided it.

(5) For such abused parallel jurisdiction controlled by private lawyers, the high-level courts of VA, had set aside of Chien's appeals by various excuses to avoid making orders to pitch the veil of private jurisdiction. For example, in Recoding No. 131044 of VA Supreme Court, Chien was in bankruptcy status by US Bankruptcy Court of CT. But, VA Supreme Court still didn't make judge on the invalid of Grogan order of 3/2/13, based on errors of both subject and ministerial (see above ¶52-54).

### Part K. Counts Against Defendant Chesterfield County

159. Allegations Against Defendant Chesterfield:

(a) Chesterfield offended "42USC§1983" by directly using tax-payer money to help racketeering enterprises to engage extortion, abduction and kidnapping by Grogan, and Freer etc.

(b) Chesterfield was gross-negligence on that Chien's inmate status was secret, which can escape the monitor of State, and Federal, including Chien's home state of CT, but no problem for the payment from both State and Chesterfield.

(c) Chesterfield offended "42USC§1983" by abused operation authority of the circuit court, in that there was a parallel jurisdiction controlled by private lawyers, in which the private lawyers replaced judge, to freely use the service of Sheriff and Clerk, for purpose to imprison Chien indefinitely under identity

122

of the Circuit Court for the purposes of extortion, abduction, and kidnapping.

(d) Chesterfield abused operation procedure of the Circuit Court, in which the private lawyer sat in his office of law firm, by using facsimile signature of Commissioner in Chancery to write order of imprisoning Chien. This ghost-writing can replace all procedures of the trial and sentence for imprison of 1146 days, and tempering orders always (see above ¶75-77).

(e) Chesterfield is gross-negligent to train and supervise employees of sheriff, and clerks, who offended "§18USC 241& 242", in conspiracy with Grogan and Mr. Clark.

## VII. Relief

### Part A. Jury Trial Required

160. Since this issue is corruption relative to the whole VA jurisdictions from State highest level to County's low level. Further, five defendants here are the constitutional officers, it will be best for VA residents to determine the fraud, corruption, and penalty under jury-trial.

### Part B. Declaratory Relief Against Judges

161. it requires declaratory relief from Judges:

(a) All judges will respond, in the scope of their Courts' corresponding cases, to make comments of Chien's incarceration from both authority and procedure, and respond to Chien's

allegations of Amend VI and XIV Due Process Clause violation.

(b) Judge Rockwell will add response to Chien's allegations
of the abused process, and the racketeering nature of Freer
asked "Final Judgment" in Case Cl. 12-485. Therefore, it is
wrong to deny Chien's request to reopen the case for merit
argument.

(c) An injunction order is required for Judge Rockwell to
announce the invalid of the certificate, certified by defendant
Worthington, to falsely verify Grogan order of 2/18/14 was the
order of Chesterfield Circuit Court under case Cl.12-485.

(d) Hon. Sharrett will respond to Chien's allegations of the
prejudice nature of the Order issued by Hon. Nathan Curtis Lee
on 9/8/14 under Cl.14000491. Therefore, to deny Chien's request
to reopen that case was wrong.

### Part C. Equity Award Against Other Defendants

162. Chien's business, properties, reputation, and health
etc., was suffered significant damage. Although, Chien will seek
most compensation and punitive damage from Freer and his
counsels, but the progress has no progress due to the corruption
as mentioned here. Freer and his counsels continued to claim
that their actions were legal under VA jurisdiction.

Even the business activity of China Bull Management hasn't
recovered due to the false stock certificate of Freer's not

124

being corrected so far. Therefore, Chien will seek small portion of compensation and punitive damage here:

(a) $50,000 property damage plus $450,000 punitive damage (total $500,000) from Defendants AG Herring and Commonwealth;

(b) Additional $50,000 property damage plus $450,000 punitive damage (total $500,000) from Defendants Chesterfield, Leonard, Worthington, Craze and Hughes.

The evidence of property damage will present in the jury-trial, and the amount of punitive damage and the individual responsibility for every defendant will be determined by the jury.

Respectively-submitted


Plaintiff (pro se)   *a Chien* *Andrew Chien*
Andrew Chien
655 Ellsworth Avenue
New Haven, CT 06511
Tel:(203)562-8899


### Certification

All Contents were prepared by Andrew Chien as prose, no any attorney joined the preparation.

*a Chien*