IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANDREW CHIEN,

    *Plaintiff,*

v.

COMMONWEALTH OF VIRGINIA, *et al.*,

    *Defendants.*

Civil Action No. 1:17-cv-677
Hon. Liam O'Grady
Hon. Theresa Buchanan

## MEMORANDUM OPINION

This matter comes before the Court on numerous Motions to Dismiss filed by the Defendants in this action. (Dkt. Nos. 9, 12, 15, 19, 23, 27). For the reasons discussed below, the Court **GRANTS** Defendants' Motions.

## I. BACKGROUND

Plaintiff filed the *pro se* Complaint in this matter on June 12, 2017. Dkt. No. 1. The background facts of this case as set forth in Plaintiff's 125-page Complaint are materially indistinguishable from those alleged in a related case *Chien v. William K. Grogan, et al.*, 1:17-cv-358. The Court's Memorandum Opinion in that case provides a recitation of the underlying facts of this matter. *See id.*, Dkt. No. 24. The only material difference in this matter is that the Complaint alleges counts against Defendant Karl S. Leonard, Defendant Judy L. Worthington, Defendant Mary E. Craze, Defendant Wendy S. Hughes, Defendant Frederick G. Rockwell III, Defendant Glen A. Huff, Defendant Donald W. Lemons, Defendant W. Allan Sharrett, Defendant Attorney General Mark R Herring, Defendant Commonwealth of Virginia, and Defendant Chesterfield County.

All of the Defendants have moved to dismiss the Complaint on various grounds. Defendants Wendy Hughes (Dkt. No. 9), Mary Craze (Dkt. No. 12), Judy Worthington (Dkt. No. 15); Karl Leonard (Dkt. No. 19),[1] and Chesterfield County (Dkt. No. 27) have moved to dismiss for failure to state a claim. Defendants the Commonwealth of Virginia together with Mark Herring, Glen Huff, Donald Lemons, Frederick Rockwell, and Allan Sharrett have moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. No. 23). Plaintiff has not responded to any of the motions. The Court took the matter under advisement without oral argument.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits the defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court must dismiss the action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Defendants may, as in this case, attack "the existence of subject matter jurisdiction in fact, quite apart from any pleading" because even with sufficient pleading, the district court could not have jurisdiction over the claim. *White v. CMA Const. Co. Inc.*, F. Supp. 231, 233 (E.D. Va. 1996). The plaintiff bears the burden to establish that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Court grants a Rule 12(b)(1) motion if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible

---

[1] Defendant Karl Leonard moves in the alternative to transfer venue pursuant to Rule 12(b)(3) but such transfer is unnecessary for the reasons set forth below.

2

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. DISCUSSION

The memorandum addresses each Defendant's Motion in turn.

#### A. <u>Wendy Hughes – Failure to State a Claim</u>

Defendant Hughes is the Clerk of Court for Chesterfield County Circuit Court. Plaintiff alleges six counts against her: (1) violation of Va. Code § 18.2-472 for tampering with Plaintiff's inmate records between November 2014 and June 2016; (2) perjury (no statutory basis provided); (3) violation of Va. Code § 18.2-472 for tampering with court records; (4) violation of Va. Code § 19.2-11 for serving orders of the Chesterfield County Court of Chancery on Plaintiff by mail instead of in person; (5) violation of 18 U.S.C. § 1959(a)(4) for threatening to commit a

3

crime of violence in aid of a criminal enterprise; and (6) violation of 18 U.S.C. §§ 241-42 for illegally incarcerating Plaintiff.

Defendant Hughes contends that Plaintiff has failed to state a claim against Defendant as to any of these counts. Defendant Hughes argues that all of the counts, with the exception of Count 5, allege violations of the criminal code affording no civil cause of action to the Plaintiff. Defendant Hughes submits that even if Count 5 is construed as a claim for a civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Plaintiff has not plausibly pleaded the elements of that claim. Defendant Hughes also submits that to the extent Count 4 is an attempt to plead a due process violation pursuant to 42 U.S.C. § 1983, the claim is time-barred by the two year statute of limitations because the acts alleged occurred on or before April 29, 2015 and the Complaint was not filed until June 12, 2017. Finally, Defendant argues that any claims against Defendant Hughes in her official capacity are barred by the Eleventh Amendment and quasi-judicial immunity. The memorandum addresses these claims in turn.

1. **No Civil Remedies**

In order for a private right of action to arise out of the Virginia Code, the civil remedy must appear on the face of the statute. *See Sch. Bd. of City of Norfolk v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989) ("[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise."). Virginia Code § 18.2-472 criminalizes false entries or destruction of records but does not provide a civil right of action. Count 3 (also § 18.2-472) and Count 4 (Va. Code § 19.2-11) also lack a civil remedy. To the extent that Plaintiff seeks to state a claim for perjury pursuant to Virginia

4

Code § 18.2-434, that statute does not confer a private right of action either.[2] Accordingly, all of these state law claims are dismissed.

The federal causes of action are similarly infirm. To the extent that Plaintiff seeks relief for his perjury claim pursuant to 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury") this Court has previously held that code provision does not provide a civil cause of action. *Allen v. City of Fredericksburg*, No. 3:09CV63, 2011 WL 782039, at *7 (E.D. Va. Feb. 22, 2011). Similarly, Count 6 fails because "Plaintiff [] may not personally institute criminal proceedings or seek civil redress under 18 U.S.C. § 241." *Iglesias v. Wal–Mart Stores East, L.P.*, No. 2:09CV8, 2009 WL 8760729, at *3 (E.D.Va. Oct. 26, 2009), *aff'd*, 375 F. App'x 364 (4th Cir. 2010); *see also Walsh v. Logothetis*, No. 3:13CV401-JAG, 2014 WL 229588, at *10 (E.D. Va. Jan. 21, 2014), *aff'd*, 578 F. App'x 227 (4th Cir. 2014). The only causes of action which arguably afford a civil remedy are Count 5, to the extent it alleges a civil conspiracy in violation of RICO, and Count 4, to the extent it sets forth a claim under 42 U.S.C. § 1983. Those counts nevertheless fail to state a claim for the reasons set forth below.

## 2. Civil RICO Claim

To state a claim for civil RICO, "[a] plaintiff must plead all elements of the alleged violation of section 1962 in order to state a civil claim under section 1964(c)." *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003).[3] "Thus, plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' Plaintiff must additionally

---

[2] Plaintiff does not reference Virginia Code § 8.01-221 which provides that "[a]ny person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, even though a penalty or forfeiture for such violation be thereby imposed . . . ." This section could arguably be read to confer a private right of action in criminal statutes but the Virginia Supreme Court has held that § 8.01-221 does not create a new right for damages for violation of some other criminal or penalty statute unless it is already provided for in a separate civil remedy. *See Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 361, 429 S.E.2d 31, 34 (1993).

[3] Title 18 U.S.C. § 1962(c) provides that "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

show that (5) he was injured in his business or property (6) by reason of the RICO violation." *Id.* (quoting *Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). Defendant Hughes contends that Plaintiff has failed to plausibly allege these elements.

Plaintiff alleges the RICO cause of action at ¶ 113(e) of the Complaint. Dkt. No. 1 at 92. Plaintiff asserts that the debt collection against him and his arrest for failing to comply with court orders were illegal and constitute racketeering offenses because they involve kidnapping, extortion, retaliation against a witness, and interference with commerce, among other things. Plaintiff alleges that Defendant Hughes and other agents of the courts of Virginia and Connecticut cooperated in order to fraudulently detain Plaintiff and collect against him.

Plaintiff's allegations fail to set forth a claim under RICO. While all factual allegations in the Complaint must be presumed true at this stage in the proceedings, the fraud allegations must nevertheless meet the heightened pleading requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure. *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989); *see also Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 226 F. Supp. 3d 589, 593 (E.D. Va. 2017). The Complaint does not identify a pattern of particular fraudulent acts perpetrated by Defendant Hughes (or any of the other Defendants). Rather, the Complaint broadly states that individuals "manipulated every step of racketeering . . . Mr. Clark wrote Grogan's orders in his office . . . then passed to Sheriff and Clerks for execution. There was no resistance." Dkt. No. 1 at 93. These claims do not satisfy the pleading requirements under Rule 9(b) and must therefore be dismissed.

### 3. Due Process Violation

Plaintiff alleges that Defendant Hughes "violated Due Process Clause She [sic] served Grogan order of 3/9/15, on 4/9/15 by mail not by personal . . . ." Dkt. No. 1 at 115. Defendant

contends that to the extent this allegation states a claim for relief under 42 U.S.C. § 1983, it is barred by the statute of limitations.

A plaintiff may bring a civil action for mistreatment by government officials pursuant to 42 U.S.C. § 1983 for a deprivation of constitutional rights. *See Woodford v. Ngo*, 548 U.S. 81, 113, 126 S. Ct. 2378, 2399, 165 L. Ed. 2d 368 (2006) ("The purpose of a 42 U.S.C. § 1983 action" is to "obtain redress for an alleged violation of federal law committed by state [] officials."). "Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, the courts borrow the personal injury statute of limitations from the relevant state." *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012), *aff'd*, 472 F. App'x 175 (4th Cir. 2012). In Virginia, the relevant statute of limitations is two years. *Amr v. Moore*, No. 3:09CV667, 2010 WL 3154576, at *5 (E.D. Va. June 21, 2010), *report and recommendation adopted*, No. 3:09CV667, 2010 WL 3154567 (E.D. Va. Aug. 9, 2010), *aff'd*, 411 F. App'x 584 (4th Cir. 2011).

The allegation in the Complaint concerns conduct which occurred more than two years prior to the filing of the Complaint on June 12, 2017. Accordingly, the claim is beyond the statute of limitations and is barred.

### 4. Immunity

Defendant Hughes contends that because she is the elected Clerk of Court for Chesterfield County, Virginia she is entitled to immunity pursuant to the Eleventh Amendment or under the doctrine of quasi-judicial immunity for actions taken in her official capacity.

"Under the Eleventh Amendment, states, state agencies, and state officials sued in their official capacities are immune from suit." *Manion v. N. Carolina Med. Bd.*, No. 16-2075, 2017 WL 2480609, at *2 (4th Cir. June 8, 2017). While "[a] state officer is generally not immune

under common law for failure to perform a required ministerial act[,]" *McCray v. State of Md.*, 456 F.2d 1, 4 (4th Cir. 1972), this Court has repeatedly held that a Clerk of Court is entitled to derivative absolute judicial immunity for acts undertaken under the Court's direction. *See, e.g., Battle v. Whitehurst*, 831 F. Supp. 522, 528 (E.D. Va. 1993), *aff'd*, 36 F.3d 1091 (4th Cir. 1994).

The allegations in the Complaint against Defendant Hughes concern actions she undertook at the direction of the Chancery Court including: recording court orders in the case management system, updating Plaintiff's records in the "inmate management system", and serving court orders on the Plaintiff. These actions were all undertaken pursuant to the orders entered in the Virginia courts and are appropriately dismissed at this stage. Plaintiff also alleges that Defendant Hughes participated in the racketeering enterprise with the other Defendants to fraudulently incarcerate Plaintiff but even if these claims relate to conduct outside of the scope of Defendant Hughes' official duty, such claims are inadequately pleaded for the reasons discussed above and also should be dismissed.

### B. Mary Craze – Failure to State a Claim

Defendant Craze was the acting Clerk of Court for Chesterfield County Circuit Court in 2014. She identifies herself in her Motion as a Deputy Clerk of Court. *See* Dkt. No. 13 at 1; Dkt. No. 1 ¶¶16, 43. Plaintiff alleges five counts against Defendant Craze, the same counts alleged against Defendant Hughes with the exception of the perjury claim.

Defendant Craze moves to dismiss for substantially the same reasons raised by Defendant Hughes. Defendant Craze does not offer the defense that claims against her are barred by the Eleventh Amendment. Because the claims against Defendant Craze are the same as those made against Defendant Hughes, the claims against Defendant Craze are dismissed for the reasons discussed above.

### C. Judy Worthington – Failure to State a Claim

Defendant Worthington is the former Clerk of Court for Chesterfield County Circuit Court. Plaintiff alleges eight counts against Defendant Worthington: (1) violation of Due Process Clause "by arranging hearing dated 6/8/12, at conspiracy and ex parte communication with Mr. Clark, without notice to Chien, and without to adapt a day when Chien was available"; (2) violation of Va. Code § 18.2-472 for tampering with Plaintiff's inmate records before April 2014; (3) perjury; (4) violation of Va. Code § 18.2-472 for perjuring court documents; (5) violation of Due Process Clause for an order of the Commissioner of the Court of Chancery dated February 18, 2014; (6) violation of Va. Code § 18.2-472 and Va. S. Ct. R. 1:1 for tampering with court records; (7) violation of 18 U.S.C. § 1959(a)(4); and (8) violation of 18 U.S.C. §§ 241-242 by illegally incarcerating Plaintiff with others.

Defendant Worthington moves to dismiss for failure to state a claim upon which relief can be granted. Specifically, Defendant Worthington submits that Counts 1 and 5, which assert denial of Due Process are time barred; the criminal counts 2, 3, 4, 6, and 8 do not provide a civil cause of action; Count 7 fails to state a claim for civil RICO; to the extent she has been sued in her official capacity such claims are barred by the Eleventh Amendment; and she is entitled to quasi-judicial immunity.

Just as with Defendants Hughes and Craze, the allegations against Defendant Worthington fail for the numerous reasons set forth in the preceding sections.

### D. Karl Leonard – Failure to State a Claim

Defendant Leonard is the Sheriff for Chesterfield County. Plaintiff alleges: (1) eight counts against Defendant Leonard for violations of 18 U.S.C. §§ 241-42 for conspiring to arrest and incarcerate Plaintiff; (2) two counts for violating the Due Process Clause for not serving a

court order on Plaintiff in person and failing to assign him an attorney; (3) one count for violating Va. Code § 18.2-472 for failing to input Plaintiff's information into the Virginia State Police records; (4) one count for violation of 42 U.S.C. § 1983 for violating Plaintiff's due process rights; (5) four counts for violating the Eighth Amendment by publicly embarrassing Plaintiff during his arrest and incarceration; (6) one count of violating 18 U.S.C. § 1959(a)(4) for joining in the racketeering acts with the other defendants.

Defendant Leonard contends that the case should be transferred for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3) or dismissed for failure to state a claim. With respect to venue, Defendant Leonard does not dispute that the Eastern District of Virginia is the appropriate district court but submits that, pursuant to Local Rule 3(C) of the Eastern District, the case must also be brought in the proper division as well. Pursuant to Local Rule 3(B)(4), Chesterfield County is encompassed by the Richmond Division of the Eastern District.[4]

With respect to the failure to state a claim, Defendant submits that Plaintiff's criminal claims cannot be brought in a civil action; Plaintiff fails to state a claim for civil RICO; Defendant Leonard is entitled to Eleventh Amendment immunity for acts in his official capacity; the suit alleges violations which are not attributable to Defendant Leonard or predate his election as the Sheriff of Chesterfield County on February 1, 2014; Plaintiff fails to state an Eighth Amendment claim; Plaintiff's due process claims are time barred; and Defendant Leonard is entitled to qualified immunity.

With the exception of the four counts alleging violations of the Eighth Amendment, all of the claims against Defendant Leonard are deficient in the same respects as those alleged against the preceding Defendants. Furthermore, Plaintiff has failed to state a claim for relief under the

---

[4] Defendant Leonard submits that the same venue issues likely apply to the other Defendants who largely live in Chesterfield County or other surrounding counties also in the Richmond Division. No other Defendant has argued for dismissal or transfer for lack of venue.

Eighth Amendment. Plaintiff specifically alleges that he suffered cruel and unusual punishment in violation of the Eighth Amendment because he was shackled and dressed in a prison uniform when transported from the prison to attend hearings at the office of William K. Grogan, the Commissioner of the Chancery Court of Virginia. Dkt. No. 1 at 17, ¶ 10. The office was on a public commercial street and Plaintiff alleges that he was walked on the sidewalk of the street and at other times through a fully occupied parking lot to access the building thereby causing him public disgrace, shame, and embarrassment. *Id.*

"[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016) (internal quotations and citations omitted). In the context of transporting a prisoner to a court appearance, this Court has held that placing a prisoner in a three-point restraint and denying him bathroom privileges for a two-hour period, during which the prisoner twice urinated on himself before appearing in Court, did not constitute an Eighth Amendment violation. *Davis v. Watson*, No. 2:15CV146, 2015 WL 13049846, at *2 (E.D. Va. Nov. 17, 2015), *aff'd*, 650 F. App'x 842 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 578, 196 L. Ed. 2d 454 (2016). The Court observed that the allegations of discomfort and humiliation in *Davis* did not rise to the level of a serious or significant emotional injury. *Id.*

If being forced to travel in restraints and appear in Court in a soiled jumpsuit is insufficiently humiliating to give rise to an Eighth Amendment claim, it reasonably follows that being forced to travel in restraints without the other factors present in *Davis* is similarly insufficient to state a claim for relief under the Eighth Amendment. *See id.*; *see also Brown v. Pepe*, 42 F. Supp. 3d 310, 317 (D. Mass. 2014) (forcing Defendant to participate in a "perp

walk" before the media in full restraints did not constitute a violation of the Eighth Amendment), *aff'd* (June 19, 2015). Furthermore, Plaintiff's alleged injuries of public disgrace, shame, and embarrassment are insufficient on their own to rise to the level of a serious or significant emotional injury cognizable under the Eighth Amendment. *See Davis*, 2015 WL 13049846, at *2; Dkt. No. 1 at 17. Accordingly, this claim is dismissed along with the other claims against Defendant Leonard.

### E. Chesterfield County – Failure to State a Claim

Defendant Chesterfield County is a political subdivision of the Commonwealth of Virginia. Plaintiff alleges five counts against Defendant Chesterfield County: (1) liability under 42 U.S.C. § 1983 for directly using taxpayer money to engage in racketeering enterprises; (2) gross negligence for concealing Plaintiff's status as an inmate; (3) liability under 42 U.S.C. § 1983 for abusing the authority of the Circuit Court to detain Plaintiff; (4) abusing the authority of the Circuit Court by allowing the ghost-writing of orders of the Commissioner in Chancery to incarcerate Plaintiff; (5) gross negligence for the training and supervising of the employees elsewhere named as defendants in this action.

Defendant Chesterfield County contends that Plaintiff has failed to state a claim for relief under § 1983; the County is immune from state law gross negligence claims; and the only remaining count (4) fails to state a claim upon which relief can be granted. These issues are addressed in turn.

#### 1. 42 U.S.C. § 1983 Claims – Counts 1 and 3

"A municipality or other local government may be liable under [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359, 179

L.Ed.2d 417 (2011) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). But this liability only extends to the acts of the local government and not the actions of employees under a theory of *respondeat superior*. *Id.* Thus "Plaintiff must show that the City deprived him of a constitutional right 'through an official policy or custom.' " *Moody v. City of Newport News, Va.*, 93 F. Supp. 3d 516, 529 (E.D. Va. 2015) (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir.2003)).

The § 1983 claims are dismissed for three reasons. First, the Complaint does not point to a specific policy or custom of the municipality which deprived Plaintiff of his constitutional rights or acts undertaken by officers pursuant to a specific policy or custom. Second, the purported employees of the County identified by the Plaintiff: clerks of court; the sheriff; and judicial officers; are not employees of the County but rather "constitutional officers" not subject to the authority of the local government. *See Carraway v. Hill*, 265 Va. 20, 24, 574 S.E.2d 274, 276 (2003) ("constitutional officer is an independent public official whose authority is derived from the Constitution of Virginia even though the duties of the office may be prescribed by statute."); *see also Hilton v. Amburgey*, 198 Va. 727, 729, 96 S.E.2d 151, 153 (1957) (holding that sheriffs, clerks of court, treasurers, commonwealth's attorneys, and commissioners of revenue are constitutional officers); *Strickler v. Waters*, 989 F.2d 1375, 1390 (4th Cir. 1993) (finding that a municipality is not generally liable for the actions of its sheriff who is a constitutional officer); *Lloyd v. Morgan*, No. 4:14CV107, 2015 WL 1288346, at *12 (E.D. Va. Mar. 20, 2015) ("Like the sheriff, the clerk of court is a constitutional officer."). The county judges are also constitutional officers. *Foster v. Jones*, 79 Va. 642, 645 (1884) ("Now, it will be observed that the office of county judge is fixed by the constitution, and the term of office is clearly defined in the same instrument. It is, therefore, a constitutional office, and the county

judge is a constitutional officer."). Third, the claims against Defendant Commonwealth were not brought within the appropriate two-year statute of limitations for these actions.

Accordingly, the claims under 42 U.S.C. § 1983 against Defendant County are dismissed.

### 2. Gross Negligence – Counts 2 and 5

Defendant County contends that the gross negligence claims in Counts 2 and 5 must be dismissed because sovereign immunity precludes gross negligence claims. Dkt. No. 28 at 7. "Counties, as political subdivisions of the Commonwealth, enjoy the same tort immunity as does the sovereign." *Seabolt v. Cty. of Albemarle*, 283 Va. 717, 719, 724 S.E.2d 715, 716 (2012). Defendant County is unquestionably a political subdivision of the Commonwealth and has not explicitly waived its immunity to suit for the causes of action alleged in the Complaint. "Thus, even accepting as true the allegations of [Defendant's] gross negligence, the Court finds that [these] claims under Virginia law are barred by sovereign immunity." *B.M.H. by C.B. v. Sch. Bd. of City of Chesapeake, Va.*, 833 F. Supp. 560, 573 (E.D. Va. 1993).

### 3. Abuse of Authority – Count 4

In Count 4 Plaintiff alleges that a private attorney "ghost-wrote" orders on behalf of the Commissioner of Chancery in order to imprison Plaintiff. *See* Dkt. No. 1 at 123, ¶ 159(d). Plaintiff offers no legal basis for asserting liability against the Defendant County for these acts. While the *pro se* pleading is liberally construed, there does not appear to be any construable claim against the Defendant County in Count 4 because even if an individual did write orders on behalf of the Commissioner, there is no allegation that the Defendant County knew of the acts or authorized them. On the contrary, for the reasons discussed above, the Defendant County does not exert control over the judicial officers in a manner which would confer liability in this case. Accordingly, Count 4 is dismissed.

## F. Commonwealth of Virginia, Mark Herring, Hon. Glen Huff, Hon. Donald Lemons, Hon. Frederick Rockwell, and Hon. Allan Sharrett – Lack of Subject Matter Jurisdiction and Failure to State a Claim

The remaining Defendants: the Commonwealth of Virginia; the Attorney General of Virginia; and various Virginia state-court judges have joined in filing a single motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendants provide three grounds upon which the Court should dismiss the Complaint for lack of subject matter jurisdiction. First, Plaintiff's action against the Commonwealth of Virginia is barred by the Eleventh Amendment. Second, Defendants contend that this case is governed by the *Rooker–Feldman* doctrine which prohibits federal court review of state-court decisions. Third, Defendants contend that Plaintiff's suit is barred by the doctrine of res judicata.

The *Rooker–Feldman* and res judicata arguments mirror those raised by the defendants in *Chien v. William K. Grogan, et al.*, 1:17-cv-358. In short, Plaintiff has repeatedly sought to relitigate the decisions of the Chancery Court and Circuit Court of Virginia through lawsuits in the federal courts of Virginia and Connecticut. These collateral challenges are precluded by the *Rooker–Feldman* doctrine. *See, e.g., Willner v. Frey*, 243 F. App'x 744, 745–46 (4th Cir. 2007) (unpublished). In the present Complaint, Plaintiff seeks to hold these Defendants liable for the decisions rendered by orders of the Virginia state court or to overturn those earlier decisions. *See, e.g.*, Dkt. No. 1 at 117, ¶ 155(c) (alleging that Defendant Huff "intended to mishandle that appeal by avoiding making trial" and requesting that the court order "the [Virginia] trial court to make trial of Chien's evidence"). This Court does not have jurisdiction to provide the relief sought against these Defendants. The appropriate venue for such claims is the state courts of Virginia of which the Plaintiff has already thoroughly availed himself. Accordingly, the Complaint is dismissed as to these Defendants for lack of subject matter jurisdiction.

The remaining Defendants also move to dismiss for failure to state a claim. Specifically, they contend that Judge Rockwell, Chief Justice Lemons, Chief Judge Huff, and Judge Sharrett are entitled to absolute judicial immunity under federal and state law. Furthermore, all of the remaining Defendants are entitled to quasi-judicial immunity. Because the Court lacks subject matter jurisdiction over the claims it need not consider whether Plaintiff has failed to state a claim upon which relief can be granted against these Defendants.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motions to Dismiss. (Dkt. Nos. 9, 12, 15, 19, 23, 27). The Complaint is dismissed **WITH PREJUDICE**.

An appropriate order shall issue.

August 24, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge