IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDREW CHIEN, | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) Civil Action No. 1:17-cv-677<br>) Hon. Liam O'Grady<br>) Hon. Theresa Buchanan |
| COMMONWEALTH OF VIRGINIA, *et al.*, | )<br>) |
| *Defendants.* | )<br>)<br>) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' various Motions to Dismiss (Dkt. Nos. 75, 77, 79, 83, 86, and 92), For the reasons below and for good cause shown, the Motions to Dismiss are **GRANTED**.

### I. BACKGROUND

Plaintiff, *pro se*, filed the initial complaint in this matter on June 12, 2017. Dkt. No. 1. The background facts of this case as set forth in Plaintiff's 125-page complaint are materially indistinguishable from those alleged in a related case *Chien v. Grogan*, 2017 WL 3381978 (E.D. Va. Aug. 3, 2017), *aff'd*, 2018 WL 746523 (4th Cir. Feb. 7, 2018) (unpublished *per curiam* opinion). The Court's Memorandum Opinion dismissing that case provides a recitation of the underlying facts of this matter. *See id.*

On August 28, 2017, the Court granted all pending motions to dismiss the case, having overlooked that it earlier granted an extension of time for Plaintiff to respond to the pending motions. Dkt. Nos. 47 and 48. The Court rescinded the order on September 12, 2017 and also granted Plaintiff leave to amend his complaint in light of the reasons for dismissal identified in

the Court's mistaken order. Due to confusion over what constitutes amendment of complaint, the amended complaint in this case was not filed until October 19, 2017. Dkt. 73. The instant motions seek dismissal of that October 19, 2017 amended complaint.

Despite having had the benefit of this Court's dismissal in the *Grogan* matter and the mistaken, but explanative, dismissal of the original complaint in this matter, the amended complaint warrants dismissal for many of the same reasons identified in the Court's August 28, 2017 order. Defendants have moved to dismiss the complaint on virtually the same grounds. The instant motions are fully briefed and the Court has dispensed with oral arguments.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits the defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The court must dismiss the action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Defendants may, as in this case, attack "the existence of subject matter jurisdiction in fact, quite apart from any pleading" because even with sufficient pleading, the district court could not have jurisdiction over the claim. *White v. CMA Const. Co. Inc.*, F. Supp. 231, 233 (E.D. Va. 1996). The plaintiff bears the burden to establish that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Court grants a Rule 12(b)(1) motion if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant

to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. DISCUSSION

#### A. Wendy Hughes – Failure to State a Claim

During the relevant time period, Ms. Hughes was the Clerk of Court for Chesterfield County Circuit Court. Plaintiff alleges five claims against her: 1) violating Va. Code § 18.2-472; 2) perjury; 3) aiding false imprisonment; 4) violation of the Due Process clause, and 5) violation of 18 U.S.C. § 1959(a)(4). Plaintiff has failed to state a claim against Ms. Hughes on these counts.

Violation of Va. Code § 18.2-472 has no civil remedy. In order for a private right of action to arise out of the Virginia Code, the civil remedy must appear on the face of the statute. *See Sch. Bd. of City of Norfolk v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989)

("[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise"). Va. Code § 18.2-472 criminalizes false entries or destruction of records but does not provide a civil right of action. Accordingly, the claims here, predicated on state criminal statutes that afford no civil remedy, must be dismissed for failing to state a claim.

As to aiding false imprisonment, the elements of the tort of false imprisonment are plainly not supported by the facts alleged in the amended complaint. False imprisonment is the "direct restraint by one person of the physical liberty of another without adequate legal justification" and consists of restraining a person's freedom of movement by force of fear. *Jordan v. Shands*, 255 Va. 492, 497 (1998) (quoting *W.T. Grant Co. v. Owens*, 149 Va. 906, 921 (1928)). There are simply no facts sufficiently pleaded in the amended complaint to plausibly believe that Plaintiff was incarcerated without adequate legal justification.

As to the claimed Due Process violation, the cause of action must originate under 42 U.S.C. § 1983 and is time-barred. In Virginia, the relevant statute of limitations is two years. *Amr v. Moore*, No. 3:09CV667, 2010 WL 3154576, at *5 (E.D. Va. June 21, 2010), *report and recommendation adopted*, No. 3:09CV667, 2010 WL 3154567 (E.D. Va. Aug. 9, 2010), *aff'd*, 411 F. App'x 584 (4th Cir. 2011). The allegation in the amended complaint concerns conduct which occurred more than two years prior to the filing of the initial complaint on June 12, 2017. Plaintiff's assertion that this claim "has no time bar because this is part of the conspiracy to detain Chien, and it also is relative to Chien's property damage" is meritless.

The Civil RICO claim is similarly infirm. To state a claim for civil RICO, "[a] plaintiff must plead all elements of the alleged violation of section 1962 in order to state a civil claim

under section 1964(c)." *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003).[1] "Thus, plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' Plaintiff must additionally show that (5) he was injured in his business or property (6) by reason of the RICO violation." *Id.* (quoting *Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)).

The amended complaint asserts that the debt collection against him and his arrest for failing to comply with court orders were illegal and constitute racketeering offenses because they involve, *inter alia*, kidnapping, extortion, retaliation against a witness, and interference with commerce. At the heart of the complaint, Plaintiff alleges that Ms. Hughes and others conspired to fraudulently detain Plaintiff and collect against him.

Plaintiff's allegations fail to set forth a claim under RICO. While all factual allegations in the amended complaint must be presumed true at this stage in the proceedings, the fraud allegations must nevertheless meet the heightened pleading requirements set forth in FED. R. CIV. P. Rule 9(b). *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989); *see also Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 226 F. Supp. 3d 589, 593 (E.D. Va. 2017). The amended complaint does not identify a pattern of particular fraudulent acts perpetrated by Ms. Hughes (or any of the other Defendants) and does not satisfy the pleading requirements under Rule 9(b). Accordingly, Plaintiff's RICO claim must be dismissed.

Even if Plaintiff had stated a claim against Ms. Hughes upon which relief could be granted, Ms. Hughes is entitled to absolute quasi-judicial immunity for actions taken in her official capacity and is entitled to Eleventh Amendment immunity in her official capacity.

---

[1] Title 18 U.S.C. § 1962(c) provides that "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

"Under the Eleventh Amendment, states, state agencies, and state officials sued in their official capacities are immune from suit." *Manion v. N. Carolina Med. Bd.*, No. 16-2075, 2017 WL 2480609, at *2 (4th Cir. June 8, 2017). While "[a] state officer is generally not immune under common law for failure to perform a required ministerial act[,]" *McCray v. State of Md.*, 456 F.2d 1, 4 (4th Cir. 1972), this Court has repeatedly held that a Clerk of Court is entitled to derivative absolute judicial immunity for acts undertaken under the Court's direction. *See, e.g., Battle v. Whitehurst*, 831 F. Supp. 522, 528 (E.D. Va. 1993), *aff'd*, 36 F.3d 1091 (4th Cir. 1994).

The allegations in the amended complaint against Ms. Hughes concern actions she undertook at the direction of the Chancery Court pursuant to the orders entered in the Virginia courts.

### B. Mary Craze – Failure to State a Claim

Ms. Craze was the acting Clerk of Court for Chesterfield County Circuit Court in 2014. She identifies herself in her Motion as a Deputy Clerk of Court. Dkt. No. 78 at 1. Plaintiff's claims against Ms. Craze include 1) violation of Va. Code § 18.2-472; 2) perjury; 3) conspiring to tortiously impersonate a judge; 4) aiding false imprisonment; and 5) violation of 18 U.S.C. § 1959(a)(4). Ms. Craze moves to dismiss for substantially the same reasons raised by Ms Hughes. To the extent that the claims against Ms. Craze are the same as those made against Ms. Hughes, the claims against Ms. Craze are dismissed for the reasons discussed above and Ms. Craze is entitled to the same immunities as Ms. Hughes. Conspiring to tortiously impersonate a judge is not a cognizable tort. Plaintiff appears to be alleging a violation Va. Code § 18.2-174, which prohibits impersonation of, *inter alia*, a judge. To that extent, Plaintiff's claim is barred for the same reasons his claims under Va. Code § 18.2-174 are barred – the criminal statute does not create a civil cause of action.

## C. Judy Worthington – Failure to State a Claim

Ms. Worthington is the former Clerk of Court for Chesterfield County Circuit Court. Plaintiff alleges eight counts against her: 1) violation of Due Process Clause "by arranging hearing dated 6/8/12, at conspiracy and ex parte communication with Mr. Clark or other for Freer, without notice to Chien, and without to adapt a day when Chien was available"; 2) violation of Va. Code § 18.2-472 for tampering with Plaintiff's inmate records before April 2014; 3) perjury; 4) violation of Va. Code § 18.2-472 for perjuring court documents; 5) violation of Due Process Clause for an order of the Commissioner of the Court of Chancery dated February 18, 2014; 6) violation of Va. Code § 18.2-472 and Va. S. Ct. R. 1:1 for tampering with court records; 7) violation of 18 U.S.C. § 1959(a)(4); and 8) violation of 18 U.S.C. § 1962(d) for fraudulently concealing communications.

Ms. Worthington moves to dismiss for failure to state a claim upon which relief can be granted. Specifically, Ms. Worthington submits that claims 1 and 5, which assert denial of Due Process, are time barred; claims 2, 3, 4, and 6, predicated on state criminal statutes, do not provide a civil cause of action; claims 7 and 8 fail to state a claim for civil RICO; to the extent she has been sued in her official capacity such claims are barred by the Eleventh Amendment; and she is entitled to quasi-judicial immunity.

As these claims mirror claims already substantively discussed and dismissed as to Ms. Hughes and Ms. Craze, the allegations against Ms. Worthington fail to state a claim and Ms. Worthington is entitled to the same immunities as Ms. Hughes and Ms. Craze.

### D. Commonwealth of Virginia, Mark Herring, Hon. Glen Huff, Hon. Donald Lemons, Hon. Frederick Rockwell, and Hon. Allan Sharrett – Lack of Subject Matter Jurisdiction and Failure to State a Claim

The Commonwealth of Virginia; the Attorney General of Virginia; and various Virginia state court judges have joined in filing a single motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendants provide three grounds upon which the Court should dismiss the amended complaint for lack of subject matter jurisdiction. First, Plaintiff's action against the Commonwealth of Virginia is barred by the Eleventh Amendment. Second, Defendants contend that this case is governed by the *Rooker–Feldman* doctrine which prohibits federal court review of state-court decisions. Third, Defendants contend that Plaintiff's suit is barred by the doctrine of *res judicata*.

The *Rooker–Feldman* and *res judicata* arguments mirror those raised by the defendants in *Chien v. Grogan*, 2017 WL 3381978 (E.D. Va. Aug. 3, 2017), and upon which the Court dismissed that matter. In short, Plaintiff has repeatedly sought to re-litigate the decisions of Virginia courts through lawsuits in the federal courts of Virginia and Connecticut. These collateral challenges are precluded by the *Rooker–Feldman* doctrine. *See, e.g.*, *Willner v. Frey*, 243 F. App'x 744, 745–46 (4th Cir. 2007) (unpublished). In the amended complaint Plaintiff seeks to hold these Defendants liable for the decisions rendered by orders of Virginia state courts or to overturn those earlier decisions. *See, e.g.*, Dkt. No. 73 at 32, ¶ 155(c) (alleging that Chief Judge Huff "intended to mishandle that appeal by avoiding making trial" and requesting that the court order "the [Virginia] trial court to make trial of Chien's evidence"). This Court does not have jurisdiction to provide the relief sought against these Defendants. The appropriate venue for such claims is the state courts of Virginia, of which Plaintiff has already thoroughly and

unsuccessfully availed himself. Accordingly, the amended complaint is dismissed as to these Defendants for lack of subject matter jurisdiction.

While Plaintiff contends in his responsive pleading to this motion that the *Rooker-Feldman* doctrine is inapplicable, he rests that bare assertion on the contention that these Defendants engaged in fraud and the doctrine is inapplicable under such circumstances. Setting aside that the response fails to address the *res judicata* grounds for dismissal, Plaintiff, as noted above, has failed to meet the heightened pleading standard for alleging fraud. Even liberally construing the claimed violations of 42 U.S.C. § 1983 by these Defendants as being beyond the limitations of the *Rooker-Feldman* doctrine, the claims are, as noted above, time-barred.

These Defendants also move to dismiss for failure to state a claim, arguing that Judge Rockwell, Chief Justice Lemons, Chief Judge Huff, and Judge Sharrett are entitled to absolute judicial immunity under federal and state law or are entitled to qualified immunity. Because the Court lacks subject matter jurisdiction over the claims it need not consider whether Plaintiff has failed to state a claim upon which relief can be granted against these Defendants.

### E. Sheriffs Dennis Proffitt and Karl Leonard – Failure to State a Claim

Dennis Proffitt and Karl Leonard have both held the office of Sheriff for Chesterfield County during times relevant to Plaintiff's claims. Plaintiff alleges the following claims against Sheriff Proffitt: 1) false arrest in violation of the Fourth Amendment and 18 U.S.C. §§ 241-42; 2) false imprisonment in violation of 42 U.S.C. § 1983; 3) conspiracy to violate 42 U.S.C. § 1983 by violating Va. Code § 18.2-472; 4) violation of Plaintiff's Sixth Amendment right to counsel; 5) violation of the Fifth and Fourteenth Amendments for serving a capias warrant and not serving another document; 6) violation of Plaintiff's Eighth Amendment rights for placing Plaintiff in solitary confinement for 72 hours; 7) violation of Plaintiff's Eighth and Fourteenth

Amendment rights for delivering Plaintiff to a civil proceeding in prisoner restraints; 8) violation of 18 U.S.C. § 1959(a)(4) for joining in the racketeering acts with the other Defendants; and 9) violation of 18 U.S.C. § 1962(d) for fraudulent concealment of *ex parte* communications to facilitate Plaintiff's arrest and imprisonment. Plaintiff alleges the following claims against Sheriff Leonard: 1) false imprisonment in violation of 42 U.S.C. § 1983 and 18 U.S.C. §§ 241-42; 2) violation of Plaintiff's Sixth Amendment right to counsel; 3) conspiracy to violate and intentionally and tortiously violating Va. Code § 18.2-472; 4) violation of Plaintiff's Due Process rights in violation of 42 U.S.C. § 1983; 5) violation of Plaintiff's Eighth Amendment rights for delivering Plaintiff to two offices for meetings in prisoner restraints; and 6) violation of 18 U.S.C. § 1959(a)(4) for joining in the racketeering acts with the other Defendants.

Sheriffs Proffitt and Leonard have moved to dismiss the case against them for failing to state a claim. They argue that Plaintiff's false imprisonment claim is unsupported by facts and time-barred; that Plaintiff's § 1983 claims are unsupported by facts pertaining to them specifically and are time-barred; that they are entitled to Eleventh Amendment immunity for acts in their official capacity; Plaintiff fails to state an Eighth Amendment claim; Plaintiff fails to state a Due Process violation claim; claims brought under criminal statutes fail to state a cognizable civil action; both Sheriffs are entitled to qualified immunity; and Plaintiff has failed to state a claim under 18 U.S.C. § 1959(a)(4).

With the exception of the claims alleging violations of the Eighth Amendment, all of the claims against the Sheriffs are deficient in the same respects as those alleged against the preceding Defendants and are dismissed for that reason. The Court also finds that the Sheriffs are entitled to the same immunities as the other Defendants. As to the Eighth Amendment claim, Plaintiff has failed to state a claim for relief. Plaintiff alleges that he suffered cruel and unusual

punishment in violation of the Eighth Amendment. "[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016) (internal quotations and citations omitted). In the context of transporting a prisoner to a court appearance, this Court has held that placing a prisoner in a three-point restraint and denying him bathroom privileges for a two-hour period, during which the prisoner twice urinated on himself before appearing in Court, did not constitute an Eighth Amendment violation. *Davis v. Watson*, No. 2:15CV146, 2015 WL 13049846, at *2 (E.D. Va. Nov. 17, 2015), *aff'd*, 650 F. App'x 842 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 578, 196 L. Ed. 2d 454 (2016). The Court observed that the allegations of discomfort and humiliation in *Davis* did not rise to the level of a serious or significant emotional injury. *Id.*

If being forced to travel in restraints and appear in Court in a soiled jumpsuit is insufficiently humiliating to give rise to an Eighth Amendment claim, it reasonably follows that being forced to travel in restraints without the other factors present in *Davis* is similarly insufficient to state a claim for relief under the Eighth Amendment. *See id.*; *see also Brown v. Pepe*, 42 F. Supp. 3d 310, 317 (D. Mass. 2014) (forcing defendant to participate in a "perp walk" before the media in full restraints did not constitute a violation of the Eighth Amendment). Furthermore, Plaintiff's alleged injuries of public disgrace, shame, and embarrassment are insufficient on their own to rise to the level of a serious or significant emotional injury cognizable under the Eighth Amendment. *See Davis*, 2015 WL 13049846, at *2. Accordingly, Plaintiff has failed to state an Eighth Amendment claim.

Plaintiff's combined response to the motions to dismiss filed by Ms. Hughes, Ms. Craze, Ms. Worthington, Sheriff Proffitt, and Sheriff Leonard fails to adequately address these

Defendants' grounds for dismissal, claiming generally that they are without merit and containing an extensive recitation of facts not in the amended complaint. Dkt. 95. Plaintiff claims that these Defendants are not entitled to immunity because they are low-level employees "being sued individually" for their work in an official capacity. Plaintiff also argues that these Defendants are not entitled to quasi-judicial immunity from a claim of false imprisonment because false imprisonment is an intentional tort. As to the Sheriff Defendants, Plaintiff contends that he need not show that either Sheriff personally violated his civil rights, only that his civil rights were violated while in the custody of the Sheriff's agents. Finally, he argues that a five-year statute of limitations applies to § 1983 cases in Virginia, claiming that he is alleging property damage not injury to self. For the reasons discussed above, Plaintiff's arguments on these issues are simply not supported by controlling law and must fail.

### F. Chesterfield County – Failure to State a Claim

Plaintiff presents one claim against Chesterfield County, a political subdivision of the Commonwealth of Virginia: that Chesterfield County was "gross-negligence of the corruption of the sheriff and clerks of Chesterfield Circuit Court, conspired with private lawyers Grogan and Mr. Clark to deprive Chien liberty for extortion, abduction, and kidnapping, '42USC §1983'. Although Chesterfield County didn't directly manage the operation of the court, but this case kept over three years, and its major officers such as Police-chief Dupuis, Board, of Supervisors, and Treasure Cordle [A370-387, Appendix (III), Doc. #34], Mayor and others, received Chien's complaint letters, but no action. Also, Attorney of the County didn't respond to order of Judge Rockwell regarding Chien's Writ of Habeas Corpus. This will be administrative mistake without immunity." Defendant Chesterfield County contends that Plaintiff has failed to state a claim for relief under § 1983.

Under 42 U.S.C. § 1983, "a municipality or other local government may be liable ... if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). But this liability only extends to the acts of the local government and not the actions of employees under a theory of *respondeat superior*. *Id.* Thus "Plaintiff must show that the City deprived him of a constitutional right 'through an official policy or custom.'" *Moody v. City of Newport News, Va.*, 93 F. Supp. 3d 516, 529 (E.D. Va. 2015) (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir.2003)).

The § 1983 claims are dismissed for three reasons. First, the Complaint does not point to a specific policy or custom of the municipality which deprived Plaintiff of his constitutional rights or acts undertaken by officers pursuant to a specific policy or custom. Second, the purported employees of the County identified by Plaintiff – clerks of court, sheriffs, and judicial officers – are not employees of the County but rather "constitutional officers" not subject to the authority of the local government. *See Carraway v. Hill*, 265 Va. 20, 24, 574 S.E.2d 274, 276 (2003) ("constitutional officer is an independent public official whose authority is derived from the Constitution of Virginia even though the duties of the office may be prescribed by statute"); *see also Hilton v. Amburgey*, 198 Va. 727, 729, 96 S.E.2d 151, 153 (1957) (holding that sheriffs, clerks of court, treasurers, commonwealth's attorneys, and commissioners of revenue are constitutional officers); *Strickler v. Waters*, 989 F.2d 1375, 1390 (4th Cir. 1993) (finding that a municipality is not generally liable for the actions of its sheriff who is a constitutional officer); *Lloyd v. Morgan*, No. 4:14CV107, 2015 WL 1288346, at *12 (E.D. Va. Mar. 20, 2015) ("Like the sheriff, the clerk of court is a constitutional officer"). The county judges are also

constitutional officers. *Foster v. Jones*, 79 Va. 642, 645 (1884) ("Now, it will be observed that the office of county judge is fixed by the constitution, and the term of office is clearly defined in the same instrument. It is, therefore, a constitutional office, and the county judge is a constitutional officer"). Third, the claims against Chesterfield County were not brought within the appropriate two-year statute of limitations.

Insofar as the single claim states a cause of action for gross negligence,[2] a gross negligence claim against a political subdivision of the Commonwealth, must be dismissed because sovereign immunity precludes such claims. *Seabolt v. Cty. of Albemarle*, 283 Va. 717, 719, 724 S.E.2d 715, 716 (2012) ("Counties, as political subdivisions of the Commonwealth, enjoy the same tort immunity as does the sovereign"). Chesterfield County is unquestionably a political subdivision of the Commonwealth and has not explicitly waived its immunity to suit for the causes of action alleged in the Complaint. "Thus, even accepting as true the allegations of [Defendant's] gross negligence, the Court finds that [these] claims under Virginia law are barred by sovereign immunity." *B.M.H. by C.B. v. Sch. Bd. of City of Chesapeake, Va.*, 833 F. Supp. 560, 573 (E.D. Va. 1993).

## IV. Conclusion

For these reasons and for good cause shown, the pending Motions to Dismiss are **GRANTED**. An corresponding order shall issue.

March 5, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge

---

[2] Mr. Chien's responsive pleading to Chesterfield County's instant motion appears to clarify that his claim is brought under § 1983. Dkt. 96. However, out of an abundance of caution, the Court will address the claim as drafted in the operative complaint, liberally construed to include gross negligence.

14