IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDREW CHIEN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action No. 1:17-cv-677 |
| v. ) | Hon. Liam O'Grady |
| ) | Hon. Theresa Buchanan |
| COMMONWEALTH OF VIRGINIA, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

This matter comes before the Court on Plaintiff's "Motion for Altering or Amending Judgment [Doc.#125 & #126]" (Dkt. 132) and Plaintiff's "Motion of Delaying to Appeal Until 30 Days After Order of Motion for Altering or Amending Judgment [Doc.#125 & #126]" (Dkt. 134).

The first motion, brought under Fed. R. Civ. P. 60, is **DENIED**. As Plaintiff notes, under Rule 60(b), a party may move to alter a final judgment for 1) mistake, inadvertence, surprise, or excusable neglect, 2) newly discovered evidence, 3) fraud, 4) the judgment is void, 5) the judgment has been satisfied, or 6) any other reason. The moving party must also preliminarily show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Plaintiff asserts that "[a]ny judgment having subject error is void due to Rule 60(b)(4)." Plaintiff alleges that the Court's Order dismissing the case (Dkt. 126) violated his constitutional rights; was negligently, wantonly, and recklessly issued; was affected by "partisan interests, public clamor, or fear of

criticism"; and improperly applied the *Rooker-Feldman* doctrine and *res judicata*. To these issues, Plaintiff adds that the Court improperly analyzed statutes of limitations and goes on to re-argue the bulk of his responses to the motions to dismiss the Order resolved. Plaintiff's motion was timely filed, but it lacks merit. Most of Plaintiff's points are meritless on their face and those of substance are issues for appeal, as they simply re-raise arguments Plaintiff made in his briefs responsive to the motions to dismiss. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) ("[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for appeal.") (citing *Dowell*, 993 F.2d at 48).

Plaintiff's second motion asking for this Court to grant him an additional 30 days to file his appeal under the Federal Rules of Appellate Procedure is also **DENIED**. Fed. R. App. P. 4(a)(5) permits a district court to enlarge a party's time to file an appeal by up to 30 days upon a showing of excusable neglect or good cause. Plaintiff argues that the Court should grant his motion because of the complexity of the case and time necessary for the Court's reconsideration of Plaintiff's 60(b) motion. As a technical matter, the time necessary for the Court's reconsideration is not good cause for an additional 30 days, as the time period between the filing of a 60(b) motion and the Court's decision on it is tolled for purposes of Fed. R. App. P. 4. *See* Fed. R. App. P. 4(a)(4)(A). Plaintiff has not shown that the alleged complexity of the case, consisting of a multitude of issues already litigated through appeal to the Fourth Circuit in other cases (*see* 1:13-cv-993 and 1:17-cv-358), is good cause for granting an additional 30 days to appeal, particularly in light of the fact that Plaintiff's 60(b) motion already raises arguments appropriate for an appeal.

Accordingly, the Court finds that Plaintiff has made an insufficient showing for the Court to grant either his Fed. R. Civ. P. 60(b) motion (Dkt. 132) or his Fed. R. App. P. 4(a)(5) motion (Dkt. 134). Both are **DENIED**.

It is **SO ORDERED**.

April 5, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge